UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE # 07-20129 -CIV-HUCK/SIMONTON

CARLOS B. BRANDT et al,
Plaintiffs,

vs.

MAGNIFICENT QUALITY FLORALS CORP.,
MOISES SANCHEZ
Defendants.
_____/

## PLAINTIFFS' RESPONSES IN OPPOSITION TO DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO DISMISS AMENDED COMPLAINT

Pursuant to the Federal Rules of Civil Procedure and local rules Plaintiffs hereby respond (the "Response") to the above-described motions and state:

1. On 7/20/07 the defense e-filed the above-described Motion for More Definite Statement.

2. On 7/20/07 the defense faxed to the undersigned firm a Motion to Dismiss Amended Complaint. To the best of the undersigned's knowledge, such Motion to Dismiss has not been e-filed. Nevertheless, this Response is intended also to address the Motion to Dismiss in the event Defendants intend to pursue dismissal.

## MEMORANDUM OF LAW

First, should Defendants e-file the Motion to Dismiss in its current form, such violates the rules in that it contains no Memorandum of Law; such should be disregarded in that it fails to cite any law at all.

Second the Motion for More Definite Statement ought to be treated as a nullity in that the defense simultaneously filed an Answer noted at DE #55. Since the defense

has chosen to answer, it ought not now attempt to compel Plaintiffs to file an amended Complaint.

Also, DE #4 demonstrates the Amended Complaint was filed on 1/26/07, and Defendants are far beyond the period to timely answer, but nevertheless seek to require an amended complaint at this late stage in the litigation.

In *Carter v. Alk Holdings, Inc*., 2007 U.S. Dist. LEXIS 40700, *3-4 (N.D. Ga. 2007), a motion for a more definite statement is not designed to resolve an "apparent ambiguity" and claims should not be dismissed unless it is "beyond doubt" Plaintiff cannot prove facts entitling relief.

Paragraph 6 of Defendants' Motion for More Definite Statement complains of an apparent ambiguity in the request for damages—such is not a grounds per *Carter*. However, to resolve any allegation of contradiction, perhaps the FLSA could permit a greater amount than Plaintiffs specifically requested.  Also, as to Defendants other contentions in the Motion for More Definite Statement, as stated, the defense has already untimely answered the Amended Complaint dispelling argument Defendants are unable to answer the Complaint.

Should the defense e-file the said Motion to Dismiss, such should be denied as the defense has no grounds to argue that it is "beyond doubt" Plaintiffs cannot prove facts at trial entitling relief.  *Id*.

WHEREFORE THE PLAINTIFFS REQUEST THE COURT TO DENY SAID MOTION FOR MORE DEFINITE STATEMENT AND ALSO TO DENY ANY MOTION TO DISMISS IF FILED IN THIS CAUSE AS THERE IS NO JUSTIFICATION AS THERE ARE FACTS IN DISPUTE REQUIRING A TRIAL AND THE DEFENSE IS UNABLE TO ARGUE OTHERWISE

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: KRL_KELLY@YAHOO.COM**
**F.B.N. 0123870**
**BY:__/S/ K. DAVID KELLY_____**
**K. DAVID KELLY, ESQ.**

**CERTIFICATE OF SERVICE:**
**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT SUBSEQUENT TO E-FILING TO:**
**JEFFREY A. NORKIN, ESQ.**
**8751 W. BROWARD BLVD., STE. 307**
**PLANTATION, FL 33324**
**FAX: 954-337-3765**
**BY:__ /S/ K. DAVID KELLY _____**
**K. DAVID KELLY, ESQ.**