**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE №.: O7-20129-CIV-HUCK
MAGISTRATE JUDGE: SIMONTON

CARLOS B. BRANDT,
ORESTES LOPEZ,

    Plaintiffs,

    v.

MAGNIFICENT QUALITY FLORALS, CORP. and MOISES SANCHEZ,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR FINAL SUMMARY JUDGMENT

Defendants, MAGNIFICENT QUALITY FLORALS, CORP. and MOISES SANCHEZ, move the Court to enter final summary judgment in their favor on the following grounds.

1. In this case, two former employee salesmen sue a flower distributor for allegedly unpaid overtime compensation. The plaintiffs were paid a salary plus commission.

2. The Plaintiffs, Carlos Brandt (hereinafter referred to as "Brandt") and Orestes Lopez ("Lopez"), have submitted Amended Statements of Claim in the amounts of $56,160.00 for Brandt and $9,141.12 for Lopez, exclusive of claims for attorneys' fees and litigation costs. These damages claims are not supported by any record evidence; cannot be supported by any competent evidence; and are contrary to the competent, overwhelming evidence filed herewith in support of this motion. As a result, there is no *genuine* dispute as to any material fact and Defendants are entitled to final summary judgment as a matter of law.

3. Defendants acknowledge that they did not maintain a punch-card or other time-keeping system. They did not do so because they were not aware that salesmen such as the

plaintiffs had the right to overtime compensation. Defendants, therefore, acknowledge that Plaintiffs' burden or proof to defeat this motion are fairly minimal.

4. However, Defendants submit three sets of business records that document Plaintiffs' actual work hours and rates of pay: (1) telephone records; (2) computer activity records; and (3) pay records. These records prove to a sufficient certainty that the Plaintiffs' claims as filed herein are bogus and fraudulent. There is no dispute that Plaintiffs have no competent evidence other than their bare testimony to support their contention that they worked an average of 5 overtime hours (by Brandt) and 12 overtime hours (by Lopez) per week. As a result, there is no genuine dispute in this case and Plaintiffs' claims should be rejected.[1]

5. Submitted herewith also are affidavits of several individuals who work or worked in Defendants' building, one for Defendants, two for an associated company, and one from across the hall from Defendants' office. These witnesses all testify that Magnificent Quality Floral's office was always or nearly always closed by 3:30 p.m. These affidavits corroborate the business records submitted herewith. Defendant, Sanchez's affidavit corroborates this testimony and provides foundation to the records submitted.

6. Overall, these records establish that the Plaintiffs worked *far less* than 40 hours in all but a handful of work weeks.

7. In responding to this motion, Defendants anticipate that Defendants' assertions will be totally unsupported and contrary to all of the competent evidence in this case. In replying to this response, Defendants will show that Plaintiffs' assertions in this case are completely unreliable and ludicrous on their face.

---

[1] Defendants acknowledge that Exhibit B, the compilation table of the Telephone Activity Records (Exhs. C – X), shows the possibility that one of the Plaintiffs, or both together, worked a total of 11.1 hours overtime. If this is true, which Defendants dispute, that total is so different from the 780 hours claimed by Brandt and 288 hours claimed by Lopez, that the claims submitted are frauds on the Court and the Plaintiffs should be, in the interests of justice, denied any such nominal claim in this case as it is not pled.

WHEREFORE, Defendants, MAGNIFICENT QUALITY FLORALS, CORP. and MOISES SANCHEZ, move the Court to enter partial summary judgment in their favor as to all but a total of 11.1 hours of potential overtime owed to one or either of the Plaintiffs.

## **MEMORANDUM OF LAW**

**A.  Introduction.**

The undisputed evidence in this case shows that this lawsuit is a fraud on the court. Plaintiff, Lopez, has already admitted that the written 12 hour per week claim submitted by his attorney is incorrect, inflated by 33 per cent.  He also admits that 5 of the 9 hours he actually claims is for unauthorized efforts that do not constitute work.  His claim, contradicted by the documentary evidence, is really for four hours per week.  His written claim has not been amended by Plaintiffs' counsel.

