UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE # 07-20129 -CIV-HUCK/SIMONTON

CARLOS B. BRANDT et al.,
Plaintiff,

vs.

MAGNIFICENT QUALITY FLORALS CORP.,
MOISES SANCHEZ
DefendantS.
_____/

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION SUMMARY JUDGMENT

COME NOW the Plaintiffs, pursuant to Fed.R.Civ.P. Rule 56 and SDLR 7.5 and file the above-described Response to Defendants' Motion for Summary Judgment filed on 9/17/07 as follows:

### INTRODUCTION

Defendants' Motion for Summary Judgment ought to be denied because it is absolutely baseless and frivolous. Defendants' entire argument is predicated upon completely unjustified allegations of "fraud on the court" amidst contentions that Plaintiffs "worked far less than 40 hours". The below discovery, which defense counsel is aware of (particularly as he was present during the depositions), beyond doubt sets forth genuine issues of material fact as to whether Plaintiffs' claims for overtime are justified. In addition, Defendants refer to phone records which Plaintiffs state are inaccurate and which do not reflect all of Plaintiffs' hours spent working while off of the phone. Based on discovery provided defense counsel, including attendance at deposition, the defense was clearly aware there are genuine issues of material fact existing, but nevertheless filed a baseless and frivolous motion for summary judgment. There is strong

evidence indicating Plaintiffs worked overtime, and it is up to the jury to decide the exact damages upon hearing all evidence testimonial and otherwise.

## MEMORANDUM OF LAW

A.      Summary Judgment Standard.

Pursuant to Fed.R.Civ.P. 56, a summary judgment should be granted if, following sufficient discovery, there is no genuine issue of material fact to be decided by a jury; therefore summary judgment is to be granted as a matter of law. *Hoffman v. Allied Corp., et al.,* 912 F.2d 1379, 1383-84 (11th Cir. 1990), *citing, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining if a genuine issue exists, the court must query whether "a reasonable jury could return a verdict for the nonmoving party…." *Hoffman v. Allied Corp., et al.,* 912 F.2d at 1383. *See also, Beal v. Paramount Pictures Corporation*, 20 F.3d 454, 459 (11th Cir. 1994)("Summary Judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law"); *Silas v. Hillsborough County*, 2006 U.S. Dist. LEXIS 79503, *3-4 (M.D. Fla. 2006)(in FLSA matter court found "[s]ummary judgment is proper if following discovery … there is no genuine issue as to any material fact….")

B.      A Genuine issue of Material Fact Exists.

As set forth in Plaintiffs' Statement of Material Facts Responding in Opposition to Defendants' Motion for Summary Judgment ("Plaintiffs' Statement"), Plaintiffs state they were employed by Defendants for the relevant time period primarily as telephonic sales persons, but regularly had to perform tasks while not on the telephone or logged into the telephone system. See Affidavit of Orestes Lopez, and Answer No. 11 of Plaintiff Brandt's Response to Defendants' Interrogatories, attached herewith as Exhibits A and B.

Plaintiffs' positions with Defendants primarily involved telephone sales (selling flowers),

but Plaintiffs were regularly required to perform labor while not on the phone or logged into the phone system.  See Affidavit of Orestes Lopez, and Answer No. 11 of Plaintiff Brandt's Response to Defendants' Interrogatories, attached herewith as Exhibits A and B.  Therefore it is completely inaccurate to state the vast majority, if not all of Plaintiffs work was performed "on the phone" as alleged in Defendants Statement of Facts.

Plaintiff worked more hours than merely from 7:00 a.m. to 4:00 p.m., and regarding lunch, Plaintiff Brandt "normally worked while eating" and Plaintiff Lopez answered the phone while on lunch.  See Affidavit of Orestes Lopez, and Answer No. 8 of Plaintiff Brandt's Response to Defendants' Interrogatories, attached herewith as Exhibits A and B.

