UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE # 07-20129 -CIV-HUCK/SIMONTON

CARLOS B. BRANDT et al.,
Plaintiff,

vs.

MAGNIFICENT QUALITY FLORALS CORP.,
MOISES SANCHEZ
DefendantS.
_____/

**PLAINTIFFS' SUR-REPLY TO DEFENDANTS' REPLY
REGARDING DEFENDANTS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION SUMMARY JUDGMENT**

COME NOW the Plaintiffs, pursuant to Fed.R.Civ.P. Rule 56 and SDLR 7.5 and file the above-described Sur-Reply as follows:

**INTRODUCTION**

Defendants' Motion for Summary Judgment ought to be denied as baseless and frivolous. Plaintiffs find this Sur-Reply necessary particularly as Defendants have cited deposition testimony in their Reply which was not included in the Motion for Summary Judgment; therefore, Plaintiffs never had a chance to address the cited deposition testimony.

**MEMORANDUM OF LAW**

A.   Genuine Issues of Material Fact Exist.

Along with Plaintiffs Opposition which set forth disputed genuine issues regarding work performed while not logged into the phone, Plaintiffs continue to maintain they worked lunch hours without wages required under the FLSA.

Under 29 USCS Section 203(g), the term "'Employ' includes to suffer or permit to

work." The defense cites Plaintiff Lopez' testimony to argue the Defendant employer said "[d]on't worry" about answering the phones during lunch, but Lopez helped the customers anyway by answering the phone. Defendants offer no deposition testimony by Plaintiff Brandt in the Reply. There is a question of fact as to whether Plaintiffs were permitted pursuant to Section 203(g) to work. Such work certainly benefited Defendants, and the jury ought to hear all of the evidence as to the surrounding circumstances to determine if Defendants' business created an environment which necessitated such lunch time work to perform the jobs (or if Defendants implemented a policy which PROHIBITED rather than PERMITTED work during lunch). Defendants have cited no law on this issue, and no testimony from Plaintiff Brandt.

As to the hours, the defense cites no testimony in the Reply from Plaintiff Brandt and attempts to discredit Brandt through Lopez' testimony quoted out of context. When Page 16, Lines 22-25; Page 17, Lines 1-19 of Lopez' transcript cited by the defense are read in context, it is clear Lopez did not understand the technicality of including the 5 hours of lunch in his statement of claim to total 12 hours. As the defense filed the transcript in its entirety, the Court ought refer to same in conjunction to defense counsel's questions regarding "thirteen hours for three weeks" and the "average of seven hours a week overtime…." Plaintiff Lopez stated "Yes" when asked if he worked 8 hours overtime **on the weekend** plus 5 hours during the week at lunch. At the beginning of the Motion for Summary Judgment, the defense refers to Plaintiff's 9 to 10 hour average (at Page 6, Lines 10-20) as conflicting with the 12 hour estimate. Plaintiff Lopez clarified later in the deposition that his hours worked were approximately 12 hours at Page 16, Lines 22-25; Page 17, Lines 1-19: he indicated he worked at one period a total of 13 hours (8 hours on weekend and 5 hours during the week), and then on another week averaged **7 hours**. When read in context, Plaintiff was referring to 7 hours on the weekend which would

have been a total of 12 hours, but nevertheless defense counsel's questioning made it appear the total was 7 hours. At the very least, the jury ought to get to hear the overall testimony at trial as there are disputed facts as to the estimations. Defendants argue that at most there are "two hours" of disputed hours as to Lopez. The jury needs to determine these facts at trial, and Brandt's deposition testimony was not offered in the Motion for Summary Judgment or Reply on these issues.

B.  Defendants Fail their Burden Under *Anderson v. Mt. Clemens Pottery, Inc.*

Plaintiffs maintain their argument set forth in the Opposition, and state that Defendants have still not met their burden under *Anderson* to provide the necessary records. Rather, Defendants kept no records, and now attack Plaintiffs for putting forth their best good faith estimates of overtime worked.

C.  Defendant's Motion for Summary Judgment is Frivolous.

Plaintiffs reiterate their argument in the Opposition regarding frivolity as Defendants still have not shown any argument that genuine issues are not present.

### CONCLUSION AND PRAYER

WHEREFORE, THE PLAINTIFFS ASK THIS HONORABLE COURT TO DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT *IN TOTO*.

**Respectfully submitted,**

**K. DAVID KELLY, ESQ.**
**J.H. ZIDELL, P.A.**
**ATTORNEY FOR PLAINTIFF**
**300 71ST STREET, #605**
**MIAMI BEACH, FLA. 33141**
**PH: 305-865-6766**
**FAX: 305-865-7167**
**EMAIL: KRL_KELLY@YAHOO.COM**
**F.B.N. 0123870**
**BY:_____/s/ K. David Kelly_____**
**K. DAVID KELLY, ESQ.**

**CERTIFICATE OF SERVICE:**
**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING**
**WAS SENT SUBSEQUENT TO E-FILING TO:**
**JEFFREY A. NORKIN, ESQ.**
**8751 W. BROWARD BLVD., STE. 307**
**PLANTATION, FL 33324**
**FAX: 954-337-3765**
**BY:__ /S/ K. DAVID KELLY _____**
**K. DAVID KELLY, ESQ.**