UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE №.: O7-20129-CIV-HUCK
MAGISTRATE JUDGE: SIMONTON

CARLOS B. BRANDT,

    Plaintiff,

    v.

MAGNIFICENT QUALITY FLORALS, CORP. and MOISES SANCHEZ,

    Defendants.
_____/

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SANCTIONS (DE 68)

Defendants, MAGNIFICENT QUALITY FLORALS, CORP. and MOISES SANCHEZ, move the Court to deny Plaintiffs' Motion for Sanctions (DE 68, filed September 21, 2007), and states the following.

1. In this FLSA overtime case, Plaintiffs file the instant motion seeking sanctions against the Defendants for filing what they assert to be a frivolous Motion for Summary Judgment.

2. The motion is premature and is an effort to deceive the Court. It seeks sanctions for the submission of a motion that the Court has not yet considered. Plaintiffs intend this Motion to coerce or pressure the Court into believing that the Motion for Summary Judgment should be denied. It should be granted. Defendants have proven, many times through their own ridiculous, self-contradictory testimony, that Plaintiffs' claims are based on pure fabrications that have been proven so by the Defendants. In some cases, Plaintiffs have admitted the submitted claims are incorrect, were filed without their consultation, and need to be changed, but their lawyers have elected not to change them. The lawyers seeking sanctions in this motion are the lawyers who, at the end of the day, should be sanctioned.

1

3. Plaintiffs have not submitted a scintilla of evidence that they worked more than 40 hours in one week. On the other hand, Defendants – who did not have a timekeeping system and bear an increased burden of proof as a result – have submitted two sets of detailed data that shows every piece of work the Plaintiffs, who were in-house phone salesmen, ever performed. These records reveal that the Defendants worked *far less* than 40 hours per week in all but possibly one week.

4. In addition, as Defendants established in their Reply Memorandum regarding the Motion for Summary Judgment, Plaintiffs have made the following statements which have been proven false or at least inactionable.

   a. In an effort to refute Defendants' detailed and comprehensive records of his work activity, Plaintiff, Brandt, asserts that he performed other tasks such as deliveries and inventory inspections that do not show up on those records. These unsupported statements do not provide a reasonable basis on which to award overtme. In order to give these statements credence, one would have to believe that Brandt performed *all* of his overtime doing work that was not recorded on the computer or phone records. Again, Brandt was a salesman who did his work on the phone and computer. A large part of his pay was commissions. There is simply no evidence that he ever performed the other tasks he is asserting he performed and he has provided no basis on which to calculate his damages.

   b. Plaintiff, Lopez, testified he worked seven days per week for three straight weeks leading up to Mothers' Day, 2005. The employment records and his own statement of claim, establish that at the latest he started working *two days before* Mothers' Day. Clearly, Mr. Lopez has imagined the existence of approximately 66 hours of overtime

2

(seven days per week plus long hours would equal approximately 22 hours overtime per week for three weeks.)

c. Lopez's damages estimate to the Court claims he is entitled to an average of 12 hours overtime per week.  He admitted in his deposition that this claim was false; that in actuality, his asserted loss is closer to 7 hours per week.  His witness, Enrique Rodriguez, supported this smaller estimate, by testifying that Lopez worked an average of 46 – 47 hours per week.

d. Five of the seven overtime hours claimed by Lopez were for allegedly working through lunch.  He admits however, that Defendant, Sanchez, **told him not to work** through lunch and he alleges he chose to do so anyway.  The alleged "Work" performed was to answer the phone "if it rang."  This was not his job.  He was a salesman, not a receptionist; and he was paid accordingly.

e. Furthermore, Lopez and Brandt both claim to have worked through lunch, accounting for the vast majority of their alleged overtime hours.  If this were true, why would Lopez have had to pick up the phone?  Why could he not have let Brandt pick up the phone?  Certainly, both were not needed to be receptionists during lunch.  Finally, the phone records submitted by Defendants show that Brandt was never, or almost never, on the phone for a 1 ½ hour period in the middle of the day.  At trial, if this matter goes further, the jury will find that Brandt's lunch breaks were far longer than the one hour allowed and that he was not working or on the premises during that time.

f. Brandt claims to have worked on certain occasions into the nighttime hours.  Of course, he does not specify even one day that he knows he did this.  When asked about this claim, his only eyewitness, Enrique Rodriguez,[1] testified that Mr. Brandt was

---

[1] Mr. Rodriguez happens to be Mr. Brandt's current employer.  Mr. Rodriguez is also suing the Defendants, claiming that he owns 30% of the Defendant corporation.  Although this attorney is aware courts may not weigh credibility in

3

waiting for customers to return calls. This claim, applying common sense, is ludicrous. Is the fact-finder to believe that Defendants agreed to pay Brandt $30.00 per hour for waiting four to five hours for one return phone call that does not appear anywhere on the computer or phone records? Perhaps Brandt could have been paid for the five minutes the phone call lasted, but he has not submitted such a claim.

5. Plaintiffs' claims in this case are fabricated. They are composed of naked, facially ludicrous, self-contradicted, nonsensical lies or erroneous memories. Defendants fully expect that their motions for summary judgment will be granted. If not, this matter will proceed to trial and once Plaintiffs' lies have been established by particular questions to the jury in a questionnaire verdict form Defendants will seek, Defendants will file their motion for sanctions against the Plaintiffs, and, more importantly, the lawyers who still have not amended Mr. Lopez's claim after he admitted

WHEREFORE, the Motion for Sanctions should be denied.

RESPECTFULLY SUBMITTED this 5th day of October, 2007.

JEFFREY A. NORKIN, P.A.
Attorney for Defendants
2901 NW 126th Ave., #209
Sunrise, FL 33323
954-835-1220
954-835-1225 - fax
Fl. Bar No. 0969966
jeff@norkinlaw.com


By: /s/ Jeffrey A. Norkin, Esq.
    Jeffrey A. Norkin, Esq.

---

summary judgment proceedings, when looking at the inherent lack of credibility of the claims made in this case, it is easier to understand how they could be made if this critical information is revealed.

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via electronic filing on October 5, 2007 to: Jamie H. Zidell, Esq., 300 71st Street, Suite 605 Miami Beach, FL 33141.

                                By: /s/ Jeffrey A. Norkin, Esq.
                                      Jeffrey A. Norkin, Esq.