UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  07-20129-CIV-HUCK/SIMONTON
<u>CONSENT CASE</u>

CARLOS BRANDT and
ORESTES LOPEZ,

    Plaintiffs,

v.
MAGNIFICENT QUALITY FLORALS
CORP. and MOISES SANCHEZ,

    Defendants.
    _____/

<u>ORDER AFTER PRETRIAL CONFERENCE</u>

A final pretrial conference was held on February 15, 2008.  This Order sets forth the rulings made at that hearing.  For the reasons stated on the record, it is hereby

**ORDERED AND ADJUDGED** that:

1. <u>Statement of the Case</u>:

So that the jurors will be able to determine whether they know any of the parties or witnesses in the case, and will be able to state during voir dire whether there is some reason, based on the nature of the case, or the witnesses, that they should be excused from this jury, at the commencement of voir dire, the Court will read the list of witnesses contained in the pretrial stipulation, and describe them as potential witnesses who might, but who will not necessarily be called to testify; and, will also read to them the following statement of the case:

> Plaintiffs Carlos Brandt and Orestes Lopez were employed by Defendants Magnificent Quality Florals Corporation and Moises Sanchez. They each contend that during the course of their employment, they worked more than 40 hours weekly, but were not paid overtime in accordance with the requirement of the Fair Labor Standards Act. Defendants, on the other hand, claim that Plaintiffs never, or almost never, worked more than 40 hours in any given week.

**2. Uncontested facts which will require no proof at trial**

A. Plaintiffs Carlos Brandt and Orestes Lopez were employed by Defendants Magnificent Quality Florals Corp. and Moises Sanchez. They were paid on a salary plus commission basis.

B. Moises Sanchez is an FLSA employer regarding Plaintiffs as is the Defendant Corporation, too.

C. The jurisdictional facts are not disputed. Defendants' business or business under unified operation or common control employed at least two persons and was engaged in commerce or the production of goods for commerce and had annual gross sales of at least $500,000.00.

**3. Issues of fact to which the parties do not agree**

A. Whether each Plaintiff worked more than 40 hours per week, and if so, the number of hours, and the amount of damages.

B. Whether Plaintiff Carlos Brandt can prove that Defendants acted wilfully, *i.e.*, with knowledge that their conduct was prohibited by the FLSA or in reckless disregard about whether it was, in failing to pay overtime compensation in bad faith as to justify the award of damages for the three-year period of time preceding the filing of his Complaint. See *Perez v. Sanford-Orlando Kennel Club, Inc.*, 2008 WL 220070 at *11-*12, Case No. 06-15931 (11th Cir. Jan. 29, 2008).

C. If the jury finds liability as to either party, the Court must determine whether liquidated damages should be awarded, based upon a determination of whether Defendants can prove that they acted in good faith and under the reasonable belief that they were in compliance with the FLSA. See *Rodriguez v. Farm Store Grocery, Inc.*, 2008 WL 215817 at *11-*12, Case Nos. 06-13186, 06-13303 (11th Cir. Jan. 28, 2008).

### 4. Exhibits Need to be Premarked and Exchanged and Exhibit Notebooks Need To Be Prepared

A. Exhibit notebooks which contain all exhibits in final form must be exchanged by 5:00 p.m. on Wednesday, February 26, 2008.

B. Exhibit notebooks for eight jurors must be prepared for each of the jurors by the commencement of the evidence. These notebooks may contain excerpts of voluminous exhibits which contain those expected portions of the exhibits about which the witnesses will be questioned. Where a partial exhibit is to be included in the jurors' notebooks, the proposed partial exhibit shall be exchanged by Thursday, February 27, 2008, so that opposing counsel can copy any additional part of that exhibit which he wants to include in the jurors' notebooks. The inclusion of only part of an exhibit in the jurors' notebooks will not preclude examination regarding any other part of the exhibit. The notebooks must be tabbed so that the jurors can turn to each exhibit individually after that exhibit has been admitted, and only when instructed to do so by the Court or the parties. The jurors will be instructed that the notebooks contain potential exhibits, not all of which may be introduced or received into evidence, and that they are not permitted to look at the notebooks unless instructed to do so. The notebooks shall be left on the jurors' chairs in the courtroom, and will not be permitted inside the jury room. At the conclusion of the trial, only the original exhibits admitted into evidence (*i.e.* only one set of exhibits) will be sent into the jury room.

