UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE # 07-20129 -CIV-SIMONTON

CARLOS B. BRANDT AND ORESTES LOPEZ,
    Plaintiffs,

vs.

MAGNIFICENT QUALITY FLORALS CORP.,
MOISES SANCHEZ
    Defendants.
_____/

**PLAINTIFFS' MOTION TO STRIKE DE #117 OR, ALTERNATIVELY FOR AN ENLARGEMENTOF TIME TO RESPOND THERETO.**

COME NOW THE PLAINTIFFS, through Counsel, and state:

1. On 03/17/08, Defendant's Counsel, Jeffrey Alan Norkin, filed a motion for contempt and sanctions, etc… (DE #117).

2. However, On Sunday, March 2nd, 2008, Mr. Norkin filed virtually the same motion which was denied by the Court on that same day. See DE #107 wherein the Court ruled:

**TEXT ORDER denying 106 Motion for Contempt, denying 106 Motion to Dismiss, denying 106 Motion for Judgment as a Matter of Law, denying 106 Motion for Sanctions, as stated during the course of the trial. These motions were made orally and by hand delivery of a copy of this motion during the course of the trial and ruled upon at that time. Signed by Magistrate Judge Andrea M. Simonton on 3/2/08. (AMS) (Entered: 03/02/2008).**

1

3. DE #117 is the third time Mr. Norkin has filed *virtually*[1] the same motion and it should be stricken as a scandalous or spurious pleading that has already been ruled upon twice before by the Court. According to **Bautista v. Cruise Ships Catering & Serv. Int'l, N.V., 350 F. Supp. 2d 987 (S.D. Fla. 2004):**

There are three major grounds that justify reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice. *In re: Managed Care Litig.,* No. 00-1334-MD, 2002 U.S. Dist. LEXIS 11809, at *17 (S.D. Fla. June 20, 2002); *Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D. Fla. 1994). In order to demonstrate clear error, the movant must do more than simply restate previous arguments. *Garcia v. United States (In re Garcia),* No. 01-985, 2002 U.S. Dist. LEXIS 23962, at *2 (S.D. Fla. Nov. 4, 2002). Further, any arguments the movant failed to raise in earlier motions will be deemed waived. *Id.* Finally, reconsideration of a previous order "is an extraordinary remedy to be employed sparingly." *Sussman,* 153 F.R.D. at 694.

Mr. Norkin has not presented any new evidence in De #117 which would warrant a change to (2) previous orders denying his same/substantially similar requests for relief.

4. If the Court still requires a response to De #117 in spite of the foregoing argument to strike it, then the Plaintiffs respectfully request an enlargement of time for (7) days from the Court's ruling on this motion to respond to De #117 and pursuant to Fed.R.Civ. P. 6.

WHEREFORE, DE #117 should be stricken or, alternatively, the Plaintiffs should be granted (7) days from the ruling on this motion to respond to DE #117.

---

1 Mr. Norkin seems to added alleged subsequent conduct by Mr. Brandt to obtain false testimony from a witness *after* the trial. These allegations are wholly unsupported as Mr. Norkin claims that the witness reneged on his vow to sign a supporting affidavit.

Respectfully submitted,

J.H. ZIDELL
ATTORNEY FOR PLAINTIFF
300 71ST STREET #605
MIAMI BEACH, FLORIDA 33141
305-865-6766
F.B.N. 0010121

BY:/S/ JH ZIDELL, ESQ.

J.H. ZIDELL
ON 03/24/08, I CERTIFY THAT A TRUE COPY OF THE FOREGOING WAS FILED USING THE CMECF SYSTEM WHICH LISTS JEFFREY NORKIN, ESQ. AS A RECIPIENT OF THIS PLEADING.


BY:_/S/ JH ZIDELL_____
JH ZIDELL, ESQ.