UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE №.: O7-20129-CIV-HUCK
MAGISTRATE JUDGE: SIMONTON

CARLOS B. BRANDT,

    Plaintiff,

v.

MAGNIFICENT QUALITY
FLORALS, CORP. and MOISES
SANCHEZ,

    Defendants.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR NEW TRIAL (DE 118)**

    Defendants, MAGNIFICENT QUALITY FLORALS, CORP. and MOISES SANCHEZ, move the Court to deny Plaintiffs' Motion for New tTrial (DE 68, filed September 21, 2007), and states the following.

    1.    This matter went to trial on February 25, 2008. The jury trial lasted five days. Plaintiff, Brandt, obtained a verdict for damages of approximately $600.00 and Defendants prevailed against Plaintiff, Lopez.

    2.    As argued in Defendants' recently filed Motion for Sanctions, Criminal Contempt Proceedings, and Dismissal, this matter should not have gone to trial. Brandt should have settled his claim and Lopez never should have filed his. 98.97% of Brandt's claim, and all of Lopez's claim were fraudulent, perjurous, or completely unsubstantiated.

    3.    By the close of trial, undersigned had become angry with Plaintiffs' blatant perjury, and Jaime Zidell, Esq.'s unethical litigation tactics.

4.      As undersigned delivered his closing argument, he became increasingly heated. Mr. Zidell, for some reason k known only to him, chose not to object through the entire 45-minute argument. This decision fed undersigned's feeling of freedom to use rhetoric that was perhaps unusually passionate.  Had Mr. Zidell objected, undersigned would have moderated his tone.  Without an objection, however, undersigned felt licensed to deliver an impassioned close.

5.      Now, after receiving a deservedly unfavorable verdict, Plaintiffs ask the Court for another trial because Defense counsel expressed rage at what was for his client a costly and otherwise damaging litigation, orchestrated by an individuals whom he had treated with great generosity and who was clearly using this sham case as a weapon to weaken his business and drain him of financial resources.

6.      Plaintiffs' complaint about undersigned's passion during his closing is like that of one complaining of bloody fists after a fistfight he instigated.

7.      Ironically, undersigned spoke in his closing about the unfortunate human dynamic that Plaintiffs' seek to exploit in this motion: that it is worse to *protest against* deceit than it is to engage in deceit.  Counsel, in his argument, stated:

> It seems like these days to call a person a liar is worse than calling them a racist (sic) [This word is incorrectly transcribed by the court reporter.  The word used was "Rapist."]. You know who has gotten us to think that? The people who lie all the time. The people with all the money. They have twisted the American consciousness into believing that calling somebody a liar is worse than lying.

(D.E. 116 at 6 – 7)

8.      Actually, in retrospect, the psychological phenomena discussed above likely pre-dated today's apparent lack of morals in the name of greed.  Likely, the phenomena is fundamental to human beings' desire not to "Rat out," "Tattle on," or otherwise point to wrongdoing.  Evidence of this can be found in elementary schools across the country.  This

attorney does not ascribe to this pervasively accepted, immature and destructive human dynamic and neither do the courts.  If they did, there would be no perjury convictions, judgments for fraud, or any verdicts where the sides tell diametrically opposite stories.

9. Here, even if undersigned went overboard in discussing Plaintiffs' deceit and their attorneys' bad faith, Plaintiffs' failure to object, and the *truthfulness of the argument*, renders any possible impropriety in the argument irrelevant.  The real question this motion raises is: "If it were granted, what good would it do to give the Plaintiffs another opportunity to perjure themselves?"

10. This Motion is no less frivolous than the Motion for Sanctions Plaintiffs filed in response to Defendants' Motion for Summary Judgment, which, as it now must be very clear, was a meritorious motion, only defeated by Plaintiffs' false pleadings.

WHEREFORE, the Motion for New Trial should be denied.

## MEMORANDUM OF LAW

The Motion at bar should be denied.  Plaintiffs' counsel sat through what was admittedly a passionate closing argument without ever interrupting with an objection and the court also did not interrupt by raising any objection *sua sponte*.  Had either the Court of Plaintiffs' counsel objected, undersigned could have toned down the argument.  The silence of Plaintiffs' counsel was perceived by undersigned as license to advise the jury of exactly how terrible the conduct of the Plaintiffs and their lawyers was.  Now, having allowed the argument, and carried out the terrible conduct that both fueled this argument, Plaintiffs move for a New Trial based on that passion.  The motion at bar is as frivolous as Plaintiffs' entire case (with the exception of the minor damages awarded by the jury.)

Plaintiffs' reliance on *McWhorter v. City of Birmingham*, 906 F.2d 674, 677 -678 (11th Cir. 1990) and similar cases is misplaced for two reasons. First, those cases involved *substantive* misstatements by counsel. In this case, Plaintiffs merely argue that Defendants' attorney was overly passionate and used some colloquialisms that are inappropriate in a trial setting.

Next, in the cases cited by Plaintiffs, the decisions reached by the Courts were based on a belief that *substantial interests of justice* should outweigh counsel's errors in failing to timely object to improper closing argument. Here, the Motion at bar, if granted, would serve no interest of justice. Plaintiffs' claims were – with the one exception – found to be meritless. Very clearly meritless. That the claims made by the claimants were sham could not have been more obvious if the Plaintiffs had never even worked for the Defendants. Plaintiffs ultimately, for all intents and purposes, admitted their claims were a sham in the face of the overwhelming evidence against them.

Despite the foregoing, it is Plaintiffs' failure to raise an objection during Defendants' closing argument that is most fatal. The following discussion shows that such failures have doomed parties faced with arguments far more improper than that made by undersigned in this case.

