**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE # 07-20129 -CIV-SIMONTON**

CARLOS B. BRANDT AND ORESTES LOPEZ,
      Plaintiffs,

vs.

MAGNIFICENT QUALITY FLORALS CORP.,
MOISES SANCHEZ
      Defendants.
_____/

**PLAINTIFFS' MOTION TO STRIKE DE #124 OR, ALTERNATIVELY FOR AN**
**ENLARGEMENTOF TIME TO RESPOND THERETO.**

COME NOW THE PLAINTIFFS, through Counsel, and state:

1. On 04/08/08, Defendant's Counsel, Jeffrey Alan Norkin, filed a motion for Rule 11 Sanction,contempt , etc… (DE #124). The pleading is unsigned and should be stricken.

2. However, on March 17th, 2008, Mr. Norkin filed another substantially similar motion  for contempt and sanctions which is currently the subject of a motion to strike by the Plaintiff for the following reasons. On Sunday, March 2nd, 2008, Mr. Norkin filed virtually the same motion which was denied by the Court on that same day. See DE #107 wherein the Court ruled:

**TEXT ORDER denying106 Motion for Contempt, denying 106 Motion to Dismiss, denying 106 Motion for Judgment as a Matter of Law, denying 106 Motion for Sanctions, as stated during the course of the trial. These motions were made orally and by hand delivery of a copy of this motion during the course of the trial and ruled upon at that time. Signed by Magistrate Judge Andrea M. Simonton on 3/2/08. (AMS) (Entered: 03/02/2008).**

3.  DE #117 was the third time Mr. Norkin  filed *virtually*[1] the same motion and DE #124 appears, substance wise, to be the same at DE #117: it should be stricken as a scandalous or spurious pleading that has already been ruled upon twice before by the Court. According to **Bautista v. Cruise Ships Catering & Serv. Int'l, N.V., 350 F. Supp. 2d 987 (S.D. Fla. 2004):**

There are three major grounds that justify reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice. *In re: Managed Care Litig., No. 00-1334-MD, 2002 U.S. Dist. LEXIS 11809, at *17 (S.D. Fla. June 20, 2002); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).* In order to demonstrate clear error, the movant must do more than simply restate previous arguments. *Garcia v. United States (In re Garcia),* No. 01-985, 2002 U.S. Dist. LEXIS 23962, at *2 (S.D. Fla. Nov. 4, 2002). Further, any arguments the movant failed to raise in earlier motions will be deemed waived. *Id.* Finally, reconsideration of a previous order "is an extraordinary remedy to be employed sparingly." *Sussman, 153 F.R.D. at 694.*

Mr. Norkin has not presented any new evidence in De #124 which would warrant a change to (2) previous orders denying his same/substantially similar requests for relief.

4.  If  the Court still requires a response to De #124 in spite of the foregoing argument to strike it, then the Plaintiffs respectfully request an enlargement of time for (7) days from the Court's ruling on this motion to respond to De #124 and pursuant to Fed.R.Civ. P. 6.

WHEREFORE, DE #124 should be stricken or, alternatively, the Plaintiffs should be granted (7) days from the ruling on this motion to respond to DE #124.

---

1 Mr. Norkin seems to have added a request to refer this case to the Florida Bar and to the State Prosecutor in DE #124.

Respectfully submitted,

J.H. ZIDELL
ATTORNEY FOR PLAINTIFF
300 71ST STREET #605
MIAMI BEACH, FLORIDA 33141
305-865-6766
F.B.N. 0010121

BY:/S/ JH ZIDELL, ESQ.

J.H. ZIDELL
ON 04/14/08, I CERTIFY THAT A TRUE COPY OF THE FOREGOING WAS FILED
USING THE CMECF SYSTEM WHICH LISTS JEFFREY NORKIN, ESQ. AS A
RECIPIENT OF THIS PLEADING.


BY:_/S/ JH ZIDELL_____
JH ZIDELL, ESQ.