**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  07-20129-CIV-HUCK/SIMONTON**
<u>**CONSENT CASE**</u>

**CARLOS BRANDT and**
**ORESTES LOPEZ,**

      **Plaintiffs,**

**v.**

**MAGNIFICENT QUALITY FLORALS**
**CORP. and MOISES SANCHEZ,**

      **Defendants.**

_____/

<u>**ORDER DENYING DEFENDANTS' MOTIONS FOR**</u>
<u>**JUDGMENT OF DISMISSAL AND SANCTIONS**</u>

      Presently pending before the Court are Defendants' Motion for Judgment of

Dismissal and Monetary Sanctions Pursuant to Fed. R. Civ. P. Rules 26 and 68, 28 U.S.C.

§ 1927, and the Court's Inherent Authority to Impose Sanctions; and for Contempt

Proceedings For Perjury and Suborning Perjury (DE # 117); and Defendants' Motion for

Sanctions Pursuant to Rule 11, Including Dismissal with Prejudice and Attorneys' Fees

and Costs (DE # 124).  Plaintiffs have moved to strike both motions (DE ## 120, 127) on

the grounds that these matters were raised at trial, denied by the Court, and there are no

grounds for reconsideration (DE ## 120, 127).  Defendants filed a combined response to

both motions to strike (DE # 125), and Plaintiffs replied (DE # 129).  For the reasons

stated below, the motions for dismissal and sanctions are denied with prejudice, except

to the extent that defendants seek relief pursuant to their offers of judgment, which is

denied without prejudice.  The motions to strike are denied as moot.

      I.    <u>**Background**</u>

      Plaintiffs Carlos Brandt and Orestes Lopez filed this lawsuit against Defendants

Magnificent Quality Florals Corporation ("Magnificent") and Moises Sanchez to recover

overtime wages allegedly owed to them pursuant to the Fair Labor Standards Act.  Both Plaintiffs were employed by Magnificent, and it was undisputed that the owner, Moises Sanchez, was individually liable as an employer.  The Plaintiffs each contended that during the course of their employment, they worked more than 40 hours weekly, but were not paid overtime in accordance with the requirement of the Fair Labor Standards Act.  Defendants, on the other hand, contended that Plaintiff Brandt worked only nine hours of overtime for which he was not compensated; and that Plaintiff Lopez never worked overtime.  Following a jury trial, the jury returned a verdict which found that Plaintiff Brandt worked a total of 18 hours of overtime, and that Plaintiff Lopez did not work any hours of overtime.  The jury also found that Plaintiff Brandt had failed to prove that the Defendants either knew or showed reckless disregard for the matter of whether their conduct was prohibited by the Fair Labor Standards Act.

## II.   The Pending Motions

### A.   The Motion for Judgment of Dismissal and Monetary Sanctions Pursuant to Fed. R. Civ. P. Rules 26 and 68, 28 U.S.C. § 1927, and the Court's Inherent Authority to Impose Sanctions; and for Contempt Proceedings for Perjury and Suborning Perjury (DE # 117)

Defendants initially request this Court to dismiss Plaintiffs' claims and require Plaintiffs and their counsel to pay to the Defendants all of the attorneys' fees and costs incurred by the Defendants, based upon the Court's inherent authority to impose sanctions for fraud upon the Court (DE # 117 at 6-8).  This request is based upon the Defendants' contention that both Plaintiffs committed perjury regarding the number of hours they worked at Defendant Magnificent Quality Florals, Inc. ("Magnificent"), and that they suborned perjury from corroborating witnesses who testified on their behalf at trial.

2

In addition, pursuant to 28 U.S.C. § 1927, Defendants seek to recover attorneys' fees and costs from Plaintiffs' counsel based upon unreasonable and vexatious conduct that unnecessarily multiplied the proceedings.  In addition, Defendants contend that sanctions should be imposed under Federal Rule of Civil Procedure 26, since Plaintiffs' counsel failed to engage in pretrial discovery in a responsible manner, and had not "lifted a finger to investigate or substantiate their clients' claims" (DE # 117 at 10).

Defendants emphasize that the Plaintiffs failed to produce sufficient evidence to establish that they worked the hours that they claimed; that Plaintiff Brandt never established that Magnificent or Sanchez knew about the work he alleged that he performed after normal working hours; and that they concealed the nature of their claims throughout the discovery period.  Defendants also point to various inconsistencies in the statements of claims filed on behalf of the Plaintiffs, the testimony of the Plaintiffs at deposition, the testimony of the Plaintiffs and their witnesses at trial, and the documentary evidence.

In addition, Defendants describe their settlement efforts and offers of judgment that were rejected.  The motion does not, however, analyze any claim for recovery under Federal Rule of Civil Procedure 68, which governs offers of judgment; and, any such analysis would be premature since a final judgment has not yet been entered.  Thus, the argument regarding the offers of judgment is considered only in connection with the other bases upon which sanctions are sought; to the extent that the motion is seeking a separate recovery under this provision, the motion is denied without prejudice as premature.

