UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  07-20129-CIV-HUCK/SIMONTON
<u>CONSENT CASE</u>

CARLOS BRANDT and
ORESTES LOPEZ,

    Plaintiffs,

v.

MAGNIFICENT QUALITY FLORALS
CORP. and MOISES SANCHEZ,

    Defendants.
                                      /

<u>ORDER GRANTING MOTION FOR LIQUIDATED DAMAGES</u>

Presently pending before the Court is Plaintiff's Motion and Memorandum for Liquidated Damages On Jury Verdict Rendered in Favor of Carlos Brandt (DE # 113). Defendant has filed a response in opposition to the motion (DE # 114), and Plaintiff has replied (DE # 115).  For the reasons stated below, the undersigned grants the motion, and awards liquidated damages in the amount of $604.26, which is an amount equal to the compensatory damages awarded by the jury.

    I.    <u>Background</u>

Plaintiffs Carlos Brandt and Orestes Lopez filed this lawsuit against Defendants Magnificent Quality Florals Corporation ("Magnificent") and Moises Sanchez to recover overtime wages allegedly owed to them pursuant to the Fair Labor Standards Act.  Both Plaintiffs were employed by Magnificent, and it was undisputed that the owner, Moises Sanchez, was individually liable as an employer.  The Plaintiffs each contended that during the course of their employment, they worked more than 40 hours weekly, but were not paid overtime in accordance with the requirement of the Fair Labor Standards Act.  Defendants, on the other hand, contended that Plaintiff Brandt worked only nine

hours of overtime for which he was not compensated; and that Plaintiff Lopez never worked overtime.

Following a jury trial, the jury returned a verdict which found in favor of the Defendants as to Plaintiff Lopez; and, partially in favor of Plaintiff Brandt as to his claims.  Specifically, the jury found that Plaintiff Brandt worked a total of 18 hours of overtime, and was owed a total of $604.26; this was comprised of $332.28 for the nine hours of overtime work that Defendants admitted he was owed for work performed in February 2006; and that Plaintiff Brandt was owed $271.98 for an additional nine hours of overtime work performed between January 17, 2005 and October 1, 2006.and that Plaintiff Lopez did not work any hours of overtime.  The jury also found that Plaintiff Brandt had failed to prove that the Defendants either knew or showed reckless disregard for the matter of whether their conduct was prohibited by the Fair Labor Standards Act.

II.     Plaintiff Brandt's Motion for Liquidated Damages

Plaintiff Brandt requests this Court to award him liquidated damages in an amount equal to the jury's verdict as to compensatory damages.  Brandt contends that such damages are mandatory since the Defendants have not met their burden of proving that their failure to pay the required overtime compensation was based on good faith and reasonable grounds to believe that they were in compliance with the Act.  Specifically, Brandt emphasizes that the Defendants admitted knowledge of the overtime laws; that the Defendants did not keep track of hours worked; that the weeks preceding Mother's Day and Valentine's Day were very busy and the Defendants knew that extra hours were worked by their employees; and, that the Defendants took no action to ascertain whether Brandt was paid in accordance with the overtime wage laws.

In response, the Defendants claim that they have met their burden of proving that

the violation was both in good faith and based upon such reasonable grounds that it would be unjust to award liquidated damages. The Defendants contend that this is established by the fact that they had no more than five employees at any one time and did not have the resources of larger employers; that the denial of overtime was *de minimis*, or at least not systemic; that it covered only two weeks of work during the relevant two-year time period; that the Defendants believed that Brandt was an exempt employee since he was paid on a salary basis plus commissions; that the Defendants were generous to Brandt by permitting him to use flexible scheduling and to take time off for personal needs; that Brandt frequently worked less than 40 hours per week; and that Brandt never complained about the failure to pay him overtime wages.

### III.     Legal Analysis

Section 216 of the Fair Labor Standards Act, 28 U.S.C. § 216(b) provides, in pertinent part:

> Any employer who violates the provisions [of this Act] shall be liable to the employee ... [for] unpaid overtime compensation ... and in an additional equal amount as liquidated damages.

