UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  07-20129-CIV-HUCK/SIMONTON
CONSENT CASE

CARLOS BRANDT and
ORESTES LOPEZ,

    Plaintiffs,

v.

MAGNIFICENT QUALITY FLORALS
CORP. and MOISES SANCHEZ,

    Defendants.
                                     /

**ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL**

Presently pending before the Court is Plaintiffs' Motion For a New Trial and For Reimbursement of Fees For Trial and Trial Preparation (DE # 118).  Defendants have responded in opposition (DE # 123), and Plaintiffs have replied (DE # 128). For the reasons stated below, the motion is denied.

    I.    **Background**

Plaintiffs Carlos Brandt and Orestes Lopez filed this lawsuit against Defendants Magnificent Quality Florals Corporation ("Magnificent") and Moises Sanchez to recover overtime wages allegedly owed to them pursuant to the Fair Labor Standards Act.  Both Plaintiffs were employed by Magnificent, and it was undisputed that the owner, Moises Sanchez, was individually liable as an employer.  Plaintiffs each contended that during the course of their employment, they worked more than 40 hours weekly, but were not paid overtime in accordance with the requirement of the Fair Labor Standards Act. Plaintiff Brandt claimed that he worked an average of five hours of overtime per week for three years, and Plaintiff Lopez claimed that he worked an average of 12 hours of overtime per week in each of the 24 weeks he was employed.

Defendants, on the other hand, contended that Plaintiff Brandt worked only nine hours of overtime for which he was not compensated; and that Plaintiff Lopez never worked overtime.

Following a jury trial, the jury returned a verdict which found that Plaintiff Brandt had worked a total of 18 hours of overtime during the two years which preceded the filing of the Complaint, and that Plaintiff Lopez had not worked any hours of overtime. The jury also found that Plaintiff Brandt had failed to prove that Defendants either knew or showed reckless disregard for the matter of whether their conduct was prohibited by the Fair Labor Standards Act, and therefore the two-year statute of limitations applied.

## II.   The Motion For a New Trial

Plaintiffs' Motion for a New Trial is based upon the improper closing argument of defense counsel.  Specifically, Plaintiffs point out that defense counsel engaged in personal attacks on defense counsel, used inflammatory language inappropriate for the courtroom, referred to evidence which had been excluded by the Court, and made personal comments to the jury.  Although Plaintiffs did not object to these comments during closing argument or at any time prior to the return of the jury's verdict, they contend that these improper remarks prejudiced the jury's verdict and substantially affected the fairness of the trial; and, that therefore the interests of substantial justice demand a new trial be granted.

In response, Defendants do not attempt to argue that the challenged comments were appropriate; Defendants' counsel contends only that although his comments were too passionate, he did not make any false statements in his closing, and that if Plaintiffs' counsel had objected or the Court had warned him that he had overstepped the bounds of proper closing argument, he would have calmed down; and, that in any event the

errors did not affect substantial justice since Plaintiffs' claims were so obviously without merit.

III.     Legal Analysis

In general, a timely objection is necessary to bring to the trial court's attention errors in closing arguments. However, the lack of an objection is not always fatal to a claim for a new trial based on improper argument, and a new trial may be granted where necessary to serve the interests of substantial justice. Thus, in *McWhorter v. Birmingham*, 906 F.2d 674, 677 (11th Cir. 1990), the Eleventh Circuit affirmed the decision of the District Court to grant a new trial where the improper closing argument referred to a theory which the District Court had specifically prohibited in granting a motion in limine, and referred to an exhibit which had not been admitted and which counsel improperly caused to be sent into the jury room. The exhibit was later retrieved, and the jury was instructed that it had not been admitted into evidence. The Eleventh Circuit concluded that despite the lack of objection to the closing argument, the District Court had not abused its discretion in ordering a new trial since the grant of a new trial served to vindicate the authority of the court; and, the District Court did not abuse its discretion in finding that its instructions were insufficient to cure prejudice resulting from the improper argument.

The rationale for generally requiring a timely objection was explained succinctly in *Oxford Furniture Cos., Inc. v. Drexel Heritage Furnishings, Inc.*, 984 F.2d 1118, 1128-29 (11th Cir. 1993), *quoting Woods v. Burlington Northern R.R. Co.*, 768 F.2d 1287, 1292 (11th Cir. 1985):

> Requiring timely objection prohibits counsel from "sandbagging" the court by remaining silent and then, if the result is unsatisfactory, claiming error. Second, there are a number of good reasons why skilled trial counsel may make

3

> **a tactical decision not to object to improper argument: (1) an argument that looks highly improper in a cold record may strike counsel as being wholly lacking in effect; (2) because of the 'chemistry' of the courtroom counsel may think that the improper argument may offend and in effect backfire; and (3) the improper argument may open the door to a response that will be of more value than a sustained objection.**

*Accord Haygood v. Auto-Owners Ins. Co.*, 995 F.2d 1512, 1516-17 (11th Cir. 1993) (objection to closing argument waived by failure to object during or after closing arguments where improper misleading argument did not affect substantial rights).

