# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

CASE №.: O7-20129-CIV-HUCK
MAGISTRATE JUDGE: SIMONTON

CARLOS B. BRANDT,

      Plaintiff,

      v.

MAGNIFICENT QUALITY FLORALS,
CORP. and MOISES SANCHEZ,

      Defendants.

_____/

## DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND LITIGATION COSTS PURSUANT TO FED.R.CIV.P. 68, or RULE 11, or 27 U.S.C. §1927

Defendants, MAGNIFICENT QUALITY FLORALS, CORP. and MOISES SANCHEZ, move the Court to enter an order awarding entitlement to attorneys' fees and an award of litigation costs pursuant to Fed.R.Civ.P. 68, Rule 11, or 27 U.S.C. §1927 and as prevailing party and more specifically state the following.

      1.     This motion seeks the following relief: the award of costs pursuant to Rule 68; the award of attorneys' fees based on the unreasonable rejection of offers of judgment that were FAR greater than any amount the Plaintiffs could reasonably have expected to recover and/or award of attorneys' fees pursuant to Rule 68.[1]

      2.     After trial, Plaintiff Brandt, who sought over $50,000 in unproven,

_____

[1] Defendants do not believe that common law allows them to recover fees pursuant to their offers of judgment but they argue that the law should be changed or they seek the relief to preserve the demand in case the law has not changed or is other than what counsel believes it to be. The Court granted leave to seek this relief in its order denying post-trial sanctions, so undersigned is unsure whether the Court believes such relief is available and if so, whether the court is correct. In addition, Defendants seek fees pursuant to §1927 as it relates to the unreasonable rejection of the offers of judgment.

unsubstantiated damages, was awarded $600.00, $300 of which were admitted by Defendants and $300 of which were awarded by the jury on an inference. Mr. Lopez, who sought over $9,000 got nothing. Brandt's recovery has been doubled by the Court to approximately $1,200 based on the award of liquidated damages even though Defendants showed at trial that they gave Brandt enormous benefits and flexibility in his work hours, including working far less than the 40 hours he was required to work, and thought as a result that they did not have to pay him overtime the few weeks he worked at least 40 hours per week.

3.      Not one shred of evidence supported the claims, other than the $600.00 awarded by the jury. Yet, without conducting an evidentiary hearing, the court made subjective findings exonerating the Plaintiffs.

4.      Plaintiffs submitted a damages estimate that mocked the requirements of Rule 26. Their deposition testimony was completely different from that offered at trial.

5.      Most of Brandt's claim and all of Lopez's claim were proven to be perjurous.

6.      Defendants submitted a 20-page motion for sanctions and another under Rule 11, dissecting the lack of evidence, the perjury, and the discovery abuses of the Plaintiffs. Defendants submitted a multitude of legal bases, fully researched, on which the Court should have awarded the sanctions sought.

7.      Defendants served upon Mr. Brandt offers of judgment in this case in the amount of $1,000.00 on April 18, 2007 and $8,000.00 on June 5, 2007.[2] Brandt's counsel never made a counteroffer.

8.      Plaintiff, Orestes Lopez, claimed he worked 12 hours of overtime every week and was entitled to $4,570.56, or $9,141.12 after doubling. The jury found he worked no overtime.

---

[2] The offers of judgment are submitted herewith as Composite Exhibits A and B. Exh. A is the set of offers served on April 18, 2007 and Exh. B is the set of offers served on June 5, 2008. The exhibits include the cover-letters which are referred to herein.

9.      Defendants served offers of judgment on Mr. Lopez in the amount of $500.00 on April 18, 2007 and $2,000.00 on June 5, 2008.   Mr. Lopez never made a counteroffer to either of these offers.

10.      The Court denied Defendants' post-trial motions for sanctions.   Defendants incorporate by reference all arguments made in the two motions and the Motion for Reconsideration filed herewith.

