**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE # 07-20129 -CIV-HUCK/SIMONTON**

**CONSENT CASE**

CARLOS B. BRANDT et al,
Plaintiffs,

vs.

MAGNIFICENT QUALITY FLORALS CORP.,
MOISES SANCHEZ
Defendants.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS FEES AND LITIGATION COSTS**

COME NOW THE PLAINTIFFS AND UNDERSIGNED COUNSEL and respond to the above-described Defendants' Motion filed on or about 4/10/09 as follows:

**INTRODUCTION**

1. Defendants have already moved for the requested sanctions during post trial motions. The Court denied Defendants' motions and the undersigned shall respond to Defendants' related motion for reconsideration separately.

2. The defense has already sought the said sanctions and was unsuccessful in alleging bad faith conduct by Plaintiffs and counsel.

**MEMORANDUM OF LAW AND ARGUMENT**

First, it should be noted that the defense was unable to obtain a dispositive ruling during the summary judgment phase of this case; such further points to Plaintiffs' good faith prosecution of the case notwithstanding the jury's verdict.

1

A Rule 11 Motion should be denied so long as there is some tenable legal position being argued that is not totally baseless. *See, Brunt v. Service Employees International Union*, 284 F.3d 715 (7th Cir. 2002); *Independent Lift Truck Builders Union v. NACCO Materials Handling Group, Inc.*, 202 F.3d 965 (7th Cir. 2000).

The legal authority on whether to tax attorney fees against a non-prevailing Plaintiff and his/her Counsel in an F.L.S.A. context is *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985.). *Kreager*, citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975), stated " federal courts that award attorney fees, unless statutorily prescribed, follow the "American Rule" as stated in *Alyeska Pipeline*: namely, absent a specific provision of Congress, a litigant may not recover attorney fees. The Eleventh Circuit Court of Appeals, in *Kreager*, further commented that that the F.L.S.A. only explicitly authorizes attorney fees to prevailing plaintiffs: not prevailing defendants. (29 U.S.C. 216(B).

However, according to *Kreager* and *Alyeska Pipeline*, attorney fees may be awarded to a prevailing party if the non-prevailing party conducted the litigation in a bad-faith, vexatious, or oppressive manner. *See Alyeska Pipeline* at 258. This standard has also been applied for ADEA cases as well as the F.L.S.A. *Turlington v. Atlanta Gas Light Company*, 135 F.3d 1428 (11th Cir. 1998).

In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), the Supreme Court stated in a Title VII context that it is important for "a district court [to] resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." There is a definite distinction to be drawn between losing a summary

2

judgment motion and being accused of vexatious litigation—the latter which did not occur in this case. *See also* bad faith analysis in *Monk v. Roadway Express, Inc*., 599 F.2d 1378, 1382-83 (5th Cir. 1979); *Loftus v. Southeastern Pennsylvania Transportation Authority*, 8 Fed.Supp. 2d 458; 1998 U.S. Dist. LEXIS 6650 (E.Dist. Pa. 1998). In this case, Plaintiffs made it beyond the summary judgment phase, and Plaintiff Brandt obtained a small jury award.

Further, a number of courts have cautioned, however, that the power to impose sanctions "should be exercised with restraint, lest the prospect chill the ardor of proper and forceful advocacy on behalf of [the] client."). *See, Lino L. Alphonso v. Pitney Bowes, Inc. and Norm Sommer*, 356 F. Supp. 2d. 442 (Dist. N.J. 2005). For the reasons as detailed above, the Plaintiffs' and counsel's conduct in this case was not in bad-faith, vexatious or oppressive.

In the instant case, Plaintiffs made it past summary judgment, and Plaintiff Brandt did recover a small jury award. As such, this Court should find that Plaintiffs' claims were not totally baseless, bad faith, vexatious etc., and deny the instant motion. Plaintiffs did not vexatiously multiply the proceeding in violation of section 1927, and 29 USC 216(b) is not a fee shifting statute entitling Defendants to attorneys fees.

As to costs, Plaintiff Brandt obtained a jury award and therefore should not be held for any costs as the prevailing party. Should the Court award any costs against Plaintiff Lopez as he did not prevail at trial, such should only be in an amount attributable to Lopez' portion of the claim---Defendants should be required to demonstrate which costs are only attributed to defending against Plaintiff Lopez' claim.

WHEREFORE, THE DEFENDANTS' MOTION OUGHT BE DENIED IN ITS ENTIRETY.

Respectfully submitted,

K. DAVID KELLY, ESQ.
J.H. ZIDELL, P.A.
ATTORNEY FOR PLAINTIFF
300 71ST STREET, #605
MIAMI BEACH, FLA. 33141
PH: 305-865-6766
FAX: 305-865-7167
EMAIL: KRL_KELLY@YAHOO.COM
F.B.N. 0123870
BY:_____/s/ K. David Kelly_____
K. DAVID KELLY, ESQ.

CERTIFICATE OF SERVICE:

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT SUBSEQUENT TO E-FILING TO:

ATTORNEYS LISTED ON E-FILING LIST

JEFFREY A. NORKIN, ESQ.
8751 W. BROWARD BLVD., STE. 307
PLANTATION, FL 33324
FAX: 954-337-3765

BY:__ /S/ K. DAVID KELLY _____
K. DAVID KELLY, ESQ.