**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  07-20129-CIV-HUCK/SIMONTON**
**CONSENT CASE**

**CARLOS BRANDT and**
**ORESTES LOPEZ,**

      **Plaintiffs,**

**v.**

**MAGNIFICENT QUALITY FLORALS**
**CORP. and MOISES SANCHEZ,**

      **Defendants.**

_____/

**ORDER DENYING DEFENDANTS'**
**MOTION FOR SANCTIONS**

      Presently pending before the Court is the Defendants' Motion for Sanctions (DE #
179).  The Plaintiff has filed a Response (DE # 181) and the Defendants have filed a
Reply (DE # 182).

    **I.**      **BACKGROUND**

      Plaintiffs Carlos Brandt and Orestes Lopez filed this lawsuit against Defendants
Magnificent Quality Florals Corporation ("Magnificent") and Moises Sanchez to recover
overtime wages allegedly owed to them pursuant to the Fair Labor Standards Act.  Both
Plaintiffs were employed by Magnificent, and it was undisputed that the owner, Moises
Sanchez, was individually liable as an employer.  The Plaintiffs each contended that
during the course of their employment, they worked more than 40 hours weekly, but
were not paid overtime in accordance with the requirement of the Fair Labor Standards
Act.  Defendants, on the other hand, contended that Plaintiff Brandt worked only nine
hours of overtime for which he was not compensated; and that Plaintiff Lopez never
worked overtime.  Following a jury trial, the jury returned a verdict which found that
Plaintiff Brandt worked a total of 18 hours of overtime, and that Plaintiff Lopez did not

work any hours of overtime.  The jury also found that Plaintiff Brandt had failed to prove that the Defendants either knew or showed reckless disregard for the matter of whether their conduct was prohibited by the Fair Labor Standards Act.

The Defendants then filed a Motion for Judgment of Dismissal and Monetary Sanctions pursuant to Fed.R. Civ.P. Rules 26 and 68, 28 U.S.C. § 1927, and the Court's Inherent Authority to Impose Sanctions and for Contempt Proceedings For Perjury and Suborning Perjury (DE # 117); and a Motion for Sanctions Pursuant to Rule 11, Including Dismissal with Prejudice and Attorneys' Fees and Costs (DE # 124).  The Court issued an Order denying both Motions (DE # 132). Defendants then filed a Motion for Reconsideration of that Order (DE # 136) which this Court also denied (DE # 147).

The Plaintiffs filed a Motion for New Trial and for Reimbursement of Fees for Trial and Trial Preparation (DE # 118).  The Court denied the Plaintiffs' Motion (DE # 135) and entered a final judgment in favor of the Defendants against Plaintiff Orestes Lopez, and in favor of Plaintiff Carlos Brandt against the Defendants (DE # 134).  Specifically, the Final Judgment stated that final judgment was entered in favor of Defendant against Plaintiff Orestes Lopez, and was entered in favor of Plaintiff Carlos Brandt against Defendants in the total amount of $1,208.52, "for which execution shall issue." (DE #134).

The Plaintiffs then filed a Notice of Appeal appealing the Final Judgment based on the Order Denying Plaintiffs' Motion for New Trial (DE #140).

The Defendants  filed a Notice of Cross-Appeal appealing the Orders Denying Defendants' Motions for Judgment of Dismissal and Sanctions (DE # 148).

On August 17, 2010, the Eleventh Circuit Court of Appeals issued its Mandate on the Parties' respective appeals, wherein the Appellate Court affirmed the decision of the

undersigned's decisions denying both the Plaintiffs' Motion for New Trial and the Defendants' Motion for Sanctions (DE # 166).

The instant Motion followed.

