**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  07-20129-CIV-HUCK/SIMONTON**
<u>**CONSENT CASE**</u>

**CARLOS BRANDT and**
**ORESTES LOPEZ,**

　　　　**Plaintiffs,**

**v.**

**MAGNIFICENT QUALITY FLORALS**
**CORP. and MOISES SANCHEZ,**

　　　　**Defendants.**

_____/

<u>**ORDER ON PLAINTIFFS' RE-FILED AND**</u>
<u>**VERIFIED MOTION FOR ATTORNEY FEES AND**</u>
<u>**DEFENDANTS' RENEWED MOTION FOR ATTORNEYS'**</u>
<u>**FEES AND COSTS**</u>

　　　　Presently pending before the Court are the Plaintiff's Verified Motion and Re-Filed

Verified Motion for Attorney Fees and Costs (DE ## 141, 175) as to Carlos Brandt, and the

Defendants' Motion for Attorneys' Fees and Litigation Costs Pursuant to Fed. R. Civ. P.

68, or Rule 11, or 27 U.S.C. § 1927 and Renewed Motion for Attorneys' Fees (DE ## 137,

169).  Both Parties have filed Responses (DE ## 145, 177) to the Motions and the Parties

have filed their respective Replies (DE ## 146, 178).

　　　　For the following reasons, and based upon a review of the entire record, the

undersigned concludes that Plaintiff Carlos Brandt is entitled to recover attorneys' fees

as a prevailing plaintiff under the FLSA.  However, pursuant to the cost-shifting

provisions of Federal Rule of Civil Procedure 68, the Defendants are entitled to recover

their post-offer costs from Plaintiff Brandt because the offer of judgment made by the

Defendants was more favorable than the judgment obtained by the Plaintiff.

　　　　Therefore, Plaintiff Brandt's Re-Filed and Verified Motion for Attorney Fees and

Costs is granted, in part.  The Plaintiff is awarded attorneys' fees in the amount of

$19,123.35 and costs in the amount of $1,072.00, for a total award in fees and costs of $20,195.35.  In addition, the Defendants' Renewed Motion for Attorneys' Fees is granted, in part, and the Defendants are awarded costs in the amount of $809.18 against Plaintiff Brandt.

I.    **BACKGROUND**

Plaintiffs Carlos Brandt and Orestes Lopez filed this lawsuit against Defendants Magnificent Quality Florals Corporation ("Magnificent") and Moises Sanchez to recover overtime wages allegedly owed to them pursuant to the Fair Labor Standards Act.  Both Plaintiffs were employed by Magnificent, and it was undisputed that the owner, Moises Sanchez, was individually liable as an employer.

The Plaintiffs each contended that during the course of their employment, they worked more than 40 hours weekly, but were not paid overtime in accordance with the requirement of the Fair Labor Standards Act.  Defendants, on the other hand, contended that Plaintiff Brandt worked only nine hours of overtime for which he was not compensated; and that Plaintiff Lopez never worked overtime.

Plaintiff Brandt filed a Statement of Claim asserting that he was owed overtime compensation for an average of five hours each week for 156 weeks, and thus sought $56,160.00, including liquidated damages, but exclusive of fees and costs (DE # 5). Plaintiff Orestes Lopez indicated in the Statement of Claim that he was owed overtime compensation for an average of twelve hours each week for twenty-four weeks, and thus sought $9,141.12, including liquidated damages, but exclusive of fees and costs (DE # 5).

On June 5, 2007, Defendants made an Offer of Judgment to Plaintiff Brandt in the

2

total amount of $8,000.00 (DE # 137-2 at 1-3).[1]   The Offer stated that the offer, if accepted, shall resolve all claims by Plaintiff Brandt against Defendants *including claims for attorneys' fees and costs.*[2]

On June 5, 2007, Defendants made an Offer of Judgment to Plaintiff Lopez in the total amount of $2,000.00 (DE # 137-2 at 4-6). The Offer stated that the offer, if accepted, shall resolve all claims by Plaintiff Lopez against Defendants *including* claims for attorneys' fees and costs.

The Defendants filed a Motion for Final Summary Judgment contending that there was no evidence that the Plaintiffs ever worked more than forty hours a week for the Defendants, and, additionally argued that based upon telephone records, computer activity records, and pay records, it appeared that the Plaintiffs' claims were "bogus and fraudulent." (DE # 62).  In the Motion, the Defendants admitted that they did not maintain a punch-card or other time-keeping system.  In response, the Plaintiffs contended that

---

[1] **Plaintiff Brandt contends that although the Offer of Judgment was faxed on June 5, 2007, it was also mailed via U.S. Mail.  Thus, for purposes of determining when the Plaintiff was served with the Offer of Judgment, the Plaintiff asserts that June 8, 2007, is the proper date of service, which reflects the addition of three days under Fed. R. Civ. P. 6(d) based upon service made by mailing pursuant to Fed. R. Civ. P. 5(b)(2)(E) (DE # 175 at 2 n. 3). The Defendants have not contested this assertion.  Thus, for the remainder of the Order, the undersigned refers to the Offer of Judgment as being made on June 8, 2007, and calculates all relevant fees and costs using that date.  The undersigned notes, however, that the result would not be altered if June 5, 2007, was used as the operative date of service of the Offer of Judgment.**

[2] **Previously, on April 18, 2007, the Defendants made an Offer of Judgment to Plaintiff Brandt in the total amount of $1,000.00 (DE # 137-1 at 1-3).  The Offer stated that the offer, if accepted, shall resolve all claims by Plaintiff Brandt against Defendants excluding Plaintiff's claims for attorney's fees and costs, for which the Court would retain jurisdiction to award.  Similarly, On April 18, 2007, Defendants made an Offer of Judgment to Plaintiff Lopez in the total amount of $500.00 (DE # 137-1 at 4-6).  The Offer stated that the offer, if accepted, shall resolve all claims by Plaintiff Brandt excluding Plaintiff's claims for attorney's fees and costs, for which the Court would retain jurisdiction to award.  Neither of these Offers of Judgment alter the Court's analysis of the June 8, 2007, Offers of Judgment.**

genuine issues of material fact remained regarding how many hours the Plaintiffs worked each week for the Defendants, and contended that the Defendants' Motion was baseless and frivolous (DE # 66).  The Court denied the Defendants' Motion for Summary Judgment noting that, although the Defendants made a strong case that the Plaintiffs did not work any uncompensated overtime hours, the Plaintiffs had provided competent evidence that they had, in fact, worked uncompensated overtime hours (DE # 73).  The Court therefore concluded that issues in dispute had to be decided by a finder of fact and not as a matter of law.   The Court also determined that the Defendants' Motion for Summary Judgment was not frivolous.

A five-day jury trial was held on this matter between February 25, 2008, through February 29, 2008 (DE ## 93-97).  The jury returned a verdict finding that Plaintiff Brandt worked a total of 18 hours of overtime, and that Plaintiff Lopez did not work any hours of overtime (DE ## 93-97, 101).  According to the Verdict Form, the jury found that the Defendants owed Plaintiff Brandt $332.28 for nine hours of overtime that the Defendants admitted was worked by the Plaintiff for February 2008, and the jury further found that the Defendants owed Plaintiff Brandt an additional nine hours of overtime compensation totaling $271.98 for work performed between January 17, 2005 and October 1, 2006 (DE # 101).  The jury also found that Plaintiff Brandt had failed to prove that the Defendants either knew or showed reckless disregard for the matter of whether their conduct was prohibited by the Fair Labor Standards Act.

The Defendants then filed a Motion for Judgment of Dismissal and Monetary Sanctions pursuant to Fed. R. Civ. P. 26 and 68, 28 U.S.C. § 1927, and the Court's Inherent Authority to Impose Sanctions and for Contempt Proceedings For Perjury and Suborning Perjury (DE # 117); and, a Motion for Sanctions Pursuant to Rule 11, including

4

Dismissal with Prejudice and Attorneys' Fees and Costs (DE # 124).  The Court issued an Order denying both Motions (DE # 132).  The Defendants then filed a Motion for Reconsideration of that Order (DE # 136), that this Court also denied (DE # 147).

The Plaintiffs filed a Motion for New Trial and for Reimbursement of Fees for Trial and Trial Preparation (DE # 118).  The Court denied the Plaintiffs' Motion (DE # 135) and entered a final judgment in favor of the Defendants against Plaintiff Orestes Lopez, and in favor of Plaintiff Carlos Brandt against the Defendants (DE # 134).  Specifically, the Final Judgment stated that final judgment was entered in favor of the Defendants against Plaintiff Orestes Lopez, and was entered in favor of Plaintiff Carlos Brandt against the Defendants in the total amount of $1,208.52, "for which execution shall issue." (DE # 134).  Both Parties filed Motions seeking to recover their Attorney's Fees and Costs from the opposing Party (DE ## 137, 141).

The Plaintiffs then filed a Notice of Appeal indicating that the Plaintiffs were appealing the Final Judgment based on the Order Denying Plaintiffs' Motion for New Trial (DE #140).  The Defendants filed a Notice of Cross-Appeal indicating that the Defendants were appealing the Orders Denying Defendants' Motions for Judgment of Dismissal and Sanctions (DE # 148).

While the cross-appeals were pending, the undersigned abated the Parties' Motions for Attorney's Fees and granted the Parties' leave to reactivate those Motions within thirty days of the Eleventh Circuit Court of Appeals' resolution of the Parties' appeals (DE # 163).

On August 17, 2010, the Eleventh Circuit Court of Appeals issued its Mandate on the Parties' respective appeals, and affirmed the Orders denying both the Plaintiffs' Motion for New Trial and the Defendants' Motion for Sanctions (DE # 166).

The instant Motions followed.  Plaintiff has submitted a Re-Filed and Verified Motion for Attorney Fees and Costs (DE # 175) and the Defendants have submitted a Renewed Motion for Attorneys' Fees (DE # 169).  Both Parties have filed Responses to the Motions and the Parties have filed their respective Replies.

