UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  07-20129-CIV-HUCK/SIMONTON
<u>CONSENT CASE</u>

CARLOS BRANDT and
ORESTES LOPEZ,

    Plaintiffs,

v.

MAGNIFICENT QUALITY FLORALS
CORP. and MOISES SANCHEZ,

    Defendants.
                                     /

<u>ORDER DENYING DEFENDANTS'
MOTION FOR REHEARING</u>

      **Presently pending before the Court is Defendants' Motion for Rehearing Re: Order on Plaintiffs' Refiled and Verified Motion for Attorney Fees and Defendants' Renewed Motion for Attorneys' Fees and Costs (DE # 187).  For the reasons stated below, the Motion for Rehearing is DENIED.**

      **Plaintiffs Carlos Brandt and Orestes Lopez filed this lawsuit against Defendants Magnificent Quality Florals Corporation and Moises Sanchez to recover overtime wages allegedly owed to them pursuant to the Fair Labor Standards Act.  Following a jury trial, the jury returned a verdict which found that Plaintiff Brandt worked a total of 18 hours of overtime, and that Plaintiff Lopez did not work any hours of overtime.  The jury also found that Plaintiff Brandt had failed to prove that the Defendants either knew or showed reckless disregard for the matter of whether their conduct was prohibited by the Fair Labor Standards Act.[1]**

---

[1] **The facts of this case are set forth more fully in this Court's September 30, 2011 Order on the Parties' Motions for Attorney Fees and thus are not restated in this Order (DE # 185).**

After the Eleventh Circuit Court of Appeals denied the Parties' cross-appeals challenging this Court's post-judgment rulings, the undersigned granted Plaintiff Brandt $20,123.35 in attorneys' fees and costs incurred in litigating this matter (DE # 185). In the Motion at bar, the Defendants request that this Court "reconsider, and significantly reduce or eliminate, the amount of attorneys' fees awarded to Plaintiff Brandt." (DE # 187 at 1).

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F.Supp. 1561, 1563 (S.D. Fla. 1992)(citations omitted). In addition, a court's reconsideration of a prior order is an extraordinary remedy and exercise of this power must be used sparingly. *Burger King Corp.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citations omitted). When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision the was based. *Van Harlingen v. City of Dunedin*, 1992 WL 161064 (M.D. Fla. June 29, 1992), *citing Kuenz v. Goodyear Tire & Rubber Co.*, 617 F.Supp. 11, 14 (N.D. Ohio 1985). Thus, a motion for reconsideration is appropriate where the "Court has patently misunderstood a party, or has made a decision outside of the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension ....Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp.2d at 1369 (S.D. Fla. 2002)(citing *Z.K. Marine Inc.*, 808 F.Supp. at 1563). Courts generally have found that there are three grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Voter*

*Verified, Inc., v. Election Systems & Software, Inc.,* 2001 WL 3862450 *2 (M.D. Fla. Aug. 31, 2011) citing *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d at 1370.

In the instant Motion, the Defendants have failed to establish that the Court should reconsider its Order based upon an intervening change in controlling law, the availability of new evidence, or to correct clear error or prevent manifest injustice. The Court considered the matter raised in the Motion for Rehearing in ruling on the underlying Motions.

Therefore, it is hereby

**ORDERED and ADJUDGED** that Defendants' Motion for Rehearing Re: Order on Plaintiffs' Refiled and Verified Motion for Attorney Fees and Defendants' Renewed Motion for Attorneys' Fees and Costs (DE # 187) which seeks reconsideration of this Court's September 30, 2011 Order which awarded Attorney Fees and Costs is **DENIED**.

**DONE AND ORDERED** in chambers, in Miami, Florida, on November 1, 2011.

*Andrea M. Simonton*
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
All counsel of record via CM/ECF