UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  07-20129-CIV-SIMONTON
CONSENT CASE

CARLOS BRANDT and
ORESTES LOPEZ,

 Plaintiffs,

v.
MAGNIFICENT QUALITY FLORALS
CORP. and MOISES SANCHEZ,

 Defendants.
_____/

ORDER GRANTING PLAINTIFF'S MOTION
TO DISBURSE GARNISHED FUNDS

 This matter is before the Court upon the Plaintiff's Motion to Disburse Garnished Funds (DE # 216).  The Defendants have failed to file a response to the Motion and the time for doing so has elapsed.

 This matter involves claims brought by Plaintiff Carlos Brandt against Defendants Magnificent Quality Florals Corporation and Moises Sanchez to recover overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, "FLSA".  Following a jury verdict in favor of Plaintiff Brandt, the Court entered Final Judgment in favor of Plaintiff Brandt in the amount of $1,208.52, reflecting $604.26 in overtime wages and $604.26 in liquidated damages (DE ## 101, 134).[1]  Thereafter, attorney's fees and costs were awarded to Plaintiff Brandt against the Defendants in the amount of $20,195.35 (DE # 185).

 In an attempt to collect on the sums owed by the Defendants to Plaintiff Brandt,

---

[1] The jury returned a verdict in favor of Defendants Magnificent Quality Florals Corp. and Moises Sanchez against Plaintiff Orestes Lopez and thus Final Judgment was entered in favor of the Defendants as to Mr. Lopez (DE ## 100, 134).

the Plaintiff sought and was granted a Writ of Garnishment for an account held by Moises Sanchez and/or Magnificent Quality Florals, Corp., at Wells Fargo Bank (DE ## 194, 195).  Defendant Sanchez then sought to have the Writ dissolved based upon certain exemptions under Florida law.  After an evidentiary hearing, the Court denied Defendant Moises Sanchez's Claim for Exemption as the Head of Family, but granted the Defendant's request to limit the amount of that garnishment to 25% pursuant to Fla. Stat. § 222.11(2)(c), which limits the percentage of disposable earnings that may be garnished (DE # 212). The undersigned held that the Writ would be dissolved as to 75% of the amount held in the account and that the remaining 25% of the monies in that account, totaling $575.13, would remain subject to the Writ of Garnishment.

In the Motion at bar, the Plaintiff requests that the $575.13 that remains subject to the Writ be released to the Plaintiff's Attorney, as the Defendant has not claimed any exemption related to that sum of money. The undersigned construes the Motion as one seeking an entry of final judgment of garnishment and disbursement of funds pursuant to that final judgment.  For the following reasons, the undersigned concludes that final judgment shall be entered against Garnishee Wells Fargo and that the Plaintiff is entitled to obtain the $575.13 held by the Garnishee.

Federal Rule of Civil Procedure 69(a)(1) provides that the procedure for executing money judgments must accord with the procedure of the state where the court that issued the judgment is located.  Relevant for this proceeding, Fla. Stat. § 77.055 sets forth the notice requirements and procedures under Florida law necessary for the issuance of a writ of garnishment to a third party as a garnishee, and also sets forth the debtors' rights related to such writs.  Further, Fla. Stat. § 77.083 provides that a judgment against the garnishee shall be entered on the garnishee's answer for the

amount of liability as disclosed by the garnishee's answer or trial.

In this case, Plaintiff complied with the notice requirements under the applicable Florida Statutes as confirmed at the evidentiary hearing on the Debtor's Verified Claim of Exemption and Motion to Dissolve Writ of Garnishment.  In addition, Garnishee Wells Fargo Bank has filed an answer to the Writ and the proper amount subject to garnishment held by the garnishee has been determined by the undersigned.  Accordingly, entry of final judgment in garnishment against Wells Fargo Bank is appropriate.

Further, as stated above, Defendants have not filed an opposition to the Motion to Disburse Garnished Funds, and thus pursuant to Rule 7.1 (c) of the Local Rules for the Southern District of Florida, the Motion may be granted by default.  In addition, the Defendant has not asserted that the $575.13 sum sought by the Plaintiff is exempt from garnishment or should not be released for any other reason. Thus, Plaintiff's Motion to Disburse shall be granted.

Therefore, it is hereby

**ORDERED and ADJUDGED** that Final Judgment in Garnishment in the amount of $575.13 will be entered by way of separate order in favor of Plaintiff Carlos Brandt and against Garnishee Wells Fargo Bank for the account held by Moises Sanchez and Quismet Fernandez-Sanchez ending in the digits "5467".   It is further

**ORDERED and ADJUDGED** that the Plaintiff's Motion to Disburse Garnished Funds (DE # 216) is **GRANTED.**  Garnishee Wells Fargo Bank shall release the $575.13, subject to the Writ of Garnishment issued against Wells Fargo Bank for the account held by Moises Sanchez and Quismet Fernandez-Sanchez ending in the digits "5467," to the Plaintiff's attorney of record, J.H. Zidell P.A. Client Trust Account within fourteen (14)

days of this Order.

**DONE AND ORDERED** in chambers, in Miami, Florida, on August 6th, 2013.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished to:**
**All counsel of record via CM/ECF**