As for Brandt, the testimony he offers is laughable when looked at with the documentary evidence submitted.  He admits that Defendants continuously accommodated his educational pursuits.  He now works for another former MQF employee, who is pursuing damages against MQF in a patently ludicrous lawsuit.  And, the records show unequivocally that Brandt's claims herein are fraudulent.

**B.  Evidentiary analysis of overtime where no timekeeping system is employed.**

MQF did not use a timekeeping system.  As a result, Defendants acknowledge that they bear a heightened evidentiary standard than they ordinarily would.  This burden of proof is set forth in the Supreme Court case, *Anderson v. Mt. Clemens Pottery Co.*, the pertinent portion of which reads:

> …[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises. The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed

> work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence *688 to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. See Note, 43 Col.L.Rev. 355.
>
> The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of s 11 (c) of the Act. And even where the lack of accurate records grows out of a bona fide mistake as to whether certain activities or non-activities constitute work, the employer, having received the benefits of such work, cannot object to the payment for the work on the most accurate basis possible under the circumstances. Nor is such a result to be condemned by the rule that precludes the recovery of uncertain and speculative damages. That rule applies only to situations where the fact of damage is itself uncertain. But here we are assuming that the employee has proved that he has performed work and has not been paid in accordance with the statute. The damage is therefore certain. The uncertainty lies only in the amount of damages arising from the statutory violation by the employer. In such a case 'it would be a perversion of fundamental principles of justice to deny all relief to the injured person, and thereby relieve the wrongdoer from making any amend for his acts.' Story Parchment Co. v. Paterson Parchment Co., 282 U.S. 555, 563, 51 S.Ct. 248, 250, 75 L.Ed. 544. It is enough under these circumstances if there is a basis for a reasonable inference as to the extent of the damages. Eastman Kodak Co. of New York v. Southern Photo Materials Co., 273 U.S. 359, 377-379, 47 S.Ct. 400, 404, 405, 71 L.Ed. 684; Palmer v. Connecticut Railway & Lighting Co., 311 U.S. 544, 560, 561, 61 S.Ct. 379, 384, 385, 85 L.Ed. 336; Bigelow v. RKO Radio Pictures, Inc., 327 U.S. 251, 263-266, 66 S.Ct. 574, 579, 580.

328 U.S. 680, 686-688, 66 S.Ct. 1187, 1192 - 1193 (1946).

The records and affidavits submitted by Defendants with this motion establish that Plaintiffs' claims that they worked every week more than 40 hours are bogus. In the following scenario, the defendants could not make this showing and Hon. Ted Bandstra, U.S. Magistrate Judge of this Court, denied their motion for summary judgment. Judge Bandstra's holding and discussion are instructive here through comparison of that evidence with that which is presented here.

> Defendants respond by arguing that plaintiff has failed to meet his initial burden of demonstrating that he performed work for which he was improperly compensated. In support, defendants note that plaintiff's evidence of overtime

work is based solely on his own "mental notes," which, in defendant' view, is insufficient to carry plaintiff's burden on summary judgment.

Reviewing this issue, the Court first notes that it is well-established that an employee who brings suit under § 16(b) of the FLSA for unpaid minimum wages or unpaid overtime compensation and liquidated damages has the initial burden of proving that he performed work for which he was improperly compensated. *See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946)*, superseded by statute on other grounds as stated in *Carter v. Panama Canal Co.,* 463 F.2d 1289, 1293 (D.C.Cir.1972). When accurate records or precise evidence of the hours worked do not exist, "an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *The Dinh Tran v. Alphonse Hotel Corp.,* 281 F.3d 23 (2d Cir.2002)(quoting *Anderson v. Mt. Clemens Pottery Co., 328 U.S. at 687, 66 S.Ct. 1187).*

In this case, plaintiff, without specifying the number of hours worked in any given week, attests that he "worked overtime hours every week for the Defendants (more than forty)." *See* Rossi Affidavit, ¶ 7. Defendants also have failed to produce evidence that definitively establish the number of hours work by plaintiff. However, defendants have produced manifests, dispatch screens and payroll reports from which it may be possible to determine or accurately estimate the number of hours worked by plaintiff. [FN6] Moreover, it is undisputed that plaintiff was paid a percentage of the trip rate pursuant to contract. *See* Third Boroday Declaration, ¶ 8, Rossi Affidavit, ¶ 2.