According to the below-discussed testimony of Plaintiffs' supervisor Enrique Rodriguez, see deposition attached herewith as Exhibit "C", Plaintiff Brandt had to make deliveries during his lunch break and such "lunch" was therefore was not actually a lunch break. Deposition of Enrique Rodriquez, page 15, lines 16-25.  Brandt only took a formal lunch 2 or 3 days per week, and Lopez would answer phones at his desk during his lunch.  Deposition of Enrique Rodriquez, page 16, lines 9-25.

Consequently, Defendants' arguments in their Motion for Summary Judgment therefore that there is "no evidence in the record that, even if they ate at their desks, that they did any work while eating" is an example of frivolity designed to make it appear that Plaintiffs' are entitled to no compensation for an alleged hour per day unpaid lunch.  Plaintiffs did work during their "lunch" and should be compensated for same.  Plaintiffs state therefore that such "lunches" were not "bona fide meal periods" pursuant to 29 CFR 785.19(a).

Plaintiffs' are entitled to be paid for all hours they worked for Defendants, and the actual hours worked are in dispute and necessitate a jury determination.  The Exhibits offered by the

defense include Affidavits from individuals which make disputed allegations about Plaintiffs' hours worked, and telephonic records which show periods of time where Plaintiffs are logged into the phone system.  First, the telephone records simply do not dispel the genuine issues of material fact that exist, as Plaintiffs state they performed other duties while not logged into the phone system: See Affidavit of Orestes Lopez, and Answer No. 11 of Plaintiff Brandt's Response to Defendants' Interrogatories, attached herewith as Exhibits A and B.

In addition, deposition testimony further points to the genuine issues of material fact that exist regarding Plaintiffs' hours worked.  Defendants' former partner (pursuant to a "verbal agreement") indicated that Defendants did not keep time cards or time sheets.  Deposition of Enrique Rodriquez, page 4, lines 3-6; page 4, lines 18-23.  Although Plaintiff Brandts' schedule was based on 40 hours, Plaintiff Brandt worked up to 49 hours a week.   Deposition of Enrique Rodriquez, page 6, lines 19-25; page 7, lines 1-4; page 9, lines 9-25.  Plaintiff Lopez averaged 46 to 47 hours per weeks based on deponent Rodriguez's observations in a management capacity.  Deposition of Enrique Rodriquez, page 11, lines 2-16.  The phone records regarding Plaintiffs' hours are NOT reliable to show Plaintiffs' amount of work, as phone calls did not "record everything that you had done that day.  Deposition of Enrique Rodriquez, page 12, lines 17-25; page 13, lines 1-15.

According to Eduardo Miranda, Defendants' former bookkeeper and accountant, although Miranda would leave about 4:00 to 4:30, he knew Plaintiff Brandt had a key, and would "many times" hear Brandt discuss how he worked after hours until 8:00 or 9:00.  See Miranda's deposition attached as Exhibit D herewith.  Deposition of Eduardo Miranda, page 4, lines 8-10; page 27, lines 23-25; page 28, lines 5-9.  Nevertheless, Plaintiffs' schedule was based upon "40 hours."  Deposition of Eduardo Miranda, page 28, lines 17-25.  Further Defendant never used the

phone system for a time clock.  Also, such phone records are unreliable.  Deposition of Eduardo Miranda, page 70, lines 13-18; page 71, lines 1-9.

Given the aforesaid disputed material facts that the defense was well aware of when the Motion for Summary Judgment was filed, there is no credible argument to claim that a reasonable jury could not return a verdict for the nonmoving party.