C. If a deposition is to be used in lieu of, or in addition to, live testimony, that portion of the deposition is to be marked and provided to opposing counsel by 5:00 p.m. on Wednesday, February 26, 2008. This does not apply to the use of deposition testimony for purposes of impeachment, or to refresh the recollection of a witness. The

deposition transcript of Eduardo Miranda is withdrawn as a defense exhibit; if Plaintiffs seek to use this transcript in lieu of live testimony, they must establish the proper predicate.

D.  With respect to Defendants' Exhibit 9, the Amended Statement of Claim filed by Plaintiffs' counsel, the exhibit shall be redacted to eliminate references to attorneys' fees, double damages and costs; and the redacted exhibit shall be included in the exhibit notebook provided on Wednesday, February 26, 2008.

E.  With respect to Defendants' Exhibit 13, Plaintiffs' interrogatory responses, the proposed copy of the exhibit shall be provided to Plaintiffs in the exhibit notebook so that a determination can be made with respect to the admissibility of each interrogatory answer that Defendants seek to have admitted.  For example, interrogatory answers, if any, which are relevant to the amount of attorneys' fees and costs claimed, are not admissible.

F.  With respect to Defendants' Exhibit 12, the compilation and tabulation of hours as shown on phone and computer records, the Court reserves ruling.

G.  Defendants failed to file objections to any of Plaintiffs' exhibits.  Therefore, if they wish to lodge untimely objections, they must file a motion for leave to do so, which establishes good cause and a legal basis for excluding the exhibit.

7. <u>Witnesses</u>

A.  Regarding the records custodian witnesses listed by Defendants, the parties shall confer with respect to the admissibility of business records without the need to call records custodians.

B.  The parties have advised the Court that there are there no current issues regarding witnesses in terms of scheduling, or of special accommodations due to

handicap.  The parties are reminded that with respect to any need for a translator, it is the responsibility of the party calling the witness in a civil case to obtain a court certified translator.

8. Estimated Trial Time

The parties estimate three days for the trial.

9. Jury Selection

Twenty jurors will be called to comprise the panel.  They will be seated in the courtroom according to the chart which was provided at the final pretrial conference.  Eight jurors will be selected to serve on the jury.

At the outset, the Court will question all twenty jurors as to basic information in accordance with the list of the questions which was provided at the pretrial conference.  Following the Court's questioning, each side will be permitted approximately thirty minutes to conduct additional voir dire, if necessary.

At the end of all the questioning, the jury panel will be excused, and the Court will take a brief recess to permit counsel to confer with their clients and/or co-counsel.

Following the recess, the parties will make any challenges for cause.  Thereafter, peremptory challenges will be exercised.  Each side will have an equal number of challenges, determined by the number of jurors remaining after excusals for cause, and provided that each side will have at least three peremptory challenges.  The parties will alternate challenges one by one, with Plaintiff making the first selection in each round until there are eight jurors remaining.  If there are an odd number of jurors remaining at the end of this selection process (based, for example, on an uneven number of excusals for cause), the last juror in the box will be excused as not selected.   At the completion of jury selection, I will read out the list of final jurors and have them take their places.

10. **Jury Instructions**

The Court will give the preliminary instructions that are contained in the 11th Circuit Pattern Instructions.  The instructions proposed by the parties will be reviewed during the course of the trial, and finalized prior to closing arguments.  The parties are directed to pay particular attention to the instruction for the determination of the regular rate of pay which is applicable where the employee is paid based on a salary plus commission basis.

11. **Miscellaneous Matters**

A.  The parties should consider whether they want to permit the jurors to ask questions during the course of the trial, and if so, how they request the Court to implement this procedure.

B.  The parties should consider whether they want the Court to instruct the jury prior to closing arguments.

**DONE AND ORDERED** in chambers in Miami, Florida on February 19, 2008.

                                                                            _Andrea M. Simonton_
                                                                            **ANDREA M. SIMONTON**
                                                                            **UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**All counsel of record**