> Defendant raises a number of grounds for the relief he seeks: …. plaintiff's counsel made improper comments during summation including casting aspersions on defense counsel; uttered profanities ("crap" and "damn"); **invoked the "Golden Rule;"** vouched for the credibility of witnesses; **commented on the absence of witnesses**; **alluded to matters not in evidence**; espoused personal knowledge of the facts; misstated the law; commented on plaintiff's then current health; and **inaccurately characterized the testimony of the witness Coughlan**.
>
> * * * *
>
> Defense counsel failed to raise any objection to most of what he now complains plaintiff's counsel improperly did in plaintiff's summation. The court did respond to the objections that were raised and gave curative instructions to the jury with the agreement of defense counsel. T134-21 to 135-12 (12/16/04).

> Those rulings were correct then and the court believes they are correct now. Thus this affords no reason to upend the verdict.

*In Re Bayside Litigation*, 2007 WL 2509859, 2 (D.N.J.,2007)(Slip copy).

Plaintiff's counsel is only able to frame an argument here because he decided to not object during the argument. Had he interjected even one objection, or had the Court advised undersigned that the argument was 'going too far' in its passion, Defendants' counsel would have toned it down. It would have been easy. The Court's and Plaintiffs' counsels' silence emboldened counsel to give a closing that was very passionate. The passion was driven by genuine anger, not by any real need to persuade the jury that it was real.

If the Court had spoken, or upheld a timely objection, theclosing would have been ordinary and boring. As the 11th Circuit states, citing Supreme Court language:

> It is important to remember that "[t]he influence of the trial judge 'is necessarily and properly of great weight and his lightest word or intimation is received with deference, and may prove controlling.' " *Quercia v. United States*, 289 U.S. 466, 470, 53 S.Ct. 698, 699, 77 L.Ed. 1321 (1933). A judge's actions are "of a sort most likely to remain firmly lodged in the memory of the jury." *Id.* at 472, 53 S.Ct. at 700. Overruling an objection connotes a certain approval of the direction of counsel's argument and refusal to limit its impact through an instruction heightens the possibility that a jury will be persuaded by an improper tone or suggestion within those comments.

*Allstate Ins. Co. v. James* 845 F.2d 315, 319 (11th Cir. 1988). The converse is true as well. Had Plaintiffs objected, the Court could have given a limiting instruction, undersigned would have calmed down, and everything would have been normal. Plaintiffs invited any error that they claim occurred here by choosing not to object. They cannot be heard now to complain about the argument they let happen.

Plaintiffs argue that their failure to object should not be controlling here because such objections are not absolutely required. One of the cases they cite for this proposition, *Access Now, Inc. v. Southwest Airlines Co.*, actually has no resemblance to this case, but the opinion

5

discusses another case which can be compared, but as seen below, is completely distinguishable:

> In *Edwards v. Sears, Roebuck and Co.,* 512 F.2d 276 (5th Cir. 1975), the defendants appealed a $450,000 judgment for manufacturing and retailing tires whose failure allegedly caused a fatal car accident. During closing argument at trial, counsel for the plaintiff said that a Sears representative had testified that, after the victim's death, the manufacturer had taken off the market the manuals that mentioned the speed and inflation pressures that were safe for the tire. *Id.* at 284. **This claim about the representative's testimony was patently false; there had been no such testimony**. *Id.* at 284-85. Furthermore, in closing argument, **counsel for the plaintiff also made highly prejudicial and inflammatory remarks about the astronomical value his own son would have placed on his father's life**, about his personal association with the decedent, and evoked the image of decedent's children crying at grave site. *Id.* at 285.

385 F.3d 1324, 1333 (11th Cir. 2004).  Undersigned neither made, nor is accused of making any false statements in his closing nor did he commit any "Golden Rule" violations.  Rather, he got somewhat passionate about *real, documented perjury*.

It is because Plaintiffs committed *real perjury* that the argument was passionate, and it is because Plaintiffs committed *real perjury* that this motion is as sham.  A party cannot benefit from his own misconduct.  Therefore, a party cannot claim that he is unfairly prejudiced by a closing argument that is passionate because the complaining party acted so badly!  The Court should not only deny this ludicrous motion; respectfully, it should also sanction Plaintiffs' counsel for filing it.

Plaintiffs' counsel here makes a lame attempt to convince the Court that he still believes that his clients' claims are not completely bogus and fraudulent.  This motion is filed to deflect the Court's attention from the real issue following trial: Plaintiffs' perjury, and their attorneys' prosecution of a fraudulent claim (with the one exception).  The questions now are: who should pay Defendants attorneys' fees and costs, what the amount and nature of sanctions should be, and whether and against whom contempt should be imposed for the perjury committed by the

Plaintiffs at trial; for their subornation of perjury; and for their bad faith conduct from the inception of this lawsuit through the filing of this frivolous motion.

WHEREFORE, Plaintiffs' Motion for New Trial should be denied.

RESPECTFULLY SUBMITTED this 8th day of April, 2007.

>JEFFREY A. NORKIN, P.A.
Attorney for Defendants
2901 NW 126th Ave., #209
Sunrise, FL  33323
954-835-1220
954-835-1225 - fax
Fl. Bar No. 0969966
jeff@norkinlaw.com


By: /s/  Jeffrey A. Norkin, Esq.
      Jeffrey A. Norkin, Esq.


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via electronic filing on April 8, 2008 to: Jamie H. Zidell, Esq., 300 71st Street, Suite 605 Miami Beach, FL 33141.


By: /s/  Jeffrey A. Norkin, Esq.
      Jeffrey A. Norkin, Esq.