    **B.**    <u>Defendants' Motion for Sanctions Pursuant to Rule 11, Including Dismissal With Prejudice and Attorneys' Fees and Costs (DE # 124)</u>

In this motion, the Defendants request this Court to dismiss both Plaintiffs' cases,

and to order Plaintiffs and their counsel to pay all of Defendants' attorneys' fees and costs; and in addition, request this Court to refer both Plaintiffs and witness Enrique Rodriguez to the U.S. Attorney's Office for investigation of federal perjury charges (DE # 124 at 1).  The Defendants incorporate by reference all of the arguments made in connection with the previously described Motion for Sanctions (DE # 124 at 2).  The central contention of this motion is that the overtime claims asserted by the Plaintiffs were a sham and a fraud upon the Court, and that the lawsuit was pursued in order to financially injure the Defendants and to benefit witness Rodriguez, who was a competing flower distributor who had previously worked for the Defendants.  In addition, the Defendants claim that counsel failed to investigate the veracity of their clients' claims.

Defendants contend that the notice provisions of Rule 11 have been met since the motion was served on the Plaintiffs on March 12, 2008, and no response to the motion was served as of the date that the motion was filed with the Court on April 8, 2008.

III.  Framework for Legal Analysis

A.  Title 28, United States Code, Section 1927

Title 28, United States Code, Section 1927, provides:

> Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

This statute allows district courts to "assess attorney's fees against litigants, counsel, and law firms who willfully abuse the judicial process by conduct tantamount to bad faith." *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir.1991)*; accord, Amlong & Amlong P.A. v. Denny's Inc.,* 500 F.3d 1230 (11th Cir. 2007).  Thus, negligent conduct, standing alone, will not support a finding of bad faith under § 1927--that is, an attorney's

conduct will not warrant sanctions if it simply fails to meet the standard of conduct expected from a reasonable attorney.

A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims. *Id.* citing *Schwartz v. Millon Air, Inc.*, 341 F. 3d 1220, 1226 (11th Cir. 2003).  Sanctions under § 1927 are measured against objective standards of conduct.  *Amlong & Amlong P.A.,* 500 F.3d at 1239-41.  Thus, objectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently.  *Id.*

Thus, an attorney's conduct must be particularly egregious to warrant the imposition of sanctions--the attorney must knowingly or recklessly pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim. If the attorney's misconduct meets this high standard, the district court may order the attorney to pay the "costs, expenses, and attorneys' fees reasonably incurred" because of the attorney's misconduct--that is, the excess costs that the attorney's multiplication of proceedings has added to the cost of the litigation.  *Amlong & Amlong P.A.,* 500 F.3d at 1242; *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir.1997) (explaining that sanctions under § 1927 "must bear a financial nexus to the excess proceedings").

B.  Discovery Sanctions

Rule 26(g) of the Federal Rules of Civil Procedure requires every discovery request, response and objection to be signed by counsel of record, and provides that the signature certifies, *inter alia*, that the document is complete and correct, and is not interposed for any improper purpose.  Rule 26(g)(3) authorizes the imposition of sanctions for an improper certification.  However, the sanctions must be traceable to

5

specific discovery abuses.  Thus, it cannot be used generally to award sanctions for a decision to proceed vexatiously and in bad faith with a meritless lawsuit. *Amlong v. Amlong, P.A.*, 500 F.3d at 1238-39, *citing Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1373 n.45 (11th Cir. 1997).

### C. The Inherent Authority of the Court

In addition to the above authority to impose sanctions, the Court has an inherent power to regulate litigation and sanction the parties, as well as their counsel, for abusive practices.  *Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 126 (S.D. Fla.  1987), *citing Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980).  Deeply rooted in the common law tradition is the power of any court to 'manage its affairs which necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it.  *Malautea v. Suzuki Motor Company, Ltd.*, 987 F. 2d 1536 (11th Cir. 1993) *citing Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1447 (11th Cir.1985) (citation omitted).  The Courts' inherent power also extends to parties to litigation. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991).  A court may appropriately sanction a party or attorney who shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order.  *Hutto v. Finney*, 437 U.S. 678, 689 n. 14,(1978). However, because a court's inherent powers are so potent, they must be exercised with restraint and discretion. *Chambers*, 501 U.S. at 44-45.  The "inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct." *Allapattah Services, Inc. v. Exxon Corp*. 372 F. Supp. 2nd 1344, 1373 (S.D. Fla. 2005).  A primary aspect of that discretion is that ability to fashion an appropriate sanction for conduct which abuses the judicial process. *Id*. One aspect of a court's inherent power is the ability to assess attorneys' fees and costs against the client or his attorney, or both,

when either has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."

*Id.*

### D.  Rule 11 of the Federal Rules of Civil Procedure

Pursuant to Federal Rule of Civil Procedure 11(b), any individual who files a paper with the Court implicitly certifies that, to the best of that person's knowledge after a reasonable inquiry:

(1)     [the paper] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2)     the claims defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3)     the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4)     the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Under the "safe harbor" provision of Rule 11, a motion for sanctions must be served upon the allegedly offending party and must not be presented to the Court "if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ." Fed. R. Civ. P. 11(c)(2).