An exception to this requirement, however, is set forth in the Portal-to-Portal Act, 29 U.S.C. § 260, which provides, in pertinent part:

> [I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act ..., the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216.

The regulation enacted regarding this provision, 29 C.F.R. § 790.22(b), reiterates the statute and provides that to avoid liquidated damages "(1) The employer must show to the satisfaction of the court that the act or omission giving rise to such action was in

3

good faith; and (2) he must also show, to the satisfaction of the court, that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." To satisfy the good faith requirement, an employer must show both objective and subjective good faith. This determination is a mixed question of fact and law to be decided by the court. *Rodriguez v. Farm* Stores, 518 F.3d 1259, 1272 (11th Cir. 2008); *Kennedy v. Critical Intervention Services, Inc.*, 199 F. Supp. 2d 1305 (M.D. Fla. 2002), and cases cited therein.

Finally, the fact that a jury has found the absence of willfulness with respect to the statute of limitations issue does not necessarily bar the Court from determining that a defendant has failed to prove it acted in good faith. As explained by the Eleventh Circuit in *Rodriguez*, even assuming that the absence of willfulness is equivalent to the presence of good faith, the difference in the burden of proof permits different outcomes between the jury determination of lack of willfulness and a court's determination of lack of good faith:

> The reconciliation point is the burden of proof, and more specifically, the differences in its placement. For the willfulness issue on the which the statute of limitations turns, the burden is on the employee; for the good faith issue on which liquidated damages turns, the burden is on the employer. Because the burden of proof is placed differently, a finding that willfulness was not present may co-exist peacefully with a finding that good faith was not present. The result varies with the burden of proof, provided that a factfinder could conclude that the evidence on the issue was evenly balanced.

518 F.3d at 1274.

In the case at bar, the undersigned finds that Defendants have failed to meet their burden of proving both objective and subjective good faith regarding the failure to pay overtime. Defendant Sanchez testified repeatedly that he was generally aware of the

overtime requirement; and, that the reason he did not pay overtime, and the reason that he did not use timecards to track employee hours, was because the schedule he devised never permitted employees to work more than 40 hours per week.  However, it was clear from all the testimony that there were weeks immediately preceding Valentine's Day and Mother's Day where employees were required to work beyond their scheduled time, and there was no effort to determine whether these hours exceeded forty hours per week. Indeed, at trial, Defendants admitted that nine hours of overtime was owed for overtime work during February 2006; and the jury found that there was an additional nine hours of overtime owed during the relevant time period.  Under these circumstances, Defendants have failed to prove that it was objectively reasonable for them to rely solely upon the time schedule.

In sum, this is a case where the evidence of willfulness/good faith is in equipoise; it is likely that the jury found that Plaintiffs failed to prove willfulness based on the minimal violation of the law; on the other hand, Defendants also failed to prove good faith based on the clear violations that occurred during the busy season and the failure to even attempt to keep track of those hours.[1]

Therefore, for the reasons stated above, it is hereby

**ORDERED and ADJUDGED** that Plaintiff Carlos Brandt's Motion for Liquidated

---

[1] In the alternative, even assuming that the Defendants had established that their actions were taken in good faith and based upon reasonable grounds for believing that there was no violation of the Fair Labor Standards Act, the undersigned would exercise her discretion to award liquidated damages in the amount of $604.26.  *See Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) ( "district court's decision whether to award liquidated damages does not become discretionary until the employer carries its burden of proving good faith") (emphasis added); *Mireles v. Frio Foods, Inc.,* 899 F.2d 1407, 1415 n.8 (5th Cir. 1990) ("Even if a trial court is satisfied that an employer acted both in good faith and reasonably, it may still award liquidated damages at its discretion in any amount up to that allowed by 29 U.S.C. § 216(b).").

Damages (DE # 113) is **GRANTED**, and he is awarded liquidated damages in the amount of $604.26.

**DONE AND ORDERED** in chambers, in Miami, Florida, on March 31, 2009.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record via CM/ECF