In the case at bar, defense counsel's arguments were highly improper–he made personal attacks on plaintiffs' counsel; he improperly personalized the case by, for example, expressing his rage at Plaintiffs for wasting everybody's time (including the jury) and Defendants' money to hire an attorney, by bringing a frivolous case; he used improper language; and he tried to demonstrate lack of merit to Plaintiffs' case by referring to the fact that Plaintiffs' counsel objected to an exhibit, which consisted of a log of incoming calls to the business, and that was excluded by the Court.[1]  However,

---

[1] **In addition to the complaints about improper references to the excluded exhibit and the personal address to a juror (who stated in voir dire that she was studying for an exam), in which defense counsel stated, "I hope you didn't flunk your exam for this case, that would be a terrible, terrible tragedy," Plaintiffs' counsel describes the improper arguments as follows (citations to transcript omitted):**

> **Called Plaintiffs liars, arrogant and dishonest, giving his own testimony not previously in evidence as to whether he reads posters [regarding overtime requirements] while making coffee, imitating Plaintiff's voice, comparing Plaintiffs to criminals and criminal defendants, stating that this case is a waste of the Court and juries [sic] time, referring to Plaintiffs' "balls'" referring to Plaintiffs and their attorney's "cahonas," comparing Plaintiffs' case to robbing a bank, stating that by Plaintiffs' bringing this claim they were robbing Defendant, and . . . stating . . . "I am allergic to dishonesty.  It gives me this violent reaction.  These guys on the other hand are allergic to the truth . . . .**

4

the undersigned finds that these comments, viewed in the context of the totality of the case, did not affect substantial justice, and do not rise to the level at which a new trial is appropriate.

At the outset, the undersigned acknowledges that the better practice would have been for the Court to step in and admonish defense counsel even in the absence of an objection. However, during the course of the argument, the undersigned concluded that the failure to object was a strategic choice made by an extremely experienced plaintiff's counsel who has tried many, many FLSA cases in this District, and decided to let nature run its course. It was obvious that the jury had a negative reaction to the argument of defense counsel–at several points during the argument where defense counsel was trying to inject humor into his argument, he even commented to the jury that he was not getting any laughs. In addition, his coarse language provoked looks of distaste on the face of certain jurors.

Moreover, Plaintiffs' counsel very effectively responded to defense counsel's argument. Plaintiffs' counsel directly discussed the personal attack on himself by stating, "My mama told me sticks and stones can break your bones, but words will never hurt you." Plaintiffs' counsel also responded to defense counsel's claimed outrage over the fact that Defendants had to pay attorney's fees to fight this lawsuit, by stating that if Defendants' counsel was so concerned, he should return his fees to Defendants so that they could pay the overtime due to his clients. The undersigned noted that all the jurors, as well as Defendant Sanchez, laughed responsively to this comment.

Finally, the reference to the excluded incoming telephone call logs was not significant. In this regard, it is important to note that the first mention of the existence of these logs occurred during the direct examination of Defendant Sanchez as Plaintiffs'

5

first witness.  Defendant Sanchez had used outgoing long distance telephone call logs to support his claim that the hours worked by Plaintiffs were less than 40 hours per week, and that Plaintiff Brandt had taken long lunch hours.  He was questioned by Plaintiffs' counsel concerning the use of these logs, and was specifically asked if he had looked at the incoming calls, which he admitted that he had not.  Later during the course of the trial, defense counsel sought to introduce the incoming call logs, and the court excluded them since they had not been turned over in discovery.  However, there was testimony that neither the outgoing call logs nor the incoming call logs would reflect local calls; and, in addition, the incoming call logs would not reflect who handled the incoming call.  Thus, although it was certainly improper for defense counsel to refer to the fact that the incoming call logs were excluded because of the objection by Plaintiffs' counsel, they were of such marginal value that the brief reference to them in closing argument did not substantially affect the fairness of the trial.

Moreover, the jury instructions given by the Court were sufficient to overcome the improper closing argument.  In the Court's preliminary instructions, which were given at the commencement of the case, the jury was specifically advised that if an objection was sustained, the jury should not guess or speculate what the answer might have been, nor should they draw any inferences or conclusions from the question itself.  In addition, the jury was advised that the statements made by the lawyers at the beginning of the case as well as the arguments they present at the end of the case were not to be considered as evidence in the case.  This cautionary instruction was reiterated in the final instructions given after closing arguments, where the jury was specifically advised that their decision should not be influenced in any way by sympathy or prejudice; and, that in their deliberations, they should consider only the evidence–that is, the testimony of the

witnesses and exhibits admitted in the record. The jury was specifically reminded that anything the lawyers said was not evidence in the case, and that it was their recollection and interpretation of the evidence that controlled.

In determining that Plaintiffs' substantial rights were not affected by the improper closing arguments, the undersigned has examined the evidence as a whole, as well as the jury instructions and the arguments of both counsel. Plaintiffs' cases were extremely weak, and contradicted at various points by documentary evidence. The undersigned is convinced that the improper argument played no role in the jury's verdict.[2]

Therefore, for the reasons stated above, it is hereby

**ORDERED and ADJUDGED** that Plaintiffs' Motion For a New Trial (DE # 118) is **DENIED**.

**DONE AND ORDERED** in chambers, in Miami, Florida, on March 31, 2009.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record via CM/ECF

---

[2] Although not necessary to the decision in this case, the undersigned also finds that Plaintiffs' counsel made a strategic choice not to object, and that the reasons for requiring contemporary objections, as described by the Court in *Oxford Furniture*, *supra.*, apply to the case at bar and doom this late effort to obtain a new trial.