11.      To deny Defendants an award of attorneys' fees in this case is to rule that defendants, no matter how frivolous the claims against them, and no matter how much money they offer to settle a case that has no merit, are prisoners of the justice system and should suffer tens of thousands of dollars in losses just because a bad-faith plaintiff wants to damage their businesses.

WHEREFORE, based on the foregoing and the following Memorandum of Law, Defendants, MAGNIFICENT QUALITY FLORALS, CORP. and MOISES SANCHEZ, move the Court enter an order awarding entitlement to attorneys' fees and an award of litigation costs pursuant to Fed.R.Civ.P. 68, Rule 11, or 27 U.S.C. §1927.

## MEMORANDUM OF LAW

### A COST JUDGMENT IN THE AMOUNT OF $2,509.00 SHOULD BE ENTERED IN FAVOR OF THE DEFENDANTS.

There is no question that due to the offers, Defendants are entitled to an award of costs in the amount of $2,509.00.   The bill for these costs is attached hereto and supporting bills are available to Plaintiffs upon request.   All costs sought were essential to the litigation and are recoverable as a matter of law.

## PLAINTIFFS SHOULD BE GRANTED ENTITLEMENT TO ATTORNEYS' FEES

The following is the ***entire Amended*** Statement of Claim (DE 10) submitted by the two

Plaintiffs pursuant to Rule 26, but directly and flagrantly violating that Rule's requirements:

CARLOS BRANDT:

1. Hourly rate= $24.00
2. Overtime rate= $36.00
3. Number of weeks claimed by statute of limitations (3) years= 156
4. Number of average overtime hours worked weekly during applicable time
     period= 5 OT hours weekly.
5. 5 OT hours X 156 weeks X $36.00= $28,080 X (2) UNDER 29 USC
216(B)= **$56,160.00** PLUS FEES AND COSTS TO DATE.

ORESTES LOPEZ:

1. Hourly rate= $10.58
2. Overtime rate= $15.87
3. Number of weeks claimed = 24
4. Number of average overtime hours worked weekly during applicable time
period= 12 OT hours weekly.
5. 12 OT hours X 24 weeks X $15.87= $4,570.56 X (2) UNDER 29 USC
216(B)= **$9,141.12** PLUS FEES AND COSTS TO DATE.

A week after Magistrate Judge, Hon. Peter Palermo presided over the  mediation, on June

5, 2007, Defendants served a second set of offers: $8,000.00 to Brandt and $2,000.00 to Lopez,

inclusive of reasonable attorneys' fees and costs.  (Exh. B to original motion).  Along with this

set of offers, undersigned wrote the following.

> **Please be assured that at the conclusion of this case I will seek sanctions against both of you individually and against your firm.  I am of the strong belief that you are bringing a meritless, fraudulent lawsuit and I believe that you strongly suspect that you are.  I acknowledge that one cannot know for a fact that what your clients are alleging  is false, but the evidence very strongly indicates that and you have absolutely no evidence to support their testimony.**
>
> **The enclosed offers result from the way  the law is drafted, which is unfortunate.  They have nothing to do with any belief on our part that there is the slightest chance we will not prevail in this case.  I believe that accepting these offers is the only responsible, competent action for**

**you to take.**

(Exh. B, p. 7)(emphasis added) .  Brandt received $600.00 in damages, Lopez nothing.  After costs are awarded Defendants, the Plaintiffs will owe them over $1,000.00

Attorneys' fees should be awarded to Defendants whether as sanctions pursuant to §1927, contempt power, inherent power,  Rule 11 or, least likely, Rule 68 §1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case **unreasonably and veraciously** may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (emphasis added).  The purpose of which is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs bear them. Schwartz v. Millon Air, Inc., 341 F.3d 1220, 1225 (11th Cir. 2003); Footman v. Cheung, 341 F.Supp.2d 1218, 1223 (M.D. Fla. 2004) (citing O'Rear v. American Family Life Assurance Co. of Columbus, Inc., 144 F.R.D. 410, 413 (M.D.Fla. 1992)).