## II.    DEFENDANTS' MOTION FOR SANCTIONS

In the Motion, the Defendants seek sanctions against the Plaintiffs' Counsel based upon the statements made by the Plaintiffs' Counsel in Plaintiff Carlos Brandt's Motion for Attorney Fees (DE # 178).  Specifically, Defendants request that the Court strike Mr. Brandt's Motion for Attorney's Fees and that the Defendants be awarded a judgment for fees for Plaintiffs' Counsel's written statements regarding Defendants' Counsel in that Motion.  According to the Defendants, the Plaintiff's submissions related to the request for Attorney's Fees contain "outrageous, unethical, unfounded and false personal attacks on Defendant Counsel" (DE # 179 at 2).  The Defendants take particular exception to the Plaintiffs' reference to two other cases in which Counsel for the Defendant was involved, Carlson and Greenberg.  Specifically, the Defendants contend that Defendant Counsels' conduct in those cases was "impeccable" and that there is "simple and irrefutable evidence the exonerates the undersigned in those matters." (DE # 179 at 3).  In addition, Counsel for the Defendant accuses Plaintiffs' Counsel of submitting fraudulent claims and outrageous legal bills (DE # 179 at 3-4).

In response, Counsel for the Plaintiffs asserts that this Court has already determined that sanctions are not appropriate related to Counsel for the Plaintiff's actions in litigating the substantive issues of this case, and has been affirmed by the Eleventh Circuit Court of Appeals (DE # 181).  In addition, Counsel for the Plaintiffs request that this Court impose fees and costs on the Defendants and Defendants' Counsel pursuant to 28 U.S.C. § 1927 for vexatiously multiplying the proceedings and for

the Defendants' continued efforts to "punish" the Plaintiffs and Plaintiffs' Counsel through the imposition of sanctions against the Plaintiffs.

In its Reply, the Defendants contend that the Plaintiffs' response to the Motion for Sanctions fails to address the new issues raised by the Defendants related to the Plaintiffs' Motion for Attorneys' Fees, which according to the Defendants have never been address in any other motion.  In addition, the Defendants re-assert that its was improper for Plaintiffs' Counsel to interject issues related to Counsel for the Defendants' prior conduct.

III.   <u>LAW & ANALYSIS</u>

The Defendants seek to strike Plaintiff Brandt's Motion for Attorney's Fees based upon the Plaintiff's Counsel's reference to other litigation involving Defendants' Counsel.  However, assuming *arguendo* that the Plaintiffs' Counsel's statements in the Motion for Attorney's Fees were improper, such actions do not provide a proper basis for striking Plaintiff Brandt's Motion for Attorney's Fees.  Defendants' Counsel has failed to cite to any legal authority for his contention that improper statements by opposing counsel should result in the entire pleading being stricken rather than striking those allegedly improper statements.

Indeed, Federal Rule of Civil Procedure 12 (f) provides, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter."  Fed.R.Civ.P. 12 (f).  As such, even if the Court agreed with Defendant Counsel's assertion, the appropriate remedy would be to strike those statements from the Motion, rather than striking the entire Motion Attorney's Fees.

Moreover, the undersigned finds the Defendants' allegations regarding the impropriety of Counsel for the Plaintiff's statements meritless. Rather, the undersigned

finds nothing inherently wrong with referring to conduct of opposing counsel in other matters, where opposing counsel is seeking sanctions for plaintiff's counsel's alleged misconduct.  To the extent Defendants' counsel cites to the Rules Regulating the Florida Bar, the undersigned concludes that  the record evidence in this case does not support the Defendants' contentions regarding Plaintiff's Counsel's conduct.

Further, the undersigned concludes that, although the Defendants' Motion for Sanctions is without merit, the filing of that Motion does not rise to the level of sanctionable conduct pursuant to 28 U.S.C. § 1927.  In particular, although § 1927 allows district courts to assess attorney's fees against litigants, counsel, and law firms must willfully abuse the judicial process by conduct tantamount to bad faith in order for such sanctions to be appropriate. *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir.1991)*; Amlong & Amlong P.A. v. Denny's Inc.,* 500 F.3d 1230 (11th Cir. 2007).

Therefore, it is

**ORDERED and ADJUDGED** that the Defendants' Motion for Sanctions (DE # 179) is **DENIED**.  It is further

**ORDERED and ADJUDGED** that Plaintiff's request for sanctions against the Defendants pursuant to 28 U.S.C. § 1927 (DE # 181) is also  **DENIED.**

**DONE AND ORDERED** in chambers, in Miami, Florida, on September 30, 2011.

*Andrea M. Simonton*

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
All counsel of record via CM/ECF