## II.   PLAINTIFF BRANDT'S MOTION FOR ATTORNEYS' FEES

### A.   Parties' Positions

Plaintiff Brandt has re-filed his Motion for Attorneys' fees requesting that he be awarded $95,272.50 for the Attorneys' Fees consisting of 314.80 hours of work performed during the trial and appeal of this matter; and, additionally indicates that he also will seek to recover his attorneys' fees for the time expended in drafting a Reply to the Motion (DE # 175 at 7).[3]  In support of the amount requested, Plaintiff Brandt contends that because the jury returned a verdict in his favor, and a final judgment was entered in his favor, that was affirmed on appeal, he is entitled to a mandatory recovery of attorneys' fees as a prevailing Plaintiff under the FLSA.  In addition, he contends that although the attorneys' fees requested are much greater than the $1,208.52 award granted to Mr. Brandt, such attorneys' fees are nonetheless reasonable based upon the conduct of Counsel for the Defendants which "unnecessarily created far more work and sheer aggravation in this case than was warranted." (DE # 175 at 5).  As part of this contention, in a footnote, Plaintiff's Counsel refers to certain statements made by Defendants' Counsel in closing argument, and further cites to an opinion issued in another FLSA case where Defendants' Counsel was found to have contributed to the

---

[3]  Counsel for the Plaintiffs have only sought to recover attorneys' fees on behalf of Plaintiff Brandt who prevailed at trial.  Counsel for the Plaintiffs does not request that Mr. Lopez be granted his attorneys fees, and thus the undersigned limits this analysis to reasonable fees and costs that Mr. Brandt is entitled to recover as a prevailing plaintiff, under the FLSA.

acrimonious nature of the litigation (DE # 175 at 5 n 7).  In addition, Plaintiff's Counsel submits that he has "pared down" the time entries requested in the Motion to reflect time spent only on  Mr. Brandt's claims, or time that would have been spent on Mr. Brandt's claims irrespective of Mr. Lopez's participation in the law suit.[4]

In Response to the Re-Filed Motion, the Defendants incorporate their response to the Plaintiff's original Motion for Attorney's Fees (DE # 145).  In the Defendants' Original Response, the Defendants contended that Plaintiff's Counsel was not entitled to the fees sought because the claims made by both of the Plaintiffs had no basis in fact, were never substantiated, and ultimately resulted in only one Plaintiff, Carlos Brandt, being awarded $1,200.00, far less then the $56,000 damage estimate originally submitted by Plaintiff Brandt.  Further, the Defendants contend that Plaintiff Brandt's recovery is even less significant because the Defendants conceded that Mr. Brandt was owed payment for one of the two days for which the jury awarded damages.  Defendants contend that even though Mr. Brandt was awarded some damages, he still should not be considered a prevailing party because the award was not related to Brandt's claim; but, rather, only reflected one "aberrant week per year before the industry's busiest holiday," *i.e.,* Valentine's Day, for which the Defendants failed to pay Plaintiff Brandt overtime.

In addition, the Defendants challenge whether the Plaintiff actually "pared down" the attorney's fees request to only reflect the time actually spent only on Mr. Brandt's claim rather than the unsuccessful claim by Mr. Lopez (DE # 145 at 3).  The Defendants also question the appropriateness of two of Plaintiffs' lawyers attending the trial. Further, the Defendants contend that the Plaintiff's Motion is improper because it

---

[4]  There is no specification, however, with respect to what time was "pared down."

attempts to "taint the tribunal" by raising issues related to Defense Counsel's conduct in another FLSA action.  Finally, the Defendants assert that the Plaintiff should have accepted the offers of judgment made by the Defendants, and assert that if fees are awarded, they should be limited to those incurred by Plaintiff's Counsel's drafting and filing of the complaint (DE # 145 at 13).

In the Defendants' Response to the Re-Filed Motion, the Defendants raise two additional arguments regarding the Plaintiff's request for attorneys' fees.  First, the Defendants contend that the Plaintiff should not be excused from having to submit an expert opinion in support of the request for attorneys' fees, because according to the Defendants, in this case, the Plaintiff's would be unable to obtain the testimony from an expert that the attorneys' fees are reasonable.  Defendants contend that this is particularly true because the Plaintiffs failed to accept the offer of judgment made by the Defendants to both Plaintiffs totaling $9,000.00.

Second, the Defendants criticize the Plaintiff's Motion as improperly focusing on another case that was previously litigated by Counsel for the Defendant (DE # 177 at 2).  In so doing, the Defendants contend that the instant case was litigated in bad faith and further contend that Plaintiff's counsel refused to engage in meaningful settlement negotiations.  Defendants therefore contend that the Plaintiff's Motion should be denied in its entirety, and submit that, instead, the Defendants should be awarded a judgment for fees, as requested in their Motion for Attorneys' Fees and Litigation Costs (DE # 177 at 5).[5]

In his Original and Revised Reply, the Plaintiff contends that the Defendants did

---

[5]  In a related memorandum, the Defendants challenge the request for fees in connection with appellate proceedings (DE # 179 at 7).  The Plaintiff filed a Memorandum on Compensability of Appellate Attorney's Fees in response (DE # 180).

not admit liability for any portion of Mr. Brandt's overtime claim until the trial, when the Plaintiff moved for a directed verdict (DE ## 146, 178).  In addition, the Plaintiff contends that it is not uncommon under the FLSA for attorney's fees to exceed the amount of judgment, and further asserts that it is not unreasonable for two attorneys to appear at the trial of a case.  Further, the Plaintiff contends that his Counsel did attempt to make a counter-offer to the Defendants' offer.

For the reasons stated below, the undersigned concludes that Plaintiff Brandt is entitled to an award of attorneys' fees as the prevailing party; and, that the reasonable value of attorneys' fees equals $19,123.25, not the $95,272.50 requested.

     **B.**    **Entitlement to Fees**

        **1.**    **Attorneys' Fees under the FLSA**

It is well established that a prevailing FLSA plaintiff is entitled to recover attorneys' fees and costs, based upon the plain language of the FLSA, which provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b); *see also Silva v. Miller*, 547 F. Supp. 2d 1299, 1304 (S.D. Fla. 2008).

Thus, because a Final Judgment in the amount of $1,208.52 was entered on Plaintiff Brandt's behalf related to his claims under the FLSA, he is a prevailing plaintiff under the FLSA statute and entitled to recover his reasonable attorneys' fees from the Defendants.

        **2.**    **Attorneys' Fees under Federal Rule of Civil Procedure 68**

As stated above, notwithstanding the entry of a Final Judgment in favor of Plaintiff Brandt, the Defendants assert that Plaintiff Brandt is not entitled to recover his

attorneys' fees for a variety of reasons, including the cost shifting provisions of Fed. R. Civ. P. 68.  Specifically, according to the Defendants, because Plaintiff Brandt did not accept the Defendants' June 8, 2007, Offer of Judgment, and ultimately did not obtain a more favorable judgment after trial, he is not entitled to recover his attorneys' fees.[6]

In contrast, Plaintiff Brandt contends that as a prevailing plaintiff under the FLSA, he is not precluded from recovering a reasonable attorney fee from the Defendants merely because the offer of judgment was not better than the recovery that he received.

For the following reasons, the undersigned concludes that Plaintiff Brandt is entitled to seek to recoup his attorneys' fees from the Defendants, notwithstanding the provisions of Rule 68.

Federal Rule of Civil Procedure 68, provides in relevant part,

> **(a) Making an Offer; Judgment on an Accepted Offer.** At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
>
> **(b) Unaccepted Offer.** An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.
> . . . .
>
> **(d) Paying Costs After an Unaccepted Offer.** If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed.R.Civ. P. 68.  Thus, as stated by the Supreme Court in *Marek v. Chesny*, 473 U.S. 1, 4

---

[6] The Defendants also challenge Plaintiff Brandt's entitlement to costs pursuant to Fed.R.Civ.P. 68.  The Plaintiffs' request for costs is analyzed separately below.

(1985), "Rule 68 provides that if a timely pretrial offer of settlement is not accepted and the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." (citations omitted). The plain purpose of Rule 68 is to encourage settlement and avoid litigation. *Id.* The Rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits. *Id.*

In *Arencibia v. Miami Shoes, Inc.*, 113 F.3d 121 (11th Cir. 1997), the Eleventh Circuit referenced *Marek*, and held that in order to determine whether "costs" awarded under Rule 68 include attorney's fees, the court should be guided by the underlying substantive statute's definition of "costs." *Id.* In application of that holding, the Court determined that, after a plaintiff accepted an offer of judgment that was silent as to the issue of attorney's fees or costs, the district court was correct in retaining jurisdiction for purposes of determining costs, but erred in retaining jurisdiction for purposes of determining attorney's fees, stating, "Because § 16(b) of the FLSA does not define 'costs' to include attorney's fees, the district court erred in reserving jurisdiction to award [the plaintiff] attorney's fees." *Id.* at 1214. *Accord Marek v. Chesny*, 473 U.S. 1, 26 n. 32 (1985) (*dissent*), (distinguishing FLSA from the Railway Labor Act ("RLA") because the FLSA provides for fees and costs, where the RLA provides for fees, as part of the costs.) Thus, in an FLSA action, the "costs" considered in connection with Rule 68 issues do not include attorney's fees.

Using the same framework for analysis, although not in the FLSA context, in *Utility Automation 2000., Inc. v. Choctawhatchee Electric Cooperative*, Inc., 298 F.3d 1238 (11th Cir. 2002), the Eleventh Circuit reversed a district court's denial of a plaintiff's

motion for attorney's fees after the plaintiff accepted an offer of judgment.[7]  The Court

noted that neither the substantive statute in the matter, the Alabama Trade Secrets Act,

nor the specific contract at issue, defined "attorney's fees" as "costs," and therefore the

plaintiff could seek attorney's fees, independent of the "costs" included in the Rule 68

offer of judgment.

Consistent with these cases, in *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313,

1325 (M.D. Fla. 2001), the Court stated, "Rule 68 does not bar any award of attorney fees

in an FLSA case for services rendered after a Rule 68 offer is made and a plaintiff

recovers less than the amount offered in settlement."  *Accord Haworth v. Nevada*, 56

F.3d 1048, 1052 (9th Cir. 1995); *Dalal v. Alliant Techsystems, Inc.*, 182 F.3d 757, 760 (10th

Cir. 1999); *Fegley v. Higgins*, 19 F.3d 1126, 1135 (6th Cir. 1994); *Sheppard v. Riverview

Nursing Center, Inc.*, 88 F.3d 1332 (4th Cir. 1996).

Similarly, in *Valencia v. Affiliated Group, Inc.*, 674 F. Supp. 2d 1300 (S.D. Fla.

2009), the Court held that Rule 68 did not preclude a plaintiff proceeding under the Fair

Debt Collection Act from recovering its post-offer attorneys' fees where the plaintiff

declined an offer of judgment and ultimately obtained a less favorable judgment.  In

reaching its conclusion, the Court noted that the Fair Debt Collection Act defined

"costs" as separate from "attorney's fees" and thus permitted the plaintiff to seek those

fees notwithstanding the cost shifting provisions of Rule 68. *Id.* at 1305.  The analysis

---

[7] In *Utility Automation*, the Court initially had to resolve the issue of whether the plaintiff's acceptance of the offer of judgment, which was silent as to whether attorney's fees were included as part of "costs," effectively waived the plaintiff's right to seek to recover attorney's fees, either as part of those "costs," or based upon an independent source for attorney's fees.  The issue regarding the effect of an offer of judgment that does not specifically refer to attorneys fees is not present in the instant matter because the June 8, 2007 Offer of Judgment specifically noted that the offer was inclusive of attorneys' fees (DE #

provided by the Court in *Valencia* is persuasive, and is adopted herein.

Thus, based upon the clear language of the FLSA which provides that a prevailing plaintiff is entitled to attorney's fees *and* costs, the Court concludes that Plaintiff Brandt, as a prevailing plaintiff under the FLSA, is not precluded from seeking his fees irrespective of  the resolution of issues related to the Defendants' Offers of Judgment. Rather, as stated in *Wales*, "[t]he appropriate approach, . . .is to consider a Rule 68 offer in determining the reasonableness of an attorney's fee. Thus, "[w]hen a plaintiff rejects a Rule 68 offer, the reasonableness of an attorney fee award under the FLSA will depend, at least in part, on the district court's consideration of the results the plaintiff obtained by going to trial compared to the Rule 68 offer." *Wales*, at 1325, *citing Haworth v. Nevada*, 56 F.3d 1048, 1052 (9th Cir. 1995).

Thus, the Court turns to the determination of the amount of a reasonable attorney fee in this matter, giving particular consideration to the Plaintiff's limited recovery related to the FLSA claims.

### C.  The Lodestar Method of Calculating Reasonable Attorney's Fees

Under the lodestar method applied by the Courts in this Circuit, attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended.  *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997); *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Cuban Museum of Arts & Culture, Inc. v. City of Miami*, 771 F. Supp. 1190, 1191 (S.D. Fla. 1991). The Plaintiff bears the burden of documenting reasonable hours expended and reasonable hourly rates.  *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).  The Plaintiff must also supply detailed evidence of the hourly rates and time expended so that this Court may properly assess the time claimed for each activity.  *See Id.*, 168 F.3d

at 427; *Norman*, 836 F.2d at 1303.

Thus, the Court may review the hourly rate and attorney time for reasonableness based on the 12 so-called "*Johnson* factors," including (1) the time and labor required, (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340-41 (11th Cir. 1999) (*citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

     D.    <u>Reasonable Hourly Rates</u>

     1.    <u>Legal Standards</u>

This Court must first determine whether the fee applicant has satisfied the burden of establishing that his requested hourly rates are reasonable.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."  *Norman*, 836 F.2d at 1299.  With respect to the issue of hourly rates, this Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id*. at 1303.

     2.    <u>Analysis</u>

Counsel for Plaintiff Brandt has requested fees for 314.80 hours of work

performed on this matter by four different attorneys.  Plaintiff requests that attorney Jamie Zidell be compensated at an hourly rate of $325.00; attorney David Kelly be compensated at an hourly rate of $300.00; and, that attorneys Daniel Feld and Sarah Klein be compensated at an hourly rate of $137.50 (DE # 175 at 6-7).  In support of these requested hourly rates, Plaintiff's Counsel notes that in 2008 in another FLSA case in this district, Mr. Zidell and Mr. Kelly were each awarded an hourly rate of $330.00, and the firm's junior attorneys were awarded an hourly rate of $137.50.  In addition, the Plaintiff has submitted a recent opinion from this district wherein Mr. Zidell and Mr. Kelly were awarded hourly rates of $325.00 and $300.00, respectively, in an FLSA action (DE # 183).

Although the Defendants have not specifically contested the hourly rates requested by the Plaintiff's Counsel, the Defendants have argued that the Court should not accept the Plaintiff's fee submissions without requiring that an expert provide testimony regarding the reasonableness of the fees requested (DE # 177 at 2).  However, as noted above, the Court itself is an expert on the question of hourly rates.  The Defendants concede this point when they acknowledge that federal courts often allow litigants to seek reasonable fees without submitting an expert opinion in support of that request.  In this regard, the undersigned notes that the S.D. Fla. L. R. 7.1, which sets forth the documentation requirements of attorney fee requests, was recently amended to eliminate the previous requirement that a fee request be supported by an expert affidavit. As such, and particularly given this Court's familiarity with the prevailing market rate for FLSA attorneys in this district, the undersigned declines to require the Plaintiff to provide an expert opinion regarding the reasonableness of the requested attorneys' fees. Rather, the Court will itself examine the requested hourly fee amounts to determine

whether they comport with the prevailing market standard in this district for these type of cases.

As noted above, the Defendants have not provided any suggestion with respect to an appropriate hourly rate.  Thus, based in part upon this lack of specific objection and the Court's own familiarity with attorneys' fees, the undersigned concludes that the hourly rates requested by Mr. Zidell and Mr. Kelly are reasonable, although at the upper end of reasonableness.  In this regard, the undersigned notes that both Mr. Zidell and Mr. Kelly have recently been awarded attorney's fees at the hourly rates of $325.00 and $300.00, respectively in another FLSA action litigated in this district. *See Fernando Arias v. Alpine Towing, Inc., et al.*, Case No. 10-20434-CIV-O'SULLIVAN, (S.D. Fla. Sept. 15, 2011).[8]  In addition, the undersigned concludes that the hourly rates requested for Mr. Feld and Ms. Klein of $137.50 are entirely reasonable and will be awarded as requested.

    E.    <u>Reasonable Hours Expended</u>

        1.    <u>Legal Standards</u>

Counsel must use "billing judgment" and exclude "excessive, redundant, or otherwise unnecessary" hours from any fee petition, *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983), irrespective of the skill, reputation or experience of counsel.  *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).  Though the fee applicant bears the initial burden of submitting evidence sufficient to allow the court to confirm that the requested fees are not excessive, "'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" *Barnes,* 168 F.3d at 428, *quoting Norman*, 836 F.2d at 1301.  Where the fee applicant fails to submit sufficient

---

    [8]  The undersigned recognizes that this matter was initially litigated in 2007, however the Defendants have failed to object to the requested fees on this basis, and thus the undersigned finds the requested rates reasonable.

evidence by engaging in block billing, a fee reduction is warranted. *Id.* at 429.   In addition, "when a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

2. <u>General Objections</u>

Defendants have generally contended that Plaintiff Brandt is not entitled to recover Attorney's Fees based upon his limited recovery at trial and his refusal to accept the Defendants' Offer of Judgment.  However, with the exception of the few categorical objections analyzed below, the Defendants have failed to challenge specific time entries contained in the Plaintiff Counsel's billing records submitted to the Court in support of the Plaintiff's Motion for Attorneys' Fees.

The Court has, however, conducted an independent review of the specific hours billed by the Plaintiff's counsel and generally finds that the time entries are reasonable in nature and amount.  In particular, while Counsel for Plaintiff Brandt contends that it billed 314.80 hours in litigating this matter (DE # 175 at 6), it is worth noting that this two-Plaintiff FLSA action was extremely contentious and included a four and one-half day trial, and a flurry of post-trial motions.[9]  In addition, the Defendants sought and were denied summary judgment (DE ## 62, 66), and the Plaintiffs had to respond to a motion for more definite statement (DE ## 56 59), and a motion for contempt based upon perjury (DE ## 117, 120).  Thus, the undersigned concludes that the number of hours billed, to

---

[9]  In the original Motion for Attorneys' Fees, Plaintiff's Counsel sought recovery for 254.60 hours billed (DE # 141 at 6). The Re-Filed Motion seeks to recover 314.80 hours of billed time but, as discussed below, Plaintiff's Counsel has failed to properly substantiate those hours.

the extent substantiated in Counsel's billing records, are not unreasonable as to the amount of work performed by Plaintiff's Counsel in this matter.  The Court therefore will now turn to the two general categories of billing entries that the Defendants have challenged.

### 3.    Reductions Based Upon the Number of Attorneys at the Trial

The Defendants have objected to the Plaintiff's request that he recover attorneys' fees for the attendance of two attorneys, Mr. Zidell and Mr. Kelly, at trial.  Specifically, the Defendants contend that the presence of two attorneys was not necessary at trial, particularly given the nature of the FLSA action.  The Plaintiff counters that there is nothing improper about a senior attorney and an associate both trying a case.

Based upon a review of the record, the undersigned concludes that the Defendants have the better of this argument. There is no indication that Mr. Kelly's presence at the four and one-half day trial was necessary in order for the Plaintiffs to prosecute this action.  Rather, Mr. Zidell was lead counsel in this matter and the additional presence of an another attorney at trial was only for the convenience of the lead attorney and thus is not compensable.  Thus, the undersigned will deduct Mr. Kelly's hours from the total number of hours billed by Plaintiff's Counsel for trial attendance.

Based upon a review of the billing records, the undersigned has determined that Mr. Kelly billed a total of 42.1 hours for attending trial at an hourly rate of $300.00, for a total of $12,630, which the undersigned deducts from the total lodestar calculation.

### 4.    Reductions Based Upon Trial Time Spent on Plaintiff Lopez

The Defendants also question whether Plaintiff's Counsel has accurately discounted its attorney's fees bills to remove any time attributable to the pursuit of Mr.

18

Lopez's unsuccessful claims.  The Defendants have not, however, pointed to any specific attorney billing entries as improperly including time for work performed solely for Mr. Lopez.

Plaintiffs' Counsel has not specified the reductions he made for work performed on behalf of Plaintiff Lopez, which complicates this Court's review.  The undersigned has thoroughly reviewed Plaintiff's attorney billing records, however, and finds that, generally, except for trial, hours billed by the Plaintiff's Counsel only relate to work performed on behalf of Plaintiff Brandt, or work that would have been performed even if Mr. Lopez was not a party to this litigation.  The billing entries for the trial time are not reduced.  Thus, it appears that the time spent at trial related to prosecuting Mr. Lopez's claims, some of which clearly would not have been expended had Mr. Brandt been the only Plaintiff, are improperly included in Plaintiff Brandt's total attorney fee request, and must be reduced.  For example, on February 27, 2008, the third day of trial, Mr. Lopez testified and was cross-examined (DE # 95).  In addition, Mr. Steve Verger, an "eyewitness" for Mr. Lopez, testified and was cross examined on that same day.  Thus, significant testimony presented that day related, primarily if not exclusively, to Mr. Lopez's claims.  Yet, the billing records from the Plaintiff's Counsel for that day reflect that Mr. Zidell billed a total of for 10.6 hours for attendance at trial.

In addition to the testimony that related primarily to Mr. Lopez's claims, it is manifest that significant time had to be spent by Plaintiff's Counsel on Mr. Lopez's claims during overlapping proceedings during throughout the trial, *e.g.* opening statement, closing argument, and cross-examination of Defendant Sanchez.  Thus, because there is no way to determine exactly the number of hours that should be reduced for trial time spent on Mr. Lopez's claims, based upon familiarity with the trial

proceedings, the undersigned concludes that an across-the-board reduction of 20% for the time spent by Mr. Zidell at trial, is appropriate.

Therefore, out of the total hours spent by Mr. Zidell at trial, which based upon the billing records, the undersigned calculates to be 45.2 hours, the number of hours will be reduced by 20% or 9.04 hours; and, Mr. Zidell is permitted to recoup a total of 36.16 hours for work performed at trial arising from Mr. Brandt's claims.  Accordingly, $2,938.00 will be deducted from the total lodestar amount.

### 5.   Reduction for Failing to Substantiate Hours

In the Re-Filed and Verified Motion for Attorney Fees and Costs, Plaintiff Brandt seeks $95,272.50 in attorney's fees for 314.80 hours of worked performed by four attorneys at Plaintiff Counsel's firm (DE #175 at 6-7).  However, the billing records submitted to the Court in support of the Plaintiff's request only reflect attorney fees in the total amount of $79,312.50 rather than the $95,272.50 requested in the Motion (DE # 175-1 at 8).[10]  In addition, the Motion fails to specify what number of hours Plaintiff's

---

[10] The undersigned notes that although Plaintiff Brandt indicated in the Re-Filed Motion for Attorneys Fees that he sought to recover fees for work performed at both trial and on appeal, Plaintiff Counsel's billing records do not appear to include time spent litigating the appeal, and do not include any billing entries after April 24, 2009.  In addition, the Motion does not identify the number of hours, if any, spent litigating this matter on appeal.  The Court declines to "fill in the gaps" or to speculate whether Plaintiff Counsel's failure to submit documentation for work performed after April 24, 2009, or to otherwise substantiate hours that were spent litigating the appeal of this matter was an oversight on the part of Plaintiff's Counsel.  Instead, the Court only considers the amount of attorney's fees that should be awarded based upon those hours that are properly substantiated by Plaintiff's Counsel's submissions.  Moreover, it does not appear that a Motion for Attorney's Fees was filed in the Eleventh Circuit Court of Appeals pursuant to 11th Cir. R. 39-2.  That rule also provides that any party seeking attorneys' fees on appeal, "may within the time for filing an application. . . file a motion to transfer consideration of attorneys' fees on appeal to the district court . . . from which the appeal was taken."  Thus, even if the amount of attorneys' fees on appeal was substantiated, in the absence of an order transferring a Motion for appellate attorneys' fees to this Court, the undersigned would not have jurisdiction to consider a motion to award those fees.

Counsel seeks related to prosecuting the appeal of this matter.  Therefore, because Plaintiff Brandt has failed to satisfy his burden of submitting evidence sufficient for the Court to determine whether 314.80 hours and/or $95,272.50 was spent on this matter, and if so, whether such expenditures were reasonable, the undersigned will only consider those amounts documented by the submitted billing records.  In other words, the undersigned deducts the unsubstantiated amount of $15,960 from the requested amount of $95,272.50, and only considers whether the Plaintiff is entitled to recover $79,312.50 in attorneys' fees.

### 6.    Calculating the Lodestar

At this stage in the analysis, it is necessary to compute the lodestar after making the appropriate reductions in the relevant hourly rates and the number of hours expended.  After deducting the fees claimed for Mr. Kelly's attendance at trial ($12,630), and the reduction of 20% for the time spent at trial by Mr. Zidell ($2,938.00), as well as the unsubstantiated amount of $15,960, the lodestar equals $63,744.50.

### F.    Adjustments to the Lodestar

### 1.    Legal Standards

While the calculation of the lodestar is a necessary component of the fee inquiry, it is not the only component.  As an alternative or in addition to adjusting the number of hours used to calculate the lodestar, the Court may apply an after-the-fact reduction of the lodestar where the Plaintiff achieved only partial or limited success, and this is true "even where the Plaintiffs' claims are 'interrelated, non-frivolous and raised in good faith.'" *Barker v. Niles Bolton Assocs., Inc.*, 2009 WL 500719, No. 07-15103, at *10 (11th Cir. Mar. 2, 2009) *quoting Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); *accord Am. Charities*, 278 F. Supp. 2d 1301, 1326 (M.D. Fla. 2003).  In addition, in making a reduction

21

based upon limited success, the Court is not required to engage in an hour-by-hour analysis. *Loranger,* 10 F.3d at 783; *Trujillo v. Banco Central del Ecuador*, 229 F. Supp. 2d 1369, 1375 (S.D. Fla. 2002); *cf. Norman,* 836 F.2d at 1301. "[I]t is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction." *Loranger*, 10 F.3d at 783.

The Supreme Court has emphasized that the degree of success obtained is a "crucial factor that district courts should consider carefully in determining the amount of fees to be awarded." *Hensley v. Eckerhart* 461 U.S. 424, 440 (1983). Where the results obtained are "limited in comparison to the scope of the litigation as a whole," a reduced fee award is appropriate. *Id.* Failure to consider the prevailing party's degree of success when calculating a fee award constitutes an abuse of discretion. *Andrews v. United States*, 122 F.3d 1367, 1375 (11th Cir. 1997) (holding that district court abused its discretion by not giving greater weight to Plaintiffs' limited success).

While the nature of the results obtained may result in an upward or downward adjustment of the lodestar, "[f]ee awards should not simply be proportionate to the results obtained," especially in the context of FLSA cases, where it is not uncommon for fee awards to exceed the Plaintiff's recovery in order to ensure that individuals with relatively small claims can obtain representation necessary to enforce their rights. *See James v. Wash Depot Holdings*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007); *Tyler v. Westway Auto. Serv. Ctr., Inc.*, 2005 WL 6148128, No. 02-61667-CIV, at *5 (S.D. Fla. Mar. 10, 2005).

In addition, the FLSA provides for a mandatory award of attorneys' fees. *See Kreager v. Solomon & Flanagan, P.A.,* 775 F.2d 1541, 1542 (11th Cir.1985) ("[S]ection 216(b) of the [FLSA] makes fee awards mandatory for prevailing plaintiffs.") (emphasis

added).  Nevertheless, as other courts have recognized, an entitlement to attorneys' fees

cannot be a carte blanche license for Plaintiffs to outrageously and in bad faith run up

attorney fees without any threat of sanction. *See Goss v. Killian Oaks House of Learning*,

248 F.Supp.2d 1162, 1168-69 (S.D. Fla. 2003). Thus, even in the context of FLSA cases, a

number of courts have reduced the lodestar attorneys' fees because of a plaintiff's

limited success in the litigation. *See, e.g.*, *Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d

1313, 1326 (M.D. Fla. 2001); *Gary v. Health Care Services, Inc.*, 744 F. Supp. 277, 278-79

(M.D.Ga. 1990).

###### 2.  Analysis

Based upon a review of the record as a whole, and for the reasons stated below,

the undersigned concludes that it is appropriate to reduce the lodestar attorney fee

amount in this case by 70%, in order to account for the limited success achieved by

Plaintiff Brandt.[11]  Thus, Mr. Brandt is entitled to a final sum of attorneys' fees equal to

$19,123.35.

In reaching this conclusion, the undersigned considers that the judgment for Mr.

Brandt in the amount $1,208.52 is a far cry from the damage estimate submitted by the

Plaintiff in his Statement of Claim, which calculated Plaintiff Brandt's damages to be

$56,160.00 excluding Attorneys' Fees and costs (DE # 5).  Thus, this is not a case where

the plaintiff received most of what the plaintiff originally sought, even if that amount

sought was relatively small.  Rather, in this case, the amount recovered by Mr. Brandt in

unpaid overtime wages and liquidated damages equals little more than 2% of the amount

of uncompensated overtime pay originally sought by him.  In addition, the Court

---

[11]  The undersigned has not "double-counted" the *Johnson* factors since the
Court has not used the same factors to reduce the previously determined lodestar that
are used to reduce the lodestar here.

considers the fact that Plaintiff Brandt was offered a settlement that approximated what he ultimately obtained in overtime compensation and attorneys' fees and costs.  Finally, although this action was particularly contentious, the underlying legal issues were neither novel nor particularly complex.

On the other hand, the Court recognizes that the Defendants, despite their Offers of Judgment, were extremely litigious and initially contended that Mr. Brandt was not entitled to any overtime pay, and then stipulated at trial that he was entitled to nine hours of overtime pay, although they disputed the amount owed for those nine hours; and, also contended that he was not entitled to any additional compensation.  In this regard, the Court notes that the Defendants admitted that they did not keep time records for Mr. Brandt that could have been used early-on, or at the summary judgment stage, to demonstrate that Mr. Brandt had been properly compensated for all of his work.  As such, as discussed above, Counsel for Plaintiff Brandt was required to expend significant time litigating this matter.

Nonetheless, based upon the entirety of the record and the extremely limited success, the undersigned concludes that an across the board reduction of 70% for attorneys' fees is appropriate.  Such a reduction is consistent with attorney fee reductions made by courts where the amount recovered by an FLSA plaintiff is far below what the plaintiff originally sought. *See Roldan v. Pure Air Solutions, Inc.*, 2010 WL 410571 *8 (S.D. Fla. Jan. 29, 2010) (reducing attorneys' fees lodestar calculation by 85% based upon limited success where FLSA plaintiff was only awarded $533.69 after trial, despite seeking significantly more at the outset of the litigation); *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1241 (S.D. Fla. 2007) (reducing request for $377,090.62 in attorneys' fees by 50% based, in part, upon limited success, where plaintiff estimated

damages for claims under the FLSA, Florida Civil Rights Act and Florida Whistleblower Act to be $600,000, and only ultimately recovered $3,493.62); *Baxter v. Automated Gate Systems, Inc.*, 2011 WL 1790330 * 4 (M.D. Fla. May 10, 2011) (reducing attorney fee lodestar calculation of $4,257.00 to $1,120.00, an approximate 74% reduction, where FLSA plaintiff recovered only $1,120 in a settlement after initially seeking $40,000.00 and rejecting the defendant's first two offers to settle).

In this regard, the undersigned has expressly considered whether the award of attorneys' fees should be further reduced to eliminate all fees incurred after the final Offer of Judgment, but concludes that the 70% reduction in the lodestar amount is an appropriate total reduction which gives effect to both the Rule 68 policies which encourage realistic settlements; and, the FLSA policies which encourage underpaid workers to pursue their remedies.

Although the Defendants will likely still contend that the fee award in this case is far greater than the actual amount recovered by the Plaintiff in this case, the undersigned is mindful that, in FLSA cases, fee awards commonly exceed the actual damages awarded, especially where, as here, both sides vigorously contest the case. This adjusted award accurately reflects the value of attorneys' fees reasonably necessary to achieve the results obtained in this case; and, it is sufficient to fulfill the intent of the fee-shifting provision of the FLSA by ensuring that "individuals with relatively small claims" may "effectively enforc[e] their rights and protect[ ] the interest of the public . . . ." *Tyler v. Westway Automotive Service Ctr., Inc.*, No. 02-61667-CIV, 2005 WL 6148128, at *5 (S.D. Fla. Mar. 10, 2005); *accord James v. Wash Depot Holdings*, 489 F. Supp. 2d 1341, 1347 (S.D. Fla. 2007).

Thus, based upon a determination of the reasonableness of the requested

attorneys' fees, and adjusting the lodestar amount to reflect Plaintiff's Brandt's limited success at trial, the undersigned concludes that Plaintiff Brandt is entitled to recover a total of $19,123.35 in attorneys' fees.

V.      THE PARTIES' REQUEST FOR COSTS

      A.      The Parties' Positions

As stated above, in addition to attorneys' fees, Plaintiff Brandt seeks to recover his costs associated with litigating this action.  Specifically, Plaintiff Brandt requests an award of costs in the amount of $3,662.60 (DE # 175).  These costs consist of expenditures for depositions, filing fees, mediation fees, witness fees, and transcript costs (DE # 175 at 7-8).

In response, the Defendants generally argue that because Plaintiff Brandt failed to accept the Defendants' Offer of Judgment and ultimately received a less favorable judgment, pursuant to the cost-shifting provisions of Rule 68, Plaintiff Brandt is not entitled to recover any of the litigation costs incurred in this matter.  The Defendants however, have not objected to any specific costs that the Plaintiff seeks, as prevailing party under the FLSA (DE ## 145, 177).

In addition, the Defendants contend that they are entitled to recover all of their litigation costs from both of the Plaintiffs, based, in part, upon the cost-shifting framework of Federal Rule of Civil Procedure 68.[12]

The Plaintiff responds that he is entitled to recover his litigation costs as a prevailing Plaintiff under the FLSA.  Plaintiff Brandt further contends that at the time the June 8, 2007, Offer of Judgment was made by the Defendants, the Plaintiff's costs and

---

[12]  The Defendants also seek to recover attorneys' fees based upon Rule 11, 28 U.S.C. § 1927, and the Court's inherent power.  Those grounds are discussed separately below.

attorneys' fees far exceeded the $8,000.00 offered by the Defendants.

For the following reasons, the undersigned concludes that pursuant to Rule 68, the Plaintiff is not entitled to recover his post-offer costs incurred in this litigation, but is entitled to recover any compensable costs incurred prior to the Defendants' June 8, 2007, Offer of Judgment. In addition, the undersigned concludes that because the Defendants' June 8, 2007, Offer of Judgment was more favorable than the judgment that the Plaintiff ultimately obtained, the Defendants are entitled to recover their post-offer litigation costs from the Plaintiff.

### B.      Costs under Federal Rule of Civil Procedure 68 Offer of Judgment

As stated above, under Rule 68, if a timely pretrial offer of judgment is not accepted; and, the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

In *Marek v. Chesny*, 473 U.S. 1 (1985), the Supreme Court evaluated whether an unaccepted Rule 68 offer of judgment was more favorable than the judgment ultimately obtained by the plaintiff. In so doing, the Court combined the sum of awarded damages and the amount of pre-offer costs, including recovered attorneys' fees, to determine the total recovery awarded to the plaintiff. Similarly, in *Scheeler v. Crane Co.*, 21 F.3d 791 (8th Cir. 1994), the Eighth Circuit reviewed a decision by a district court wherein the court compared a Rule 68 offer of judgment of $15,000, inclusive of costs and attorneys' fees, to the judgment the plaintiff ultimately obtained at trial of $12,500, which also permitted the plaintiff to recover costs of the action. After trial, the plaintiff sought and recovered $3,500.00 in attorneys' fees, and thus, the trial court determined that the judgment ultimately obtained by the plaintiff–a total of $16,000 in attorneys' fees and damages--was more favorable than the offer of judgment. The Eighth Circuit affirmed

the trial court's decision and stated, "If the plaintiff's payment of her own attorney fees was part of the Rule 68 offer, it is surely equitable that attorney fees be included as part of the recovery. This is the only way in which the offer can be fairly matched against the recovery." *Id.* at 793.

Thus, a "judgment finally obtained" under Rule 68 includes the damage award plus pre-offer fees and costs actually awarded. *Bogan v. City of Boston*, 489 F. 3d 417 (1st Cir. 2007) (*citing Scheeler v. Crane Co.*, 21 F.3d 791, 793 (8th Cir. 1994); *Marryshow v. Flynn*, 986 F.2d 689, 692 (4th Cir. 1993); *Grosvenor v. Brienen*, 801 F.2d 944, 948 (7th Cir. 1986)). Therefore, in order to determine whether the Plaintiff is precluded from recovering his post-offer costs, the undersigned must determine whether the Offer of Judgment made by the Defendants was better than the judgment that Plaintiff Brandt finally obtained by combining all of the recovery made by Brandt, including the judgment, attorneys' fees and costs, to the extent those fees and costs accrued prior to the offer of judgment.

Similarly, in determining whether the Defendants are entitled to recover their post offer costs, the Court must consider whether the cost-shifting provisions of Rule 68 are applicable due to the June 8, 2007 Offer of Judgment being more favorable than the judgment finally obtained by the Plaintiffs.[13]

---

[13] In their Motion seeking attorneys' fees and costs, the Defendants seek to recover costs and attorneys' fees from both Plaintiff Brandt and Plaintiff Lopez (DE # 137 at 6). Thus the Court evaluates the Defendants' request for an award of costs under Rule 68 as to both of the Plaintiffs.

C.   **Analysis**

1.   **Plaintiff Brandt failed to secure a more favorable judgment than the June 8, 2007, Offer of Judgment made by the Defendants and thus must pay the Defendants' post-offer costs**

The Defendants correctly assert that in this action, Plaintiff Brandt failed to obtain a judgment that was more favorable than the June 8, 2007, Offer of Judgment made by the Defendants, which offered a total amount of $8,000.00, including claims for attorneys' fees and costs.  There is no question that Plaintiff Brandt only obtained a judgment in his favor in the amount of $1,208.52.  However, the June 8, 2007 Offer of Judgment specifically included attorneys' fees and costs.  Thus, in order to determine whether Plaintiff Brandt's recovery was greater than the offer of judgment, the Court must determine the reasonably incurred attorneys' fees and costs up to that point, and add this amount to the judgment obtained on the merits.  Plaintiff claims that at the time of the offer, he had incurred attorneys' fees which totaled $10,616.25,[14] and costs that totaled $1,072.[15]  However, as discussed above, because this Court has determined that a 70% reduction in Plaintiff's attorneys' fees is warranted, Plaintiff Brandt's total

---

[14] Plaintiff's Counsel submits that the attorneys' fees incurred by Plaintiff Brandt as of June 7, 2007 were $10,616.25 (DE # 175 at 3 n. 4).  However, the Offer of Judgment dated May 31, 2007, was mailed to the Plaintiff on June 5, 2007 and thus was served on June 8, 2007.  The Court notes that on June 8, 2007, additional attorneys' fees were incurred bringing the Plaintiff's total attorney fee total to $10,766.25.  However, the additional attorney fees incurred on that date still are insufficient to render the final judgment obtained by the Plaintiff to be more favorable than the Offer of Judgment.

[15] On or before June 8, 2007, Plaintiff Brandt had incurred costs in the amount of as follows: Clerk's Filing fee $350.00 (DE # 175-1 at 8);, Service of Process fee for the two Defendants for $70.00 (DE # 175-1 at 8); Deposition subpoena and witness appearance fee for Ed Miranda taken on May 18, 2007 for $75.00 (DE #175-1 at 8, 11); Deposition transcript fee and court reporter appearance fee for deposition of Ed Miranda taken on May 18, 2007 for $338.00 (DE # 175 at 11); and, deposition transcript fee and court reporter appearance fee for deposition of Defendant Moises Sanchez taken on April 26, 2007, for $239.00 (DE # 175-1 at 8, 10).

recovery in this action, viewed as of June 8, 2007, was in the amount of $3,184.88 for attorneys' fees and $1,072.00 for costs, as well as $1,208.52 in damages, for a total recovery of $5,465.54. Therefore, the Defendants' Offer of Judgment of $8,000.00 was more favorable than the amount of the judgment ultimately received by Plaintiff Brandt, and the Rule 68 cost shifting provision is triggered as to Plaintiff Brandt under the facts of this case. Accordingly, as discussed below, Plaintiff Brandt is responsible for paying the Defendants' costs incurred after the date of the June 8, 2007, Offer of Judgment.

>        2.    **Defendants are not entitled to recover their costs**
>              **Under Rule 68 Offer of Judgment's Cost Shifting**
>              **Provision against Defendant Lopez because a judgment was**
>              **entered in the Defendants' behalf against Plaintiff Lopez**

However, the Defendants are not entitled to recover their costs from Plaintiff Lopez under the Rule 68 cost shifting provision. On June 8, 2007, Defendants made an offer of Judgment to Plaintiff Lopez in the total amount of $2,000.00 (DE # 137-2 at 4-6). The Offer stated that the offer, if accepted, would resolve all claims by Plaintiff Lopez against Defendants *including* claims for attorneys' fees and costs.

As discussed above, final judgment in this matter was entered against Orestes Lopez and in favor of the Defendants (DE # 134). In *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981), the Supreme Court held that Rule 68 is inapplicable to cases where the defendant obtains a judgment in its favor. *Accord Exemar v. Urban League of Greater Miami, Inc.*, 2009 WL 259677 (S.D. Fla. Feb. 4, 2009), *citing Design Pallets, Inc. v. Gray Robinson, P.A.*, 583 F. Supp. 2d 1282, 1285 n. 5 (M.D. Fla. 2008) (finding Rule 68 inapplicable to defendant's request for costs where judgment was entered in defendant's favor). Therefore, since the Defendants in this case obtained a judgment in their favor, against Plaintiff Lopez, Rule 68 is not applicable and the Defendant are not entitled to costs from Plaintiff Lopez under that Rule.

Thus, the Court must now determine the total amount of pre-offer costs that Plaintiff Brandt is entitled to recover, and the total amount of post-offer costs that the Defendants are entitled to recover from Plaintiff Brandt.

### A.    Legal Framework for Analysis

The costs recoverable by a prevailing plaintiff in FLSA cases under section 216(b) are limited to those costs enumerated in 28 U.S.C. § 1920.  *See Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988).  Title 28, United States Code, Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  "[A] court may only tax costs as authorized by statute."  *U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

### B.    Costs Recoverable by the Plaintiff

As stated above, Plaintiff Brandt has sought to recover costs that were incurred during the litigation of this matter.  Although the Defendants have objected generally to

any costs and fees being awarded to Plaintiff Brandt due to the cost shifting provisions of Rule 68, the Defendants have not identified any specific pre-offer costs that the Plaintiff, as prevailing party under the FLSA, is not entitled to recover (DE ## 145, 177).

Accordingly, because the Defendants have not objected to any pre-offer costs and further because the undersigned finds that the Plaintiff's pre-offer costs were reasonably necessary for the prosecution of this case and are identified as recoverable costs, the Plaintiff may recover all of the requested pre-offer costs.

Therefore, the Plaintiff is entitled to recover $1,072.00, in costs which were incurred prior to the offer of judgment as follows: Clerk's Filing fee $350.00 (DE # 175-1 at 8); Service of Process fee for the two Defendants for $70.00 (DE # 175-1 at 8); Deposition subpoena and witness appearance fee for Ed Miranda taken on May 18, 2007 for $75.00 (DE #175-1 at 8, 11); Deposition transcript fee and court reporter appearance fee for deposition of Ed Miranda taken on May 18, 2007 for $338.00 (DE # 175 at 11); and, deposition transcript fee and court reporter appearance fee for deposition of Defendant Moises Sanchez taken on April 26, 2007, for $239.00 (DE # 175-1 at 8, 10).

However, one other issue regarding the costs requested by the Plaintiff warrants discussion.  Although litigants frequently seek to recover mediation costs as part of their costs as a prevailing plaintiff under the FLSA, Plaintiff Brandt has suggested that $300.00 in mediation costs should be awarded to the Plaintiff as part of the attorneys' fee award.

There is an apparent split of authority regarding the manner in which such expenses are treated in the context of an FLSA case.  On one hand, there are some cases where mediation expenses are considered "costs" which are not taxable under 28 U.S.C. § 1920 because they are not specifically enumerated in the statute.  *See Bartle v.*

*RX Options, Inc.*, No. 08-60533-CIV, 2009 WL 1035251, at *3 (S.D. Fla. Apr. 16, 2009) (prohibiting recovery of costs associated with postage, computerized research, mediation and long distance); *Global Patent Holdings, LLC v. Panthers BRHC LLC*, No. 08-80013-CIV, 2009 WL 1809983, at *3 (S.D. Fla. June 25, 2009) (telecopy costs); *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 Fed. Appx. 837, 845-46 (11th Cir. Mar. 7, 2008) (travel expenses).

On the other hand, there are other FLSA cases that are favorable to Plaintiff Brandt in which these expenses are considered "litigation expenses" – not "costs" – that are recoverable as part of the attorneys' fee award.  *See Hart v. Lindgren-Pitman, Inc.*, No. 06-60285-CIV, 2008 WL 4265050, at *9 (S.D. Fla. July 31, 2008) (*citing Wales v. Jack M. Berry, Inc.*, 192 F. Supp. 2d 1313, 1329 (M.D. Fla. 2001)); *Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997) ("[O]utlays for travel and related expenses" are reimbursable "as part of the award for attorneys' fees, because" such charges "are the sort of things that a lawyer includes with a bill for professional services.").

Nonetheless, although the Eleventh Circuit's decision in *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 268 Fed. Appx. 837, 845-46 (11th Cir. Mar. 7, 2008) is not binding authority since it is an unpublished opinion, the undersigned elects to follow it.  In *Gary Brown & Assocs.*, the Eleventh Circuit denied a prevailing party's request for mediation expenses, meals, postage, online research, travel and lodging because those costs are not recoverable under 28 U.S.C. § 1920.

The undersigned recognizes that Plaintiff Brandt argues that mediation costs should be viewed as attorneys' fees and thus compensable.[16]  In addition, the

---

[16]  If Plaintiff sought to recover mediation costs as part of costs as a prevailing plaintiff under the FLSA, the request would also be denied because the undersigned has already concluded that the Plaintiff is not entitled to recover any costs incurred after the June 8, 2007, Offer of Judgment.

undersigned is cognizant of the policy rationale animating the cost-shifting provisions of the FLSA, which are designed to fully reimburse lawyers as an incentive to encourage them to represent FLSA plaintiffs.  Nevertheless, the Court is limited in its authority to award litigation costs that fall outside the scope of 28 U.S.C. § 1920, *see Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575-76 (11th Cir. 1988); and, moreover, the total fee and cost award in this case accurately reflects the amount of attorneys' fees reasonably necessary to achieve the results obtained by Plaintiff's Counsel, as well as the amount necessary to fulfill the intent of the fee-shifting provision of the FLSA by ensuring that "individuals with relatively small claims" may "effectively enforc[e] their rights and protect[ ] the interest of the public . . . ."  *Tyler v. Westway Automotive Service Ctr., Inc.*, No. 02-61667-CIV, 2005 WL 6148128, at *5 (S.D. Fla. Mar. 10, 2005).

Finally, Plaintiff Brandt's citation to *Calderon v. Witvoet*, 112 F. 3d 275 (7th Cir. 1997) and *LeBlank-Sternberg v. Fletcher*, 143 F. 3d 748 (2nd Cir. 1998), do not alter this analysis.  Rather, those cases are not binding on this Court in the face of Eleventh Circuit precedent denying mediation costs in the FLSA context.  In addition, neither of those cases address mediation costs specifically.  Thus, the undersigned denies the Plaintiff's request to recover mediation costs.

C.    Costs Recoverable by the Defendants

In their Renewed Motion for Attorneys' fees, the Defendants request that they be awarded $809.18 in costs (DE # 169).[17]  The Plaintiff has failed to object to any of the

---

[17] Although the Defendants' Renewed Motion for Attorneys' renews the Defendants' original request for fees made on April 10, 2009 (DE # 137), the Renewed Motion, which purportedly incorporates and adopts by reference the original Motion, seeks costs in the amount of $809.18 (DE # 169 at 2), rather than the $2,509.00 in costs sought in the original Motion (DE # 137 at 3).  It is unclear from the Defendants' submissions why the requested cost amount significantly changed.  However, because the most recent filing by the Defendants only seeks a total of $809.18 in costs, the

specific costs sought by the Defendants, but rather only objected generally to the Defendants recovering any costs pursuant to Fed. R. Civ. P. 68.

As stated above, because Plaintiff Brandt did not obtain a judgment more favorable than the Defendants' June 8, 2007 Offer of Judgment, the Defendants are entitled to recover their post-offer costs, to the extent that those costs are identified in § 1920.  Therefore, based upon a thorough review of the Defendants' cost submissions, the undersigned concludes that the Defendants are entitled to recover the total cost amount that they seek.  It is clear from the documentation submitted by Defendants' Counsel that the Defendants have incurred, at least, $809.18 in taxable costs related to the prosecution of Mr. Brandt's case after the June 8, 2007, Offer of Judgment was made to Plaintiff Brandt.  Thus, although it is not entirely clear from the documentation which costs incurred after June 8, 2007, Defendants' Counsel seeks to recover, the documentation submitted by the Defendants supports a finding that the Defendants incurred at least $809.18 in taxable costs pursuant to 28 U.S.C. § 1920 after that date.[18]

Accordingly, the Court awards Plaintiff Brandt his pre-offer litigation costs in the amount of $1,072.00; but denies his request to the extent Plaintiff Brandt seeks to recover his post-offer litigation costs.  In addition, the undersigned awards the Defendants their litigation costs incurred after the Defendants' June 7, 2007, Offer of Judgment, in the amount of $809.18 from Plaintiff Brandt, but denies the Defendants' request for costs to the extent that Defendants seek to recover those costs from Plaintiff

---

undersigned assumes that this is the total amount in costs currently sought by the Defendants.

[18]  Specifically, the Defendants identified copy costs of $140.09; trial subpoena service costs of $125.00; trial witness fees of $225.00; and, transcript costs for depositions, which relate substantially to Plaintiff Brandt.  The Plaintiff did not claim that, if costs were awardable, less than $809.18 should be recovered by the Defendants.

Lopez.

> **VI.**   **DEFENDANTS' MOTION FOR ATTORNEYS' FEES**
>
> > **A.**   **Parties' Positions**

In addition to seeking to recover their costs related to this action, the Defendants have filed a Renewed Motion for Attorneys' Fees seeking to recover attorneys fees in the amount $38,970.00 (DE # 169).  In the Renewed Motion, the Defendants incorporate and adopt by reference the arguments made in their original Motion for Attorneys' Fees (DE # 137), wherein they assert that they are entitled to recoup their attorneys' fees and costs pursuant to Fed. R. Civ. P. 68, Rule 11 or 28 U.S.C. § 1927.  Specifically, the Defendants contend that "Attorneys' fees should be awarded to Defendants whether as sanctions pursuant to § 1927, contempt power, inherent power, Rule 11 or, least likely Rule 68" (DE # 137 at 5).  Notably, the Defendants both in a footnote and in the Conclusion of the Motion, acknowledge that the Defendants likely are not entitled to recover attorneys' fees pursuant to Rule 68 (DE # 137 at 1 n. 1, 6).[19]

The Defendants argue that the Plaintiffs should have accepted either the April 18,

---

[19]   In the Defendants original Motion for Attorneys' Fees and Litigation Costs Pursuant to Fed. R. Civ. P. 68, or Rule 11, or 28 U.S.C. § 1927 (DE # 137), the Defendants stated the following in a footnote, "Defendants do not believe that common law allows them to recover fees pursuant to their offers of judgment but they argue that the law should be changed or they seek the relief to preserve the demand in case the law has not changed or is other than what counsel believes it to be. . . . In addition, Defendants seek fees pursuant to § 1927 as it relates to the unreasonable rejection of the offers of judgment."  (DE # 137 at 1 n.1).  Although the Defendants style the pending Motion as a "Renewed Motion for Attorneys' Fees" which incorporates and adopts by reference the original Motion for Attorneys' Fees, the Defendants states, "The motion is not re-drafted or resubmitted in its entirety because undersigned counsel lost the computer file due to a problem that erased it along with many other pleadings in this case.  To avoid duplication of work, undersigned and Defendants respectfully request that the Court re-consider the original motion as if re-filed." (DE # 169 at 2).  Thus, although the Defendants failed to include in the Renewed Motion the above-quoted footnote regarding the limitation on the authority for the Defendants to recover attorneys' fees pursuant to Rule 68, the undersigned notes the Defendants' partial concession on this point.

2007, or the June 8, 2007, Offer of Judgment made by the Defendants and note that the Plaintiffs' Counsel never made a counter-offer to either of those offers.  In addition, the Defendants state that as to Mr. Brandt's claims, "not one shred of evidence supported the claims, other than the $600.00 awarded by the jury."

In the Renewed Motion, the Defendants point out that the attorneys' fees sought by the Defendants are less than half of those fees claimed by the Plaintiffs' counsel.  In addition, the Defendants state that they prevailed in the case, and again assert that the Plaintiffs should have accepted the Defendants' offer of judgment for approximately $10,000 to settle this matter early-on.

In Response to the original Motion for Attorneys' fees, the Plaintiff argued that the Court had already determined that sanctions were not appropriate in this action when the Court denied the Defendant's Motion for Sanctions (DE # 138).  In addition, the Plaintiffs argued that the claims made by the Plaintiffs were not totally baseless as evidenced by the Court's denial of the Defendants' Motion for Summary Judgment and the jury award recovered by Plaintiff Brandt.

In Response to the Defendants' Renewed Motion for Attorneys' Fees, the Plaintiffs incorporated their previous response, and further contended that because the Court's denial of the Defendants' request for sanctions had been affirmed by the Eleventh Circuit, that the Defendants' renewed request vexatiously multiplied the proceedings in violation of 28 U.S.C. § 1927 (DE # 172).[20]

In the Reply, the Defendants contend that the Renewed Motion for Attorneys' Fees was filed at the Court's direction and further argue that the Court never addressed all of the issues raised in the Renewed Motion.  Rather, according to the Defendants, the

---

[20]  The undersigned finds that the actions of Defendants' counsel, while certainly far from admirable, do not warrant sanctions.

Court did not determine whether the Plaintiffs should have to pay the Defendants'
attorneys fees and costs pursuant to 28 U.S.C. § 1927 by refusing to accept the offers of
judgment made by the Defendants.  In support of their claims, the Defendants cite
*Carlson v. Bosem, et al.*, CASE NO: 04-61004-CIV-WJZ (S.D. Fla. 2004), and contend that
if the Court follows the principles set out in that case, the Court will award Defendants
the fees they seek and deny the Plaintiff's Motion for Attorneys' fees (DE # 173 at 3-4).

For the following reasons, the Defendants are not entitled to recover their
attorneys' fees from the Plaintiffs under either Rule 68, Rule 11, or 28 U.S.C. § 1927.

B.      Law & Analysis

1.      Defendants Are Not Entitled to Recover Their Attorneys' fees
under Federal Rule of Civil Procedure 68

The Defendants assert that they are entitled to recover attorneys' fees and costs
based, in part, upon the cost-shifting framework of Federal Rule of Civil Procedure 68.

First, the undersigned has already determined, as discussed at length above, that
the Defendants are not entitled to recover any costs from Plaintiff Lopez.  Also, the Court
has determined that the Defendants are entitled to recover their costs pursuant to the
cost shifting provisions of Rule 68, as to Plaintiff Brandt, because the amount ultimately
recovered by Mr. Brandt was less than the amount offered in the Defendants' Offer of
Judgment.

However, to the extent that the Defendants contend that they are entitled to
recover their attorneys' fees, the Defendants misapprehend the nature of Rule 68's cost-
shifting provisions, particularly in the FLSA context.  Indeed, even though Plaintiff
Brandt did not ultimately obtain a judgment more favorable than the Offer of Judgment
made by the  Defendants, Rule 68 only provides that the offeror is entitled to recover its
"costs" from the date of the offer of judgment.  As explained above, in determining

whether costs include attorneys' fees, courts look at the definition of costs in the underlying substantive statute.  Again, the FLSA defines attorneys fees separately from costs, and thus the Rule 68 shifting of costs is limited to actual FLSA costs and not attorneys fees.[21]  Although the Eleventh Circuit has not specifically held in the FLSA context that a defendant who is awarded costs pursuant to Rule 68's cost-shifting provisions, is not entitled to recover attorneys' fees, several other circuits have directly reached that conclusion.  In *Crossman v. Marcoccio*, 806 F. 2d 329 (1st Cir. 1986), the First Circuit Court of Appeals held that although a civil rights plaintiff who refused an offer of judgment, and who later did not obtain a more favorable judgment, was required to pay the defendants' post-offer costs, the plaintiff did not have to pay the defendants' post-offer attorneys' fees.  In arriving at this determination, the Court cited to the Supreme Court's ruling in *Marek*, and stated, "Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority." Thus, the Court concluded that because the defendant was not entitled to attorneys' fees as a prevailing party under the applicable civil rights statute, he could not recover his attorneys fees under the cost-shifting provisions of Rule 68.  Similarly, in *Harbor Motor Company, Inc. v. Arnell Chevrolet–Geo, Inc.*, 265 F.3d 638 (7th Cir. 2001), the Seventh Circuit concluded that a defendant who sought to recover attorneys' fees when its offer

---

[21]  The undersigned recognizes that in comparing whether the Defendants' offer of judgment was better than the amount that Plaintiff Brandt actually recovered for purposes of determining whether the Rule 68 cost shifting mechanism was triggered, the undersigned included the attorneys' fees to date in that calculation.  However, the attorneys' fees amount was included based upon the Defendants' language in the Offer of Judgment which included "attorneys' fees."  Thus, in order to properly assess the value of the Offer of Judgment, the Plaintiffs' attorneys' fees necessarily had to be included. That method of calculation however, does not expand the Rule 68 cost-shifting provisions to automatically include the Defendants' attorneys' fees, where the underlying substantive statute defines costs separately from attorneys' fees, as in the FLSA.

of judgment exceeded the judgment the plaintiff finally obtained at trial, was not entitled

to the requested fees.  The Court noted that in order for a party to recover attorneys' fees

under Rule 68, the party would still have to qualify as a prevailing party under the

substantive Copyright Act statute.  The defendant in the case did not prevail at the trial,

and thus was not entitled to recover fees, as a part of costs under Rule 68. *Id.* at 647.

*Accord Poteete v. Capital Engineering, Inc.*, 185 F.3d 804, 807 (7th Cir. 1999); *Tunison v.*

*Continental Airlines Corp., Inc.*, 162 F.3d 1187, 1190 (D.C.Cir.1998); *United States v.*

*Trident Seafoods Corp.*, 92 F.3d 855 (9th Cir.1996); *E.E.O.C. v. Bailey Ford, Inc.*, 26 F.3d

570, 571 (5th Cir.1994); *Lawrence v. Hinton*, 937 F.2d 603 (4th Cir.1991); *O'Brien v. City of*

*Greers Ferry*, 873 F.2d 1115, 1120. [22]

---

[22] Although not cited by the Parties, the Court is aware that in *Jordan v. Time Inc.*, 111 F. 3d 102 (11th Cir. 1997) the Eleventh Circuit awarded Rule 68 post-offer attorneys' fees to a Defendant. That case however is distinguishable from the case at bar. In *Jordan*, which was a copyright infringement action, the Court determined that the underlying substantive statute defined costs as including  attorneys' fees, unlike as discussed above, in the instant case, where the FLSA defines attorneys fees as separate from costs. In *Utility Automation 2000. Inc. v. Choctawhatchee Electric Cooperative*, Inc., 298 F.3d 1238 (11th Cir. 2002), the Eleventh Circuit expressly declined to apply *Jordan* to a cause of action where costs were not defined as including attorneys' fees.

Moreover, the *Jordan* decision has been criticized by other circuits because, despite the plaintiff in that action obtaining a less favorable judgment than the offer of judgment, the Defendant none the less was not a prevailing party under any of the statutes at issue, and thus arguably was not entitled to recover attorneys' fees. See *Champion Produce Inc., v. Ruby Robinson Co.*, Inc., 342 F. 3d 1016 (9th Cir. 1003); *Harbor Motor Company, Inc. v. Arnell Chevrolet–Geo, Inc.*, 265 F.3d 638 (7th Cir. 2001); *Poteete v. Capital Engineering, Inc.*, 185 F.3d 804, 807 (7th Cir.1999); Tunison v. Continental Airlines Corp., Inc., 162 F.3d 1187, 1190 (D.C.Cir.1998); *United States v. Trident Seafoods Corp.*, 92 F.3d 855 (9th Cir.1996); *E.E.O.C. v. Bailey Ford, Inc.*, 26 F.3d 570, 571 (5th Cir. 1994); *Lawrence v. Hinton*, 937 F.2d 603 (4th Cir. 1991); *O'Brien v. City of Greers Ferry*, 873 F.2d 1115, 1120 (8th Cir. 1989); *Crossman v. Marcoccio*, 806 F.2d 329, 333–334 (1st Cir. 1986); *Bruce v. Weekly World News, Inc.*, 203 F.R.D. 51, 56 (criticizing *Jordan* for interpreting "Rule 68 as providing a substantive gloss on the provisions of the Copyright Act," and "virtually compel[ling] copyright plaintiffs ... to accept an Offer of Judgment no matter how meritorious may be their case, for fear of resulting exposure to what are often, as here, substantial claims of attorneys' fees"). Obviously, this Court is bound to follow the narrow holding of *Jordan;* however, the above criticisms lend support to the conclusion that *Jordan* should not be extended to

Further, even though the Defendants are entitled to recover their costs under Rule 68, that right does not convert the Defendants into a prevailing plaintiff for purposes of obtaining attorneys' fees, despite the Defendants' argument to the contrary.  The FLSA requires a court to award  attorneys' fees to a prevailing Plaintiff. 29 U.S.C. § 216 (b) (stating the court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action). Thus, because the Defendants cannot possibly be considered "prevailing plaintiffs" in this action, they are not entitled to the mandatory fee award under the FLSA.

The Court also notes that in their original Motion for Attorneys' fees, the Defendants at least implicitly concede that they are not entitled to recover their attorneys' fees under Rule 68.  Yet, in the Renewed Motion for Attorneys' fees and their Reply to that Motion, the Defendants seemingly retract from their earlier position by failing to restate that concession in either of those filings (DE ## 169, 173).

Regardless of the position that the Defendants now take related to whether they are entitled to recover attorneys' fees pursuant to Rule 68, the undersigned concludes that based upon Rule 68, the provisions of the FLSA, and the applicable case law, that the Defendants' are not entitled to recoup their attorneys fees pursuant to that Rule.

In addition, in *Parkes v. Hall*, 906 F.2d 658 (11th Cir. 1990), the Eleventh Circuit held that under Rule 68 offer of judgment cost shifting provisions, the costs that a defendant is entitled to are limited to those costs available under § 1920.  Specifically, the Court stated, "the costs which are subject to the cost-shifting provisions of Rule 68

---

apply to cases brought under the FLSA.

are those enumerated in 28 U.S.C. § 1920, unless the substantive law applicable to the particular cause of action expands the general §1920 definition." *Id.* at 660.  It is clear that attorneys' fees are not costs under § 1920, and the FLSA does not expand the definition of costs; and, thus the Defendants cannot recover attorneys' fees, as such.

Finally, although in *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541 (11th Cir. 1985), the Eleventh Circuit indicated that a prevailing FLSA defendant might be entitled to recover his attorneys' fees where a court found that an FLSA plaintiff had litigated in a bad faith, vexatiously, wantonly manner or filed the suit for oppressive reasons, such an award arises from the Court's inherent power to assess attorneys' fees, which is discussed below, and is not based upon the Rule 68 cost-shifting provisions.

In sum, the Defendants are not entitled to recover their attorneys' fees pursuant to Rule 68.

2.      The Other Grounds for Sanctions Upon Which the
        Defendants Rely Have Already Been Denied by this Court

The issues raised by the Defendants requesting the imposition of sanctions pursuant to Rule 11 and 28 U.S.C. § 1927, related to the conduct of Plaintiff's Counsel during the course of this litigation have already been determined by this Court and affirmed by the Eleventh Circuit Court of Appeals.  Accordingly these same claims cannot serve as a basis for awarding the Defendants' attorneys' fees and costs.

In this regard, although the Defendants are correct that the Court's Order denying the Defendants' Motions for Judgment of Dismissal and Sanctions (DE # 132) did not rule on the Rule 68 issues, the Order did definitively rule on any claims raised by the Defendants which sought sanctions or an award of attorneys' fees based upon Federal

Rule of Civil Procedure 11 or 28 U.S.C. § 1927.[23]  In addition, although the Defendants are correct that the Court's Order Abating the Parties' Motions for Attorneys' Fees Pending Resolution of Appeal (DE # 163), permitted the Parties to refile their Motions seeking attorneys' fees upon the resolution of the cross-appeals, that Order did not reopen the door for the Defendants to relitigate the issues related to sanctions, which was the very issue on appeal to the Eleventh Circuit.  Rather, those Orders contemplated that the Parties could still pursue claims related to costs and attorneys' fees predicated upon FLSA entitlement and/or Rule 68's cost-shifting provisions.  Thus, to the extent that the Defendants seek to relitigate sanctions issues, their Motion must be denied.[24]

Simply put, the Defendants are not entitled to recover their attorneys' fees incurred in litigating this action.

---

[23] The Court's March 31, 2009 Order, stated, in relevant part,

In addition, Defendants describe their settlement efforts and offers of judgment that were rejected.  The motion does not, however, analyze any claim for recovery under Federal Rule of Civil Procedure 68, which governs offers of judgment; and, any such analysis would be premature since a final judgment has not yet been entered.  Thus, the argument regarding the offers of judgment is considered only in connection with the other bases upon which sanctions are sought; to the extent that the motion is seeking a separate recovery under this provision, the motion is denied without prejudice as premature.

[24]   Even if the Court were to reconsider the previous denial of sanctions, the same result would be reached for the reasons state in the prior Order. The Court finds that the Defendants reliance on *Trina Carlson v. Marc E. Bosem*, 04-61004-CIV-ZLOCH, for support of their arguments that they are entitled to recover attorneys' fees is unavailing.  Although in *Carlson* the Court examined whether an FLSA attorney should have to pay opposing counsel's attorneys' fees pursuant to 28 U.S.C. § 1927, the Court found that the proceedings were unnecessarily multiplied due to the contentious nature of both of the litigants' counsel, and thus ultimately determined that the court would not award sanctions to the defendants.  The undersigned reaches a similar conclusion in this case.  Thus, the determination that sanctions which award the Defendants attorneys' fees are not appropriate in this case is wholly consistent with the *Carlson* holding.  Accordingly, *Carlson* does not alter the Court's determination that the Defendants are not entitled to recover their attorneys' fees in this action.

## VII. <u>CONCLUSION</u>

Based upon the foregoing, and an entire review of the record, it is hereby

**ORDERED and ADJUDGED** that Plaintiffs' Re-Filed and Verified Motion for

Attorney Fees and Costs (DE # 175) is **GRANTED IN PART AND DENIED IN PART**.

The Plaintiffs are awarded of attorneys' fees in the amount of $19,123.35 and costs in the

amount of $1,072.00, for a total award in fees and costs of $20,195.35.  It is further

**ORDERED and ADJUDGED** that the Defendants' Renewed Motion for

Attorneys' Fees (DE # 169) is **GRANTED IN PART AND DENIED IN PART**.  The

Defendants are entitled to recover their costs incurred after June 8, 2007, for litigating

this matter, in the amount of $809.18.

**DONE AND ORDERED** in chambers, in Miami, Florida, on September 30, 2011.

_Andrea M. Simonton_
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
All counsel of record via CM/ECF