Based on the **minimal amount of evidence presented**, the Court finds material facts in dispute concerning whether plaintiff performed work for which he was improperly compensated. While defendants acknowledge that plaintiff was not paid time and one-half, they do not admit that he was improperly compensated under the FLSA. The precise number of hours plaintiff worked are clearly in dispute and remain unresolved by the small amount of record evidence. These factual disputes which are material to the outcome of this case cannot be resolved at this stage of the litigation based on the slim evidence before this Court. While the amount of work performed by plaintiff may be determinable by just and reasonable inference, the Court finds any such inference to be premature at this time.

Accordingly, the plaintiff's motion for summary judgment and defendants' cross-motion for summary judgment on the issue of whether plaintiff worked overtime within the meaning of the FLSA are both denied.

*Rossi v. Associated Limousine Services, Inc.,* 438 F.Supp.2d 1354, 1365 (S.D.Fla., 2006).

### C. Why Defendants' evidence eliminates the possibility of a genuine dispute by the Plaintiffs.

The Plaintiffs were salesmen who did their work over the phone and on the computer.

MQF's records of telephone and computer activity show that Plaintiffs worked far less than 40 hours per week.

Plaintiffs respond to MQF's records production with weak assertions that they did other types of work, like answering the phones during lunch time and driving trucks – Brandt only – after hours. They have not corroborated any of this testimony nor have they given any specific examples of doing such work.

### C. Alleged work during lunch was unauthorized and not "Work".

Mr. Lopez and Mr. Brandt assert that they ate at their desks and worked. This is shown to be false by the phone and computer records, but even if true, the assertions would be unavailing. Such unauthorized efforts do not constitute work under the FLSA as a matter of law.

It is undisputed that Brand and Lopez were scheduled for one hour lunches. There is no evidence in the record that, even if they ate at their desks, that they did any work while eating. The records submitted show that they did not such work. Voluntary efforts not required by the employer are not "Work" under the law:

> the statutory workweek includes all time during which *691 an employee is necessarily required to be on the employer's premises, on duty or at a prescribed workplace

*Anderson*, *supra* 328 U.S. at 690-691, 66 S.Ct. 1187, at 194. In other words, an employee cannot create additional hours his employer did not ask him or authorize him to work and then expect to be paid overtime for such hours.

### D. Conclusion.

The records, which are clear, detailed, and irrefutable, show that the Plaintiffs did not work more than 40 hours in any but possibly a small handful of weeks, if that. They have submitted fraudulent claims asserting that they worked 45 and 52 hours per week. This lawsuit should be dismissed in its entirety and summary judgment should be entered for the Defendants.

RESPECTFULLY SUBMITTED this 17th day of September, 2007.

>JEFFREY A. NORKIN, P.A.
>Attorney for Defendants
>8751 W Broward Blvd., Suite 307
>Plantation, FL. 33324
>(954) 370-8240
>(954) 337-3765 – fax
>Fl. Bar No. 0969966
>jeff@norkinlaw.com

>By: /s/  Jeffrey A. Norkin, Esq.
>      Jeffrey A. Norkin, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via electronic filing on September 17, 2007 to: Jamie H. Zidell, Esq., 300 71st Street, Suite 605 Miami Beach, FL 33141.

>By: /s/  Jeffrey A. Norkin, Esq.
>      Jeffrey A. Norkin, Esq.