C.	Defendants Fail their Burden Under *Anderson v. Mt. Clemens Pottery, Inc.*

It is the employer's responsibility of keeping records of hours worked by employees under the FLSA.  "Where the employer's records of work time are inaccurate [or completely missing] and the employee cannot offer convincing substitutes . . . [] the employee has carried out [his/her] burden if he/she proves that he/she has in fact performed work for which he/she has been improperly compensated and if he/she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.  If the employer fails to produce such evidence, the [employee] may then [be] awarded damages even though the result be only approximate. [emphasis added]."
*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

As stated, Defendants' former partner (pursuant to a "verbal agreement") indicated that Defendants did not keep time cards or time sheets.  Deposition of Enrique Rodriquez, page 4, lines 3-6; page 4, lines 18-23.  Although Plaintiff Brandt's schedule was based on 40 hours, Plaintiff Brandt worked up to 49 hours a week.  Deposition of Enrique Rodriquez, page 6, lines 19-25; page 7, lines 1-4; page 9, lines 9-25.  Plaintiff Lopez averaged 46 to 47 hours per weeks based on deponent Rodriguez's observations in a management capacity.  Deposition of Enrique

Rodriquez, page 11, lines 2-16.  The phone records regarding Plaintiffs' hours are NOT reliable to show Plaintiffs' amount of work, as phone calls did not "record everything that you had done that day.  Deposition of Enrique Rodriquez, page 12, lines 17-25; page 13, lines 1-15.  In addition, as stated, Defendants' own accountant indicated: Defendant never used the phone system for a time clock.   Also, such phone records are unreliable.  Deposition of Eduardo Miranda, page 70, lines 13-18; page 71, lines 1-9.

Clearly the aforesaid raises genuine issues of material fact demonstrating frivolity regarding Defendants' Motion for Summary Judgment.  In fact, the aforesaid demonstrates Defendants' fail to carry their FLSA burden under *Mt. Clemens Pottery Co.*

D.      Defendant's Motion for Summary Judgment is Frivolous.

In addition, 28 U.S.C. Section 1927 "allows district courts to "'assess attorney's fees against litigants, counsel, and law firms who willfully abuse the judicial process by conduct tantamount to bad faith.'"  *Malauta v. Suzuki Motor Compa*ny, 987 F.2d 1536, 1544 (11Cir. 1993), *quoting, Avirgan v. Hull*, 932 F.2d 1572, 1582 (11 Cir. 1991).  The *Malauta* Court noted defense counsel's careless or deliberate conduct.   987 F.2d at 1544.  In the case at bar, the defense filed a frivolous lawsuit despite clear genuine issues of material facts.  Therefore the defense has "unreasonably and vexatiously" multiplied the proceedings in the instant case, and ought be ordered to pay all attorneys fees and costs associated with responding to Defendants frivolous Motion for Summary Judgment.  *Id.   See also, Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)(conduct is vexatious and unreasonable when it "results in proceedings that would not have been conducted otherwise[]"); *Patel v. Mr. McCall*, 2006 U.S. App. LEXIS 22820, *19 (11th Cir. 2006)(Section 1927 applies to "litigation tactics that needlessly obstruct the litigation of non-frivolous claims").  Defendants' baseless Motion for

Summary Judgment in the face of clear genuine issues of material facts has resulted in significant was of Plaintiffs' and the Court's time and resources.

## **CONCLUSION AND PRAYER**

WHEREFORE, THE PLAINTIFFS ASK THIS HONORABLE COURT TO DENY DEFENDANTS MOTION FOR SUMMARY JUDGMENT *IN TOTO*.

Respectfully submitted,

K. DAVID KELLY, ESQ.
J.H. ZIDELL, P.A.
ATTORNEY FOR PLAINTIFF
300 71ST STREET, #605
MIAMI BEACH, FLA. 33141
PH: 305-865-6766
FAX: 305-865-7167
EMAIL: KRL_KELLY@YAHOO.COM
F.B.N. 0123870
BY:_____/s/ K. David Kelly_____
K. DAVID KELLY, ESQ.

CERTIFICATE OF SERVICE:
I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT SUBSEQUENT TO E-FILING TO:
JEFFREY A. NORKIN, ESQ.
8751 W. BROWARD BLVD., STE. 307
PLANTATION, FL 33324
FAX: 954-337-3765
BY:__ /S/ K. DAVID KELLY _____
K. DAVID KELLY, ESQ.