A motion for sanctions under Rule 11 demands a two-step inquiry, which requires a determination as to (1) whether the challenged contention is objectively frivolous; and, if so, (2) whether a reasonable inquiry would have revealed that the contention was frivolous.  *See Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995).  "The objective standard for testing conduct under Rule 11 is 'reasonableness under the

circumstances.'" *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).  Even assuming

that the filing of an initial paper does not violate Rule 11 based on the circumstances at

the time the paper was signed, the filing of an amended paper that does not

"substantially address[ ]" matters that have become frivolous based on newly

discovered facts "violates the duty to conduct a reasonable pre-filing inquiry into fact."

*Gutierrez v. City of Hialeah*, 729 F. Supp. 1329, 1334 (S.D. Fla. 1990).  "Sanctions are

warranted when a party exhibits a 'deliberate indifference to obvious facts.'" *Riccard v.*

*Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002).  Rule 11 sanctions may be

imposed both against a party and against counsel.  *See Byrne v. Nezhat*, 261 F.3d 1075,

1106 (11th Cir. 2001).

> IV.    Analysis

Based upon a careful review of the record as a whole, including the testimony and

evidence introduced at trial, the undersigned concludes that sanctions are not warranted

under any theory.  Although the jury did not believe that Plaintiffs had established the

claims that they asserted, there is insufficient evidence to prove that either Plaintiff

committed perjury, or that counsel failed to adequately investigate the claims.  Rather,

the jury found that Plaintiffs had failed to meet their burden of proof.  The undersigned

recognizes that Plaintiffs' claims were weak, but they were not frivolous.  With respect to

Plaintiff Brandt, he ultimately recovered more than Defendant admitted he was owed,

albeit the recovery was small.  With respect to Plaintiff Lopez, although he failed to

prove he worked any overtime hours, and certain parts of his testimony were refuted by

Sunpass records, as well as other witnesses, it does not appear that he committed

perjury.  Plaintiff Lopez appeared to be somewhat intellectually impaired when he

testified, and the undersigned finds that although the evidence overwhelmingly

contradicted certain parts of his testimony, this was equally likely to have been a misrecollection of events rather than deliberate perjury.  Sanctions are not warranted under any of the above theories merely because a plaintiff has not met his burden of proof. *See Davis v. Carl*, 906 F.2d 533 (11th Cir. 1990) (reversing District Court's award of Rule 11 sanctions where evidence was merely weak and plaintiffs used poor judgment in pursuing claims, but evidence was not patently frivolous); *Capital Factors, Inc. v. General Plastics Corp. (In re General Plastics Corp.)*, 170 B.R. 725, 732 (S.D. Fla. 1994) ("failure of proof at trial is not necessarily sufficient to support the imposition of sanctions"); *see generally Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978) (determining what constitutes a "frivolous, unreasonable or groundless" claim, when analyzing the fee shifting provision of Title VII) *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181-82 (11th Cir. 2005) (same, in the context of the fee shifting provision of the ADA).

In sum, the undersigned finds that there is insufficient evidence that either Plaintiffs or Plaintiffs' counsel suborned or committed perjury; or knowingly or recklessly pursued a frivolous claim or engaged in litigation tactics that needlessly obstructed the litigation of non-frivolous claims.  Rather, this is a case where the Defendants failed to keep records of hours worked; and, Plaintiffs were unable to prove their claims.  This Court's conclusion that there is insufficient evidence to support a finding of frivolity or perjury is highlighted by evidence that the Defendants permitted their employees to work somewhat irregular hours, and did not require them to document time taken off during the day, or document late hours worked–even during the holiday seasons when Magnificent admitted that it was unusually busy.  To award sanctions in a situation such as this, where an employee has one recollection or estimation of the hours he worked, and the employer has a different recollection, would

serve as a chilling effect on the exercise of rights by employees seeking to invoke their rights under the Fair Labor Standards Act.  Thus, in the absence of a finding of perjury, sanctions are not warranted.

Based upon this disposition, the motions to strike are moot, as is the alternative request for an enlargement of time to respond.  Therefore, for the reasons stated above, it is hereby

**ORDERED and ADJUDGED** that

1.  Defendants' Motion for Judgment of Dismissal and Monetary Sanctions Pursuant to Fed. R. Civ. P. Rules 26 and 68, 28 U.S.C. § 1927, and the Court's Inherent Authority to Impose Sanctions; and for Contempt Proceedings For Perjury and Suborning Perjury (DE # 117) is **DENIED**.  This ruling is without prejudice to seek relief stemming from an offer of judgment, if appropriate, after the entry of a final judgment.

2.  Defendants' Motion for Sanctions Pursuant to Rule 11, Including Dismissal with Prejudice and Attorneys' Fees and Costs (DE # 124) is **DENIED**.

3.  Plaintiffs' Motions to Strike the above motions (DE ## 120, 127) are **DENIED AS MOOT**.

**DONE AND ORDERED** in chambers, in Miami, Florida, on March 31, 2009.

_Andrea M. Simonton_
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
All counsel of record via CM/ECF