To justify an award of sanctions pursuant to Section 1927 (1) the attorney must engage in "unreasonable and vexatious" conduct; (2) the "unreasonable and vexatious" conduct must "multipl[y] the proceedings; and (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct.  McMahan v. Toto, 256 F.3d 1120, 1128 (11th Cir. 2001)(citing Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997)). The most critical question, however, involves the first factor - whether the attorney was engaged "unreasonable and vexatious" conduct.  McMahan, 256 F.3d at 1128.  More specifically, though, "[t]he statute was designed to sanction attorneys who 'willfully abuse the judicial process by conduct tantamount to bad faith'."  Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1544 (11th Cir. 1993)(quoting Avirgan v. Hull, 932 F.2d 1572, 1582 (11th Cir. 1991)).  Section 1927

"does not distinguish between winners and losers, or between plaintiffs and defendants. . .  [i]t is concerned **only** with limiting the abuse of court processes." Footman, 341 F.Supp.2d at 1223 (quoting Roadway Express Inc. v. Piper, 447 U.S. 752 (1980)) (emphasis added).

Unlike other circuits that have required subjective bad faith for an award of fees, the Eleventh Circuit has stated that "§1927 allows district courts to assess attorney's fees against counsel and law firms who willfully abuse the judicial process by 'conduct *tantamount* to bad faith'." Footman, 341 F.Supp.2d at 1223 (quoting Avirgan, 932 F.2d at 1582) (emphasis added); Roadway Express Inc., 447 U.S. at 752.

Courts have awarded fees as sanctions under §1927 and Rule 11 for refusal to settle or negotiate in settlements in good faith, but it is not ruled out as a remedy.  In a case affirmed by the Supreme Court, "The United States District Court for the Southern District of New York, 111 F.R.D. 637, imposed Rule 11 sanctions and imposed sanctions for bad faith refusal of settlement offer." *Pavelic & LeFlore v. Marvel Entertainment Group* 493 U.S. 120, 110 S.Ct. 456 (1989).

## **CONCLUSION**

Somehow or other, for justice to be done in this case, Mr. Zidell, Mr. Brandt and Mr. Lopez must be caused to reimburse Defendants for their attorneys' fees and costs.  Whether by Rule 11 for the filing of their frivolous damages estimate, the Court's contempt power, or inherent authority, §1927 for multiplying litigation by submitting the frivolous damages estimate or for not accepting a settlement offer that was far greater than and bore no relation to any valid claim they had, or by Rule 68, which probably does not apply but should be changed for such a circumstance as this, Magnificent Quality Florals must be repaid in the interests of justice.

WHEREFORE, Defendants, MAGNIFICENT QUALITY FLORALS, CORP. and MOISES SANCHEZ, move the Court to enter an order awarding entitlement to attorneys' fees and an award of litigation costs pursuant to Fed.R.Civ.P. 68 or 27 U.S.C. §1927.

.

RESPECTFULLY SUBMITTED this 10th day of April, 2009.

JEFFREY A. NORKIN, P.A.
*Counsel for Defendants*
2901 NW 126th Ave., #209
Sunrise, FL  33323
954-835-1220
954-337-3765 – fax
Fl. Bar No. 0969966


By:   /S/  Jeffrey A. Norkin
　　　　　 Jeffrey A. Norkin, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via electronic filing on April 10, 2009 on Jamie H. Zidell, Esq., 300 71st Street, Suite 605 Miami Beach, FL  33141; Carmen Hellman, Esq., Zumpano, Patricios & Winker, P.A., 999 Ponce de Leon Blvd., PH 1110, Coral Gables, FL 33134, attorney for Enrique Rodriguez, via U.S. Mail.


By: /s/  Jeffrey A. Norkin, Esq.
　　　　　 Jeffrey A